Nicole Lewis (State Bar No. 217237)
Rebecca Evans (PHV, UT #16846)
**LawHQ, LLC**
299 S. Main St. #1300
Salt Lake City, UT 84111
Phone: (385) 285-1090 ext. 30007
nicole.lewis@lawhq.com
rebecca@lawhq.com

*Attorneys for Plaintiffs William Cain*
*and 318 other Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **William Cain, et al,** | Civil Case No.: 5:20-cv-00697-BLF |
| Plaintiffs, | **SECOND AMENDED COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| **Porch.com Inc.,** a Delaware corporation; **GoSmith Inc.** a Delaware corporation; **Brenton Marrelli**, CEO and co-founder of GoSmith Inc., in his individual capacity; and **Darwin Widjaja,** CTO and co-founder of GoSmith Inc. and VP of Porch.com Inc., in his individual capacity, | |
| Defendants | |

Pursuant to the Order of the Court [Dkt. #69], Plaintiffs respectfully file this Second Amended Complaint.

Through this amendment, Plaintiffs seek to clarify their allegations and pleadings. Defendant Ehrlichman has been removed from these pleadings. Each of the Plaintiffs has presented individualized and particular claims, based on each Plaintiff's records and recollections. Thirteen of the original Plaintiffs have been removed. Plaintiffs therefore respectfully submit this Second Amended Complaint as ordered by the Court. *See* Dkt. #69.

**Introduction**

William Cain and 318 other individuals ("Plaintiffs") bring this action seeking to enforce Plaintiffs' rights to privacy under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.  See *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

GoSmith Inc, Porch.com Inc, Darwin Widjaja, and Brenton Marrelli ("Defendants") have blatantly violated the TCPA by using an automatic telephone dialing system, or "ATDS", to send telemarketing text messages and phone calls to Plaintiffs' cellular telephone numbers for the purposes of selling leads to home improvement contractors. Further violating the TCPA, Defendants sent text messages and phone calls to Plaintiffs despite Plaintiffs' presence on the National Do Not Call Registry and without instituting procedures that meet the minimum standards required by 47 U.S.C. § 227 for telemarketing.

Plaintiffs have standing under the TCPA to bring this action before the Court, which Plaintiffs now do, and respectfully request relief. The following is true, upon information and belief, and as reported by each Plaintiff.

**I.    Parties**

1.    There are 319 Plaintiffs in this lawsuit, each of whom is a "person" as defined by 47 U.S.C. § 153(39). *See* Exhibit A for a full list of Plaintiffs' names, as well as their county and state of residence.

2.    Defendant GoSmith, Inc. ("GoSmith") is a Delaware corporation with its principal place of business at 1250 Borregas Ave, Sunnyvale, CA 94089.

3.    Defendant Porch.com ("Porch.com") is a Delaware corporation with its principal place of business at 2201 1st Ave. S. Seattle, WA 98134.

4.    Defendant Brenton Marrelli ("Marrelli") is a "person" as defined by 47 U.S.C. § 153 (39) and is a resident of San Mateo County, California.

5.    Defendant Darwin Widjaja ("Widjaja") is a "person" as defined by 47 U.S.C. § 153 (39) and is a resident of Alameda County, California.

## II.    Jurisdiction and Venue

6.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute.

7.    Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and Defendants' contacts with this District are sufficient to subject them to personal jurisdiction. *See* 28 U.S.C. § 1391.

8.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, as GoSmith is the entity sending the text messages and is located in this District.

## III.   Statement of Facts Common to All Claims

9.    The business model of GoSmith and Porch.com is to sell leads and advertising services to home improvement contractors. The leads that GoSmith and Porch.com sell are of people looking for help with services such as painting, landscaping, plumbing, etc. GoSmith and Porch.com also market aggressively to contractors in order to sell them prominent advertising on Defendants' online platforms.

10.    Starting around August 2012 until 2019, GoSmith developed and engaged in massive programmatic web crawls, "scraping" the web for customer reviews that listed contact information for possible home improvement and repair contractors. GoSmith scraped the websites of Yelp.com, YellowPages.com, BBB.org, and other similar web pages, obtaining the information of over ten million individuals nationwide without the individuals' knowledge or consent.

11.    Each time GoSmith scraped a new individual's personally identifying information, GoSmith stored that information in GoSmith's own database. This included the name of a business, the individual's home address (including city, state, and zip code), the individual's cell phone number, the potential category of services the individual supposedly provided, **the exact**

**third- party URL where GoSmith obtained the information, the date the information was first obtained,** and more. *See e.g.* Exhibit B.

12. When storing the information, GoSmith generated a unique ProviderID for each individual. The ProviderID increased sequentially for each new individual that GoSmith stored in its database (e.g. 11401, 11402, 11403, 11404, etc). Thus, GoSmith used a sequential number generator to *store* each phone number and associated information for each individual.

13. GoSmith then sent automated text messages to the individual's mobile phone number.

14. Reverse phone number lookups on the text messages show that GoSmith used Sprint Business, Bandwidth, and other similar telephone providers to send the text messages.

15. Sprint Business and Bandwidth allow users to send text messages via an API (customizable code) so that text messages can be sent automatically with software or a computer program. In fact, with Bandwidth, the only way to send text messages is using their API and online cloud infrastructure.

16. The messages GoSmith sent to Plaintiffs usually said: "[Name] is wanting [service] in [city]. You have 1st priority. Reply 1 if interested, 3 if not."

17. Here are some examples of text messages GoSmith sent to Plaintiff William Cain:




18.    The manner in which GoSmith wrote and responded to the messages show that an automated system—and not a human—sent, processed, and responded to the messages.

19.    A human who manually sends and responds to a text message conversation does not tell someone "Reply 1 if interested, 3 if not." Rather, these numbers are codes for an automated system to receive a response, interpret the message, and automatically respond.

20.    Here are just a few examples of text messages from GoSmith showing that when contractors respond with a question or try to have a conversation, nobody responds:

 

21.    The following is another example of an individual who received five of the exact same text messages from GoSmith, all from different phone numbers, within a 7 minute time span. This clearly is an automated system gone awry:



22.   All of this indicates that GoSmith (i) stored phone numbers to be dialed in GoSmith's database, (ii) coded their system to integrate with telephone providers such as Bandwidth and others that allow for programmatic and automatic text messaging, and (iii) then sent automated text messages at scale to the stored numbers. Thus, GoSmith knowingly and willfully sent the text messages using an automatic telephone dialing system.

23.   None of the text message calls included the name of the person sending the text message, the name of the company sending the text messages, nor the phone number or address where the company could be contacted. In fact, in situations where Plaintiffs asked who was sending the text messages, nobody responded.

24.   In addition, if any of the Plaintiffs replied asking for information or indicated interest to try to determine who was sending the texts, Plaintiffs were bombarded with calls placed by an autodialer. The calls would then be transferred to a live salesperson who would attempt to sell each Plaintiff GoSmith's leads and/or Porch's services. Many Plaintiffs received more than two sales calls per day, in addition to the numerous text messages they received each week. Attempts to stop the calls and be removed from GoSmith's calling list failed, indicating that GoSmith did not have, or did not follow, internal do not call procedures.

25.   At no time did Plaintiffs provide their phone number or information to GoSmith or any of the other Defendants. Plaintiffs never consented, in any form, to receive the solicitations Defendants initiated, whether they were automated text messages, automated calls, telemarketing calls, or any other form of marketing.

26.   Many Plaintiffs reported receiving email spam from Defendants as well.

27.   Because GoSmith obtained Plaintiffs' information by scraping third party websites, it is impossible that GoSmith or the other Defendants can say they relied on Plaintiffs' websites or other marketing materials to construe that Plaintiffs somehow gave GoSmith or the other Defendants consent for solicitations.

28.     The website links included in the text messages directed contractors to gosmith.com. Here are two examples. The first is from Plaintiff George Peterson and the second is from Plaintiff Richard Farnsworth.



29.     Also, many text messages contained URLS such as  www.smithjobs-2.com. These were custom URLs that redirected to gosmith.com when clicked, and allowed GoSmith to track the behavior and activity of the individuals GoSmith was text messaging.

30.     The WHOIS domain information for smithjobs-2.com shows the registrant name as Darwin Widjaja and registrant email as darwin@gosmith.com. This shows Widjaja was involved in the technological set up and administration of these telemarketing campaigns.

31.     The domain gosmith.com is owned and controlled by GoSmith and was GoSmith's website until GoSmith shut it down January 31, 2020. All of this indicates that the text messages were sent by GoSmith.

32.     When an individual clicked any of the URLs to view a lead, the individual was required to purchase credits to receive the lead information.

33.     Also, if Plaintiffs asked GoSmith for more information by responding "2", GoSmith sent this message: "Our system runs on appointment credits, 1 credit is $8. We guarantee a connection with the homeowner or we'll refund your credits. Reply 1 to get started."

34.    This indicates that GoSmith was selling leads, not merely giving them away. The text messages were business solicitations and constitute telemarketing.

35.    None of the text messages asked Plaintiffs if they wanted to come work for Defendants or offered Plaintiffs employment at GoSmith or Porch.com. They were not messages regarding employment or job opportunities.

36.    Marrelli is the co-founder, CEO, and "Governor" of GoSmith and personally created, set up, ran, and oversaw GoSmith's marketing from its inception. In a declaration filed in August 2017 Marrelli stated: "I am the Chief Executive Officer ('CEO') of GoSmith, Inc. ('GoSmith'), and I have held this position since January 2017.  In my role as CEO of GoSmith, *I am involved in nearly every facet of GoSmith's operations* and have comprehensive personal knowledge of GoSmith's business model and internet operations." Declaration of Brenton Marrelli in Support of Defendant GoSmith, Inc.'s Motion to Compel Arbitration in *Rojas v. GoSmith, Inc.*, (N.D. Ind. 2017), 17-cv-00281, Dkt. 16-2, ¶ 2 (emphasis added) (attached hereto as Exhibit  C).

37.    Widjaja is the co-founder of GoSmith, and personally created, set up, ran, and oversaw GoSmith's marketing from its inception. In a declaration filed October 2017 Widjaja stated: "I am the Chief Technology Office ('CTO') of GoSmith, Inc. ('GoSmith), and I have held this position since January 2017. In my role as CTO of GoSmith, *I am involved in nearly every facet of GoSmith's operations* and have comprehensive personal knowledge of GoSmith's business model and internet operations." Declaration of Darwin Widjaja in Support of Defendant GoSmith, Inc.'s Motion to Compel Arbitration in *La Force v. GoSmith, Inc.*, (N.D. Cal. 2017), 4:17-CV-05101, Dkt. 16-1, ¶ 2 (emphasis added) (attached hereto as Exhibit  D).

38.    On LinkedIn, Marrelli lists himself as the CEO of GoSmith (2012 - Present), and Widjaja lists himself as the CTO of GoSmith (2012 - Present). *See* https://www.linkedin.com/in/brentonmarrelli/ and https://www.linkedin.com/in/darwinwidjaja/, last accessed on January 30, 2020 2:25 p.m. MST.

39.     Widjaja shares on his LinkedIn profile that: "My co-founder [Marrelli] and I bootstrapped the company and in 5 years, we were able to grow the service to cover nationwide and reaching [sic] $10M in annual revenue. Prior to an acquisition by Porch.com in January 2017, I was building and managing a team of engineers, designer [sic] and customer success managers." *See* https://www.linkedin.com/in/darwinwidjaja/, last accessed on January 30, 2020 2:25 p.m. MST.

40.     Marrelli and Widjaja, as the co-founders and CEO/CTO of GoSmith, have been directly involved in the strategy, approval, set up, and execution of the telemarketing campaigns referenced in this complaint which have violated the TCPA.

41.     After Porch.com acquired GoSmith in January 2017, GoSmith became a wholly-owned subsidiary of Porch.com.

42.     GoSmith's foreign business filing in Washington shows Marrelli is GoSmith's Governor.

43.     Marrelli and Widjaja have been actual participants in these TCPA torts because they have personally authorized, overseen, and directed the illegal telemarketing. Each of them is therefore personally liable as tort participants.

44.     In the past three years, GoSmith has been sued 10 times for TCPA violations. In each lawsuit, Marrelli and Widjaja were given actual and constructive notice that GoSmith's telemarketing was problematic and illegal, yet they defended and continued to authorize GoSmith's telemarketing. Both officers have explicitly and implicitly authorized and engaged in the illegal telemarketing and they are each personally liable as tort participants.

45.     In addition to Marrelli and Widjaja personal liability as tort participants, Porch.com is also liable due to its participation in the illegal marketing.

46.     Porch.com has intentionally used the corporate form to prevent Porch.com from being liable for illegal telemarketing. Treating Porch.com and GoSmith as a single corporation is necessary to avoid the injustice which would result from treating them as distinct entities,

especially since GoSmith was effectively dissolved the last day of January, 2020 and no longer exists.

47.   In 2017, after Porch.com acquired GoSmith, Plaintiffs began receiving sales calls asking them to purchase advertising and pay to be a listed home services individual with Porch.com's platform.

48.   GoSmith is the alter ego of Porch.com and therefore Porch.com is liable for GoSmith's illegal text messages.

49.   Such a unity of ownership and interest exists between GoSmith and Porch.com that the separate corporations of GoSmith and Porch.com no longer existed when GoSmith was dissolved in January 2020.  This is evidenced by following facts:

    i.   GoSmith is inadequately capitalized. GoSmith intentionally and wilfully exposed itself to hundreds of millions of dollars in TCPA violations with no sufficient means to pay for these liabilities. GoSmith closed its doors at the end of January 2020, and now has few to no assets.

    ii.   GoSmith and Porch.com have commingled their assets. Here are six examples of their commingling:

        i.   First, at https://forum.nachi.org/t/porch-gosmith/120546, a user named Vince Del Fine reported in December 2017: "I received a lead from both [Porch.com and GoSmith] and it's the same client. Not the first time either." To this, another user named Frank Rotte responded, "I believe they are one in [sic] the same. I signed up with Porch as a client looking for a home inspection, and received a text from Smith, as the inspector, asking if I was interested in the job." *Id.*

        ii.   Second, GoSmith's website showed detailed information regarding the leads GoSmith was texting to contractors, including the source of each lead. Virtually all of the leads since January 2017—when Porch.com acquired GoSmith—show the source of the leads as: "PorchSharedLeads."

In other words, in an effort to find contractors for Porch.com's leads, Porch.com used GoSmith to send text messages to contractors nationwide. *See* Exhibit E.

iii.   Third, at the end of January 2020 when GoSmith was winding down, GoSmith sent text messages to contractors informing the contractors that their info would be automatically migrated to Porch.com:



iv.   Fourth, if a contractor clicked the URLs in any of GoSmith's text messages during the last week of January 2020, the contractor was automatically logged into an online dashboard on GoSmith.com, and saw this message:



v.   Fifth, the data that loaded behind the scenes when accessing the contractor dashboard showed that GoSmith saved multiple fields of data for each

contractor, including these two fields: The first was called "PorchMigrationState," which indicated whether GoSmith had migrated the contractor to Porch.com. The second was called "PorchCompanyID," which referenced the company id that Porch.com used for that contractor. *See* Exhibit B.

vi.   Sixth, many of the text messages GoSmith sent came from numbers such as 650-250-7911 and 650-250-7913. CNAM is an authoritative database that the phone companies use to identify the entity or person behind a telephone number. A CNAM lookup on these numbers returns the name "Porchcom Inc." In other words, GoSmith and Porch.com shared the same phone numbers to send text messages to contractors and/or GoSmith has merged its phone numbers and infrastructure into Porch.com.

iii.   GoSmith has been the mere instrumentality of Porch.com for a single venture. This is readily seen in the examples above regarding commingling of assets. Porch.com used GoSmith to expand its contractor network, and GoSmith funneled their enormous database of contractors' personal and business information to Porch.com. The purpose of this single venture was to build a massive network of contractors nationwide for Porch.com.

iv.   Porch.com has used GoSmith as a subterfuge for illegal transactions. The text messages GoSmith sent violate the TCPA. After 10 TCPA class actions have been brought against GoSmith in the last three years, Porch.com clearly had actual and/or constructive knowledge that GoSmith's telemarketing was illegal. But Porch.com continued to intentionally abuse the corporate form and spam contractors through GoSmith because doing so allowed Porch.com to escape the legal consequences of their actions and evade the legal duty not to violate the TCPA. These acts were taken by GoSmith in the interest of Porch.com rather than in GoSmith's own interest.

v.    Porch.com and GoSmith have identical officers. On LinkedIn, Widjaja not only lists himself as the CTO of GoSmith but also as a VP of Porch.com.

vi.   Both Porch.com and GoSmith employ attorneys from Manatt, Phelps & Phillips, LLP.

50.   Porch.com has had actual and/or constructive knowledge of GoSmith's blatant TCPA violations. Porch.com has allowed GoSmith to continue to spam because of the benefit to Porch.com's own service provider network. Porch's conduct has clearly been in bad faith. To allow Porch.com to hide behind GoSmith's corporate veil would be unfair, unjust, inequitable, and would prevent Plaintiffs from obtaining any meaningful remedy because GoSmith has shut down, has transferred its assets to Porch.com, and now has few-to-no assets

51.   In addition to alter ego liability, Porch.com is also vicariously liable for text messages and calls that GoSmith placed seeking buyers for Porch.com's leads and advertising. In sending these text messages and placing those calls, GoSmith was the agent of Porch.com via actual authority and ratification.

52.   Porch.com acquired GoSmith in 2017 and then integrated their two systems such that Porch.com would send its leads to GoSmith, and have GoSmith send out text messages seeking to find buyers for these leads. Clearly, GoSmith reasonably believed that Porch.com wanted GoSmith to solicit buyers for each of these new leads, otherwise Porch.com wouldn't have sent GoSmith its leads and integrated their two systems. Thus GoSmith had actual authority to act on behalf of Porch.com.

53.   Even in the virtually impossible event there wasn't actual authority, there was ratification. GoSmith was sued 10 times in the past three years while Marrelli was the CEO of GoSmith and while Widjaja was the CTO of GoSmith and the VP of Porch.com. This is an externally observable indication that Porch.com had actual knowledge of material facts regarding GoSmith's telemarketing, and Porch.com chose to accept the benefits of GoSmith's acts by continuing to send leads to GoSmith for GoSmith to then send text messages seeking contractors for these leads.

54.   In the unlikely event Porch.com was aware of the GoSmith lawsuits but chose to be unaware of the material facts regarding GoSmith's telemarketing, Porch.com was willfully ignorant of GoSmith's telemarketing, and thus ratified GoSmith's telemarketing.

55.   By sending thousands of text messages and placing thousands of calls to Plaintiffs, Defendants harmed Plaintiffs in the exact way that Congress sought to prevent by enacting the TCPA.

56.   Plaintiffs have suffered lost time, an annoyance, a nuisance, and an invasion of privacy because of the text messages and calls.

## IV.   Statement of Individualized Facts & Claims

57.   William Cain personally owns and uses the cellular phone number xxx-xxx-5566. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Cain's original Complaint was filed), GoSmith sent Cain at least 31 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Cain seeks an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Cain seeks an amount not less than $15,500 for at least 31 negligent violations of 47 U.S.C. 227(b), and $15,500 for at least 31 negligent violations of 47 U.S.C. 227(c).

58.   Jesse Bird personally owns and uses the cellular phone number xxx-xxx-7386. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Bird's original Complaint was filed), GoSmith sent Bird at least 2 telemarketing text messages per week, sometimes more. The telemarketing messages were always for construction or maintenance-type jobs. However, Bird is an information technology specialist. Bird repeatedly informed GoSmith that he worked in computer repairs, asked why they kept

contacting him, and repeatedly asked GoSmith to stop bothering him and to put his number on their internal Do Not Call list. The telemarketing texts kept coming. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Bird seeks an amount not less than $432,000 for at least 288 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $432,000 for at least 288 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Bird seeks an amount not less than $144,000 for at least 288 negligent violations of 47 U.S.C. 227(b), and $144,000 for at least 288 negligent violations of 47 U.S.C. 227(c).

59.    Erik Buj personally owns and uses the cellular phone number xxx-xxx-4423. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Buj's original Complaint was filed), GoSmith and/or Porch sent Buj at least 1-2 telemarketing text messages per day at this number. They have continued to send Buj messages at this number even after the filing of this suit. GoSmith and Porch knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith and Porch knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Buj seeks an amount not less than $3,135,000 for at least 2,090 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $3,135,000 for at least 2,090 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Buj seeks an amount not less than $1,045,000 for at least 2,090 negligent violations of 47 U.S.C. 227(b), and $1,045,000 for at least 2,090 negligent violations of 47 U.S.C. 227(c).

60.    Sean Clarke personally owns and uses the cellular phone number xxx-xxx-0684. This number is a residential telephone subscription. On 10/26/2018, Clarke registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Clarke's original Complaint was filed), GoSmith sent Clarke at least 16 telemarketing text

1   messages at this number.  Clarke received several text messages a day initially, with a pause of

2   about a week, and then renewed messages the following week. Out of frustration, Clarke signed

3   up for the Do Not Call Registry, which seemed to have no effect. Clarke then began actively

4   reporting frequent spammers (several numbers which belonged to Defendants) to ftc.gov over a

5   period of 6-8 months. The number of Defendants' violations gradually declined in frequency

6   after he did so. GoSmith knowingly and willfully sent these text messages using an automatic

7   telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and

8   willfully sent these text messages without instituting procedures that meet the minimum

9   standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d).

10  Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and

11  willfully sent at least 2 text messages to Clarke within a 12-month period after Clarke was

12  registered on the National Do Not Call Registry, including but not limited to the period between

13  10/26/2018 and 10/26/2019. Clarke seeks an amount not less than $24,000 for at least 16

14  knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $24,000 for at

15  least 16 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Clarke seeks an

16  amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. 227(b), and $8,000

17  for at least 16 negligent violations of 47 U.S.C. 227(c).

18      61.   Nils Coleman personally owns and uses the cellular phone number xxx-xxx-7474.

19  This number is a residential telephone subscription. In the four years preceding 12/16/2019 (the

20  date Coleman's original Complaint was filed), GoSmith sent Coleman at least 104 telemarketing

21  text messages at this number. Coleman began receiving text messages, at the latest, by early

22  2018 and received at least one telemarketing text message per week. GoSmith knowingly and

23  willfully sent these text messages using an automatic telephone dialing system in violation of

24  47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without

25  instituting procedures that meet the minimum standards required for telemarketing in violation

26  of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Coleman seeks an amount not less than $156,000

27  for at least 104 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

$156,000 for at least 104 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Coleman seeks an amount not less than $52,000 for at least 104 negligent violations of 47 U.S.C. 227(b), and $52,000 for at least 104 negligent violations of 47 U.S.C. 227(c).

62.    Michael Compton personally owns and uses the cellular phone number xxx-xxx-7574. This number is a residential telephone subscription. On 05/21/2008, Compton registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Compton's original Complaint was filed), GoSmith sent Compton at least 26 telemarketing text messages at this number. Compton received at least 2 telemarketing solicitations from GoSmith each week, asking him to buy their leads, which he never did. Compton has two phone numbers registered to the same personal cell phone. The second number, xxx-xxx-5176, also received telemarketing texts sent by an autodialer from GoSmith, directed at Compton. Compton had registered this second number on the National Do Not Call Registry on 8/19/2015. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Compton within a 12-month period after Compton was registered on the National Do Not Call Registry, including but not limited to the period between 05/08/2017 and 05/08/2018. Compton seeks an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Compton seeks an amount not less than $13,000 for at least 26 negligent violations of 47 U.S.C. 227(b), and $13,000 for at least 26 negligent violations of 47 U.S.C. 227(c).

63.    Eugene "Rocky" Foister personally owns and uses the cellular phone number xxx-xxx-5188. This number is a residential telephone subscription. On 09/03/2015, Foister

1   registered this number on the National Do Not Call Registry. In the four years preceding

2   01/30/2020 (the date Foister's original Complaint was filed), GoSmith sent Foister, at this

3   number, thousands of telemarketing text messages. At various times, GoSmith sent as many as

4   15 text solicitations per week. GoSmith knowingly and willfully sent these text messages using

5   an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

6   knowingly and willfully sent these text messages without instituting procedures that meet the

7   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

8   64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

9   knowingly and willfully sent at least 2 text messages to Foister within a 12-month period after

10   Foister was registered on the National Do Not Call Registry, including but not limited to the

11   period between 01/30/2016 and 01/29/2017. Foister seeks an amount not less than $366,000 for

12   at least 244 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

13   $366,000 for at least 244 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

14   Foister seeks an amount not less than $122,000 for at least 244 negligent violations of 47

15   U.S.C. 227(b), and $122,000 for at least 244 negligent violations of 47 U.S.C. 227(c).

16        64.   Brian Fontaine personally owns and uses the cellular phone number xxx-xxx-1206.

17   This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

18   date Fontaine's original Complaint was filed), GoSmith sent Fontaine at least 98 telemarketing

19   text messages at this number, at least 2 solicitations per week. Fontaine complained to his wife

20   that the solicitations were very aggravating, and that he didn't know who was sending them. He

21   tried numerous times to stop the messages. Fontaine believes the telemarketing messages were

22   sent by an autodialer because no one responded to his requests that the sender identify itself.

23   Once, in order to discover the sender's identity, Fontaine selected the option to receive more

24   information. A live person called him back from another number and tried to sell him

25   GoSmith's leads. GoSmith knowingly and willfully sent these text messages using an automatic

26   telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and

27   willfully sent these text messages without instituting procedures that meet the minimum

standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Fontaine seeks an amount not less than $147,000 for at least 98 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $147,000 for at least 98 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Fontaine seeks an amount not less than $49,000 for at least 98 negligent violations of 47 U.S.C. 227(b), and $49,000 for at least 98 negligent violations of 47 U.S.C. 227(c).

65.    Watson Lee personally owns and uses the cellular phone number xxx-xxx-8448. This number is a residential telephone subscription. On 08/18/2005, Lee registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Lee's original Complaint was filed), GoSmith sent Lee at least 420 telemarketing text messages at this number, at least five times a week. The barrage of text messages caused Lee significant stress. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Lee within a 12-month period after Lee was registered on the National Do Not Call Registry, including but not limited to the period between 01/30/2016 and 01/29/2017. Lee seeks an amount not less than $630,000 for at least 420 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $630,000 for at least 420 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Lee seeks an amount not less than $210,000 for at least 420 negligent violations of 47 U.S.C. 227(b), and $210,000 for at least 420 negligent violations of 47 U.S.C. 227(c).

66.    Krystal McKinnie personally owns and uses the cellular phone number xxx-xxx-3547. This number is a residential telephone subscription. On 07/01/2011, McKinnie registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date McKinnie's original Complaint was filed), GoSmith sent McKinnie at least

135 telemarketing text messages at this number. McKinnie received texts from Defendants almost every day for months on end, to the point where she checked to make sure she was still on the Do Not Call Registry because the volume was so great. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to McKinnie within a 12-month period after McKinnie was registered on the National Do Not Call Registry, including but not limited to the period between 01/30/2016 and 01/29/2017. McKinnie seeks an amount not less than $202,500 for at least 135 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $202,500 for at least 135 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, McKinnie seeks an amount not less than $67,500 for at least 135 negligent violations of 47 U.S.C. 227(b), and $67,500 for at least 135 negligent violations of 47 U.S.C. 227(c).

67.     Gary Moore personally owns and uses the cellular phone number xxx-xxx-5904. This number is a residential telephone subscription. On 12/04/2005, Moore registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Moore's original Complaint was filed), GoSmith sent Moore at least 119 telemarketing text messages at this number, 2-3 times per week for about a year. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Moore within a 12-month period after Moore was registered on the National Do Not Call Registry, including but not limited to the period between 04/24/2017 and 07/11/2017. Moore seeks an amount not

1   less than $178,500 for at least 119 knowing and willful violations of 47 U.S.C. 227(b), and an

2   amount not less than $178,500 for at least 119 knowing and willful violations of 47 U.S.C.

3   227(c). Alternatively, Moore seeks an amount not less than $59,500 for at least 119 negligent

4   violations of 47 U.S.C. 227(b), and $59,500 for at least 119 negligent violations of 47 U.S.C.

5   227(c).

6          68.   Keith Nelson personally owns and uses the cellular phone number xxx-xxx-2706.

7   This number is a residential telephone subscription. On 07/11/2013, Nelson registered this

8   number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

9   Nelson's original Complaint was filed), GoSmith sent Nelson at least 38 telemarketing text

10  messages at this number. Nelson received 1-2 messages a week from GoSmith, telling him, for

11  example, that someone needed help painting or that they had clients who needed tile repaired.

12  He consistently replied 'STOP' but the messages kept coming. Nelson never paid for the leads

13  and continued trying to opt-out of the messages. GoSmith knowingly and willfully sent these

14  text messages using an automatic telephone dialing system in violation of 47 U.S.C.

15  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

16  procedures that meet the minimum standards required for telemarketing in violation of 47

17  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R.

18  64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Nelson within a

19  12-month period after Nelson was registered on the National Do Not Call Registry, including

20  but not limited to the period between 06/16/2017 and 06/16/2018. Nelson seeks an amount not

21  less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. 227(b), and an

22  amount not less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. 227(c).

23  Alternatively, Nelson seeks an amount not less than $19,000 for at least 38 negligent violations

24  of 47 U.S.C. 227(b), and $19,000 for at least 38 negligent violations of 47 U.S.C. 227(c).

25         69.   Carlos Perez personally owns and uses the cellular phone number xxx-xxx-4510.

26  This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

27  date Perez's original Complaint was filed), GoSmith sent Perez at least 155 telemarketing text

messages at this number and an unknown number of telemarketing calls, sometimes up to five times a day, all from local numbers and soliciting Perez to buy Porch's and/or GoSmith's services and to purchase leads or advertise through Defendants. Perez is unsure exactly how many calls he received, but found the daily harassment annoying and invasive and complained to his wife. The calls stopped suddenly one day. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Perez seeks an amount not less than $232,500 for at least 155 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $232,500 for at least 155 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Perez seeks an amount not less than $77,500 for at least 155 negligent violations of 47 U.S.C. 227(b), and $77,500 for at least 155 negligent violations of 47 U.S.C. 227(c).

70.    Jesse Seale personally owns and uses the cellular phone number xxx-xxx-6655. This number is a residential telephone subscription. In the four years preceding 12/16/2019 (the date Seale's original Complaint was filed), GoSmith sent Seale at least 400 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Seale seeks an amount not less than $600,000 for at least 400 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $600,000 for at least 400 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Seale seeks an amount not less than $200,000 for at least 400 negligent violations of 47 U.S.C. 227(b), and $200,000 for at least 400 negligent violations of 47 U.S.C. 227(c).

71.    Charles Shields personally owns and uses the cellular phone number xxx-xxx-7247. This number is a residential telephone subscription. In the four years preceding

01/30/2020 (the date Shields's original Complaint was filed), GoSmith sent Shields at least 144 telemarketing text messages at this number. Upon information and belief, the actual number of violations was much higher. Shields states that Defendants were 'aggravating me to death,' and that he received at least 4-5 telemarketing text solicitations per week for years. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Shields seeks an amount not less than $216,000 for at least 144 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $216,000 for at least 144 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Shields seeks an amount not less than $72,000 for at least 144 negligent violations of 47 U.S.C. 227(b), and $72,000 for at least 144 negligent violations of 47 U.S.C. 227(c).

72.    David Torres personally owns and uses the cellular phone number xxx-xxx-4832. This number is a residential telephone subscription. On 06/27/2005, Torres registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Torres's original Complaint was filed), GoSmith sent Torres at least 1,045 telemarketing text messages at this number, at the rate of 5-7 times per week, although Torres had been on the Do Not Call Registry for over 10 years before Defendants started contacting him. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Torres within a 12-month period after Torres was registered on the National Do Not Call Registry, including but not limited to the period between 01/30/2016 and 01/29/2017. Torres seeks an amount not less than $1,567,500 for at least 1,045 knowing and willful

violations of 47 U.S.C. 227(b), and an amount not less than $1,567,500 for at least 1,045 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Torres seeks an amount not less than $522,500 for at least 1,045 negligent violations of 47 U.S.C. 227(b), and $522,500 for at least 1,045 negligent violations of 47 U.S.C. 227(c).

73.    Amy Vogel personally owns and uses the cellular phone number xxx-xxx-6092. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Vogel's original Complaint was filed), GoSmith sent Vogel at least 32 telemarketing text messages at this number, about 2-3 times per week. Additionally, Defendants solicited Vogel during the winter for snow removal, even though Vogel and her husband do not offer that service at all. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Vogel seeks an amount not less than $48,000 for at least 32 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $48,000 for at least 32 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Vogel seeks an amount not less than $16,000 for at least 32 negligent violations of 47 U.S.C. 227(b), and $16,000 for at least 32 negligent violations of 47 U.S.C. 227(c).

74.    Robert Waynick personally owns and uses the cellular phone number xxx-xxx-8056. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Waynick's original Complaint was filed), GoSmith sent Waynick at least 16 telemarketing text messages at this number, which Waynick is still receiving although this lawsuit has been filed. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Waynick seeks an amount not less than $24,000 for at least 16 knowing and willful

violations of 47 U.S.C. 227(b), and an amount not less than $24,000 for at least 16 knowing and

willful violations of 47 U.S.C. 227(c). Alternatively, Waynick seeks an amount not less than

$8,000 for at least 16 negligent violations of 47 U.S.C. 227(b), and $8,000 for at least 16

negligent violations of 47 U.S.C. 227(c).

75.   Craig Whyde personally owns and uses the cellular phone number xxx-xxx-8516.

This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

date Whyde's original Complaint was filed), GoSmith sent Whyde at least 500 telemarketing

text messages at this number, which has continued after the filing of this lawsuit, although

Whyde has repeatedly asked Defendants to stop. Whyde states that he can't make the messages

and calls stop, so he is forced to attempt to ignore them. GoSmith knowingly and willfully sent

these text messages using an automatic telephone dialing system in violation of 47 U.S.C.

227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Whyde seeks an amount not less than $750,000 for at

least 500 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

$750,000 for at least 500 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

Whyde seeks an amount not less than $250,000 for at least 500 negligent violations of 47

U.S.C. 227(b), and $250,000 for at least 500 negligent violations of 47 U.S.C. 227(c).

76.   Ammar Ziadah personally owns and uses the cellular phone number

xxx-xxx-7043. This number is a residential telephone subscription. In the four years preceding

01/30/2020 (the date Ziadah's original Complaint was filed), GoSmith sent Ziadah at least 552

telemarketing text messages at this number, at least 4 per week, and double that number of

telemarketing calls each week. GoSmith knowingly and willfully sent these text messages using

an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

knowingly and willfully sent these text messages without instituting procedures that meet the

minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

64.1200(d). Ziadah seeks an amount not less than $2,484,000 for at least 1,656 knowing and

willful violations of 47 U.S.C. 227(b), and an amount not less than $2,484,000 for at least 1,656 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Ziadah seeks an amount not less than $828,000 for at least 1,656 negligent violations of 47 U.S.C. 227(b), and $828,000 for at least 1,656 negligent violations of 47 U.S.C. 227(c).

77.   Steven Adickes personally owns and uses the cellular phone number xxx-xxx-5872. This number is a residential telephone subscription. On 06/30/2003, Adickes registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Adickes's original Complaint was filed), GoSmith sent Adickes 2 to 3 telemarketing text messages per week at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Adickes within a 12-month period after Adickes was registered on the National Do Not Call Registry, including but not limited to the period between 02/14/2017 and 02/14/2018. Adickes seeks an amount not less than $465,000 for at least 310 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $465,000 for at least 310 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Adickes seeks an amount not less than $155,000 for at least 310 negligent violations of 47 U.S.C. 227(b), and $155,000 for at least 310 negligent violations of 47 U.S.C. 227(c).

78.   Chelena Allen personally owns and uses the cellular phone number xxx-xxx-9608. This number is a residential telephone subscription. On 04/07/2005, Allen registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Allen's original Complaint was filed), GoSmith sent Allen at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Allen within a 12-month period after Allen was registered on the National Do Not Call Registry, including but not limited to the period between 05/12/2017 and 05/12/2018. Allen seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Allen seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and $1,000 for at least 2 negligent violations of 47 U.S.C. 227(c).

79.    John Almendarez personally owns and uses the cellular phone number xxx-xxx-1850. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Almendarez's original Complaint was filed), GoSmith sent Almendarez at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Almendarez seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Almendarez seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. 227(b), and $3,500 for at least 7 negligent violations of 47 U.S.C. 227(c).

80.    Charlie Anderson personally owns and uses the cellular phone number xxx-xxx-0683. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Anderson's original Complaint was filed), GoSmith sent Anderson at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C.

227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Anderson seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Anderson seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. 227(b), and $3,500 for at least 7 negligent violations of 47 U.S.C. 227(c).

81.    Jason Anderson personally owns and uses the cellular phone number xxx-xxx-8479. This number is a residential telephone subscription. On 01/13/2017, Anderson registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Anderson's original Complaint was filed), GoSmith sent Anderson at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Anderson within a 12-month period after Anderson was registered on the National Do Not Call Registry, including but not limited to the period between 05/28/2017 and 07/13/2017. Anderson seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Anderson seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and $1,000 for at least 2 negligent violations of 47 U.S.C. 227(c).

82.    Dave Anderson personally owns and uses the cellular phone number xxx-xxx-4710. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Anderson's original Complaint was filed), GoSmith sent Anderson at least 69 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Anderson seeks an amount not less than $103,500 for at least 69 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $103,500 for at least 69 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Anderson seeks an amount not less than $34,500 for at least 69 negligent violations of 47 U.S.C. 227(b), and $34,500 for at least 69 negligent violations of 47 U.S.C. 227(c).

83.    Eric Andrews personally owns and uses the cellular phone number xxx-xxx-2345. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Andrews's original Complaint was filed), GoSmith sent Andrews at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Andrews seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Andrews seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. 227(b), and $3,500 for at least 7 negligent violations of 47 U.S.C. 227(c).

84.    Steve Apodaca personally owns and uses the cellular phone number xxx-xxx-4125. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Apodaca's original Complaint was filed), GoSmith sent Apodaca at least 24 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Apodaca seeks an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Apodaca seeks an amount not less than $12,000 for at least 24 negligent violations of 47 U.S.C. 227(b), and $12,000 for at least 24 negligent violations of 47 U.S.C. 227(c).

85.   William Arnold personally owns and uses the cellular phone number xxx-xxx-1244. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Arnold's original Complaint was filed), GoSmith sent Arnold at least 14 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Arnold seeks an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Arnold seeks an amount not less than $7,000 for at least 14 negligent violations of 47 U.S.C. 227(b), and $7,000 for at least 14 negligent violations of 47 U.S.C. 227(c).

86.   Jon Bahnemann personally owns and uses the cellular phone number xxx-xxx-8343. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Bahnemann's original Complaint was filed), GoSmith sent Bahnemann at least 63 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Bahnemann seeks an amount not less than $94,500 for at least 63 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $94,500 for at least 63 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

1    Bahnemann seeks an amount not less than $31,500 for at least 63 negligent violations of 47

2    U.S.C. 227(b), and $31,500 for at least 63 negligent violations of 47 U.S.C. 227(c).

3          87.   Carlton Baker personally owns and uses the cellular phone number xxx-xxx-4339.

4    This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

5    date Baker's original Complaint was filed), GoSmith sent Baker a few telemarketing text

6    messages per week at this number. GoSmith knowingly and willfully sent these text messages

7    using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii).

8    GoSmith knowingly and willfully sent these text messages without instituting procedures that

9    meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47

10    C.F.R. 64.1200(d). Baker seeks an amount not less than $360,000 for at least 240 knowing and

11    willful violations of 47 U.S.C. 227(b), and an amount not less than $360,000 for at least 240

12    knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Baker seeks an amount not

13    less than $120,000 for at least 240 negligent violations of 47 U.S.C. 227(b), and $120,000 for at

14    least 240 negligent violations of 47 U.S.C. 227(c).

15          88.   Pamela Bang personally owns and uses the cellular phone number xxx-xxx-0149.

16    This number is a residential telephone subscription. On 10/03/2015, Bang registered this

17    number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

18    Bang's original Complaint was filed), GoSmith sent Bang at least 5 telemarketing text messages

19    at this number. GoSmith knowingly and willfully sent these text messages using an automatic

20    telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and

21    willfully sent these text messages without instituting procedures that meet the minimum

22    standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d).

23    Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and

24    willfully sent at least 2 text messages to Bang within a 12-month period after Bang was

25    registered on the National Do Not Call Registry, including but not limited to the period between

26    01/30/2016 and 01/29/2017. Bang seeks an amount not less than $7,500 for at least 5 knowing

27    and willful violations of 47 U.S.C. 227(b), and an amount not less than $7,500 for at least 5

knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Bang seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. 227(b), and $2,500 for at least 5 negligent violations of 47 U.S.C. 227(c).

89.    Gabriel Barboza personally owns and uses the cellular phone number xxx-xxx-6147. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Barboza's original Complaint was filed), GoSmith sent Barboza at least 1,579 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Barboza seeks an amount not less than $2,368,500 for at least 1,579 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $2,368,500 for at least 1,579 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Barboza seeks an amount not less than $789,500 for at least 1,579 negligent violations of 47 U.S.C. 227(b), and $789,500 for at least 1,579 negligent violations of 47 U.S.C. 227(c).

90.    Barbette Barnes personally owns and uses the cellular phone number xxx-xxx-1357. This number is a residential telephone subscription. On 10/20/2019, Barnes registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Barnes's original Complaint was filed), GoSmith sent Barnes at least 396 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Barnes within a 12-month period after Barnes was registered on the National Do Not Call Registry, including but not limited to the period between 10/20/2019 and 01/30/2020. Barnes seeks an amount not

less than $594,000 for at least 396 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $594,000 for at least 396 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Barnes seeks an amount not less than $198,000 for at least 396 negligent violations of 47 U.S.C. 227(b), and $198,000 for at least 396 negligent violations of 47 U.S.C. 227(c).

91.     Russ Barnes personally owns and uses the cellular phone number xxx-xxx-8122. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Barnes's original Complaint was filed), GoSmith sent Barnes at least 20 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Barnes seeks an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Barnes seeks an amount not less than $10,000 for at least 20 negligent violations of 47 U.S.C. 227(b), and $10,000 for at least 20 negligent violations of 47 U.S.C. 227(c).

92.     Jeffrey Basa personally owns and uses the cellular phone number xxx-xxx-0130. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Basa's original Complaint was filed), GoSmith sent Basa at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Basa seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Basa seeks an amount not less than $2,000

1  for at least 4 negligent violations of 47 U.S.C. 227(b), and $2,000 for at least 4 negligent

2  violations of 47 U.S.C. 227(c).

3      93.   Andre Baskett personally owns and uses the cellular phone number xxx-xxx-1927.

4  This number is a residential telephone subscription. On 07/31/2005, Baskett registered this

5  number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

6  Baskett's original Complaint was filed), GoSmith sent Baskett at least 12 telemarketing text

7  messages at this number. GoSmith knowingly and willfully sent these text messages using an

8  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

9  knowingly and willfully sent these text messages without instituting procedures that meet the

10  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

11  64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

12  knowingly and willfully sent at least 2 text messages to Baskett within a 12-month period after

13  Baskett was registered on the National Do Not Call Registry, including but not limited to the

14  period between 06/17/2017 and 07/24/2017. Baskett seeks an amount not less than $18,000 for

15  at least 12 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

16  $18,000 for at least 12 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

17  Baskett seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C.

18  227(b), and $6,000 for at least 12 negligent violations of 47 U.S.C. 227(c).

19      94.   Joseph Bauschelt personally owns and uses the cellular phone number

20  xxx-xxx-1253. This number is a residential telephone subscription. In the four years preceding

21  01/30/2020 (the date Bauschelt's original Complaint was filed), GoSmith sent Bauschelt at least

22  7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

23  messages using an automatic telephone dialing system in violation of 47 U.S.C.

24  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

25  procedures that meet the minimum standards required for telemarketing in violation of 47

26  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Bauschelt seeks an amount not less than $10,500 for at

27  least 7 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $10,500

1   for at least 7 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Bauschelt seeks

2   an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. 227(b), and

3   $3,500 for at least 7 negligent violations of 47 U.S.C. 227(c)

4         95.    Maurice Beale personally owns and uses the cellular phone number xxx-xxx-0639.

5   This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

6   date Beale's original Complaint was filed), GoSmith sent Beale at least 20 telemarketing text

7   messages at this number. GoSmith knowingly and willfully sent these text messages using an

8   automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

9   knowingly and willfully sent these text messages without instituting procedures that meet the

10   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

11   64.1200(d). Beale seeks an amount not less than $30,000 for at least 20 knowing and willful

12   violations of 47 U.S.C. 227(b), and an amount not less than $30,000 for at least 20 knowing and

13   willful violations of 47 U.S.C. 227(c). Alternatively, Beale seeks an amount not less than

14   $10,000 for at least 20 negligent violations of 47 U.S.C. 227(b), and $10,000 for at least 20

15   negligent violations of 47 U.S.C. 227(c).

16         96.    Gregory Beaty personally owns and uses the cellular phone number xxx-xxx-1117.

17   This number is a residential telephone subscription. On 12/08/2004, Beaty registered this

18   number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

19   Beaty's original Complaint was filed), GoSmith sent Beaty at least 20 telemarketing text

20   messages at this number. GoSmith knowingly and willfully sent these text messages using an

21   automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

22   knowingly and willfully sent these text messages without instituting procedures that meet the

23   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

24   64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

25   knowingly and willfully sent at least 2 text messages to Beauty within a 12-month period after

26   Beaty was registered on the National Do Not Call Registry, including but not limited to the

27   period between 04/27/2017 and 04/27/2018. Beaty seeks an amount not less than $30,000 for at

1    least 20 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

2    $30,000 for at least 20 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Beaty

3    seeks an amount not less than $10,000 for at least 20 negligent violations of 47 U.S.C. 227(b),

4    and $10,000 for at least 20 negligent violations of 47 U.S.C. 227(c).

5        97.    Juan Bega personally owns and uses the cellular phone number xxx-xxx-0830.

6    This number is a residential telephone subscription. On 01/06/2005, Bega registered this

7    number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

8    Bega's original Complaint was filed), GoSmith sent Bega at least 32 telemarketing text

9    messages at this number. GoSmith knowingly and willfully sent these text messages using an

10   automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

11   knowingly and willfully sent these text messages without instituting procedures that meet the

12   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

13   64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

14   knowingly and willfully sent at least 2 text messages to Bega within a 12-month period after

15   Bega was registered on the National Do Not Call Registry, including but not limited to the

16   period between 02/10/2017 and 02/10/2018. Bega seeks an amount not less than $48,000 for at

17   least 32 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

18   $48,000 for at least 32 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Bega

19   seeks an amount not less than $16,000 for at least 32 negligent violations of 47 U.S.C. 227(b),

20   and $16,000 for at least 32 negligent violations of 47 U.S.C. 227(c).

21       98.    Narottam Bishop personally owns and uses the cellular phone number

22   xxx-xxx-1080. This number is a residential telephone subscription. On 06/02/2009, Bishop

23   registered this number on the National Do Not Call Registry. In the four years preceding

24   01/30/2020 (the date Bishop's original Complaint was filed), GoSmith sent Bishop 4 to 5

25   telemarketing text messages per week at this number. GoSmith knowingly and willfully sent

26   these text messages using an automatic telephone dialing system in violation of 47 U.S.C.

27   227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Bishop within a 12-month period after Bishop was registered on the National Do Not Call Registry, including but not limited to the period between 01/30/2016 and 01/29/2017. Bishop seeks an amount not less than $480,000 for at least 320 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $480,000 for at least 320 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Bishop seeks an amount not less than $160,000 for at least 320 negligent violations of 47 U.S.C. 227(b), and $160,000 for at least 320 negligent violations of 47 U.S.C. 227(c).

99.    Dean Blades personally owns and uses the cellular phone number xxx-xxx-8358. This number is a residential telephone subscription. On 09/02/2003, Blades registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Blades's original Complaint was filed), GoSmith sent Blades at least one telemarketing text message every two weeks at this number over at least seven weeks. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Blades within a 12-month period after Blades was registered on the National Do Not Call Registry, including but not limited to the period between 05/31/2017 and 07/19/2017. Blades seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Blades seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. 227(b), and $2,000 for at least 4 negligent violations of 47 U.S.C. 227(c).

100.   Ronald Blakey personally owns and uses the cellular phone number xxx-xxx-4715. This number is a residential telephone subscription. On 10/21/2008, Blakey registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Blakey's original Complaint was filed), GoSmith sent Blakey at least 12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Blakey within a 12-month period after Blakey was registered on the National Do Not Call Registry, including but not limited to the period between 05/18/2017 and 11/21/2017. Blakey seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Blakey seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. 227(b), and $6,000 for at least 12 negligent violations of 47 U.S.C. 227(c).

101.   Joseph Blay personally owns and uses the cellular phone number xxx-xxx-7446. This number is a residential telephone subscription. On 12/16/2004, Blay registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Blay's original Complaint was filed), GoSmith sent Blay at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Blay within a 12-month period after Blay was registered on the National Do Not Call Registry, including but not limited to the period between

05/04/2017 and 07/25/2017. Blay seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Blay seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. 227(b), and $5,000 for at least 10 negligent violations of 47 U.S.C. 227(c).

102.  Andrew Boelman personally owns and uses the cellular phone number xxx-xxx-8329. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Boelman's original Complaint was filed), GoSmith sent Boelman at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Boelman seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Boelman seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. 227(b), and $3,500 for at least 7 negligent violations of 47 U.S.C. 227(c).

103.  Brian Bondi personally owns and uses the cellular phone number xxx-xxx-5253. This number is a residential telephone subscription. On 02/09/2018, Bondi registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Bondi's original Complaint was filed), GoSmith sent Bondi at least 2 telemarketing text messages per day at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Bondi within a 12-month period after

Bondi was registered on the National Do Not Call Registry, including but not limited to the period between 02/09/2018 and 02/09/2019. Bondi seeks an amount not less than $369,000 for at least 246 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $369,000 for at least 246 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Bondi seeks an amount not less than $123,000 for at least 246 negligent violations of 47 U.S.C. 227(b), and $123,000 for at least 246 negligent violations of 47 U.S.C. 227(c).

104. Donovan Borntrager personally owns and uses the cellular phone number xxx-xxx-3228. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Borntrager's original Complaint was filed), GoSmith sent Borntrager at least 35 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Borntrager seeks an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Borntrager seeks an amount not less than $17,500 for at least 35 negligent violations of 47 U.S.C. 227(b), and $17,500 for at least 35 negligent violations of 47 U.S.C. 227(c).

105. Chris Bosman personally owns and uses the cellular phone number xxx-xxx-2036. This number is a residential telephone subscription. On 04/06/2012, Bosman registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Bosman's original Complaint was filed), GoSmith sent Bosman at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

1  knowingly and willfully sent at least 2 text messages to Bosman within a 12-month period after

2  Bosman was registered on the National Do Not Call Registry, including but not limited to the

3  period between 06/12/2017 and 06/12/2018. Bosman seeks an amount not less than $6,000 for

4  at least 4 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

5  $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Bosman

6  seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. 227(b), and

7  $2,000 for at least 4 negligent violations of 47 U.S.C. 227(c).

8  106.  Gary Bowlby personally owns and uses the cellular phone number xxx-xxx-9060.

9  This number is a residential telephone subscription. On 11/12/2004, Bowlby registered this

10  number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

11  Bowlby's original Complaint was filed), GoSmith sent Bowlby at least 3 telemarketing text

12  messages at this number. GoSmith knowingly and willfully sent these text messages using an

13  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

14  knowingly and willfully sent these text messages without instituting procedures that meet the

15  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

16  64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

17  knowingly and willfully sent at least 2 text messages to Bowlby within a 12-month period after

18  Bowlby was registered on the National Do Not Call Registry, including but not limited to the

19  period between 05/06/2017 and 07/21/2017. Bowlby seeks an amount not less than $4,500 for

20  at least 3 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

21  $4,500 for at least 3 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Bowlby

22  seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. 227(b), and

23  $1,500 for at least 3 negligent violations of 47 U.S.C. 227(c).

24  107.  James Bowlin personally owns and uses the cellular phone number xxx-xxx-5759.

25  This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

26  date Bowlin's original Complaint was filed), GoSmith sent Bowlin at least 8 telemarketing text

27  messages at this number. GoSmith knowingly and willfully sent these text messages using an

1   automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

2   knowingly and willfully sent these text messages without instituting procedures that meet the

3   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

4   64.1200(d). Bowlin seeks an amount not less than $12,000 for at least 8 knowing and willful

5   violations of 47 U.S.C. 227(b), and an amount not less than $12,000 for at least 8 knowing and

6   willful violations of 47 U.S.C. 227(c). Alternatively, Bowlin seeks an amount not less than

7   $4,000 for at least 8 negligent violations of 47 U.S.C. 227(b), and $4,000 for at least 8 negligent

8   violations of 47 U.S.C. 227(c).

9        108.  James Boyd personally owns and uses the cellular phone number xxx-xxx-5743.

10  This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

11  date Boyd's original Complaint was filed), GoSmith sent Boyd at least 519 telemarketing text

12  messages at this number. GoSmith knowingly and willfully sent these text messages using an

13  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

14  knowingly and willfully sent these text messages without instituting procedures that meet the

15  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

16  64.1200(d). Boyd seeks an amount not less than $778,500 for at least 519 knowing and willful

17  violations of 47 U.S.C. 227(b), and an amount not less than $778,500 for at least 519 knowing

18  and willful violations of 47 U.S.C. 227(c). Alternatively, Boyd seeks an amount not less than

19  $259,500 for at least 519 negligent violations of 47 U.S.C. 227(b), and $259,500 for at least 519

20  negligent violations of 47 U.S.C. 227(c).

21       109.  Brett Boyer personally owns and uses the cellular phone number xxx-xxx-9550.

22  This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

23  date Boyer's original Complaint was filed), GoSmith sent Boyer at least 5 telemarketing text

24  messages at this number. GoSmith knowingly and willfully sent these text messages using an

25  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

26  knowingly and willfully sent these text messages without instituting procedures that meet the

27  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

64.1200(d). Boyer seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Boyer seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. 227(b), and $2,500 for at least 5 negligent violations of 47 U.S.C. 227(c).

110.    Ryan Boyer personally owns and uses the cellular phone number xxx-xxx-1565. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Boyer's original Complaint was filed), GoSmith sent Boyer at least 16 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Boyer seeks an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Boyer seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. 227(b), and $8,000 for at least 16 negligent violations of 47 U.S.C. 227(c).

111.    Nicole Briggs personally owns and uses the cellular phone number xxx-xxx-2799. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Briggs's original Complaint was filed), GoSmith sent Briggs at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Briggs seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Briggs seeks an amount not less than

1   $1,500 for at least 3 negligent violations of 47 U.S.C. 227(b), and $1,500 for at least 3 negligent

2   violations of 47 U.S.C. 227(c).

3       112.   Robert Brown personally owns and uses the cellular phone number xxx-xxx-8405.

4   This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

5   date Brown's original Complaint was filed), GoSmith sent Brown at least 14 telemarketing text

6   messages at this number. GoSmith knowingly and willfully sent these text messages using an

7   automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

8   knowingly and willfully sent these text messages without instituting procedures that meet the

9   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

10   64.1200(d). Brown seeks an amount not less than $21,000 for at least 14 knowing and willful

11   violations of 47 U.S.C. 227(b), and an amount not less than $21,000 for at least 14 knowing and

12   willful violations of 47 U.S.C. 227(c). Alternatively, Brown seeks an amount not less than

13   $7,000 for at least 14 negligent violations of 47 U.S.C. 227(b), and $7,000 for at least 14

14   negligent violations of 47 U.S.C. 227(c).

15       113.   Richard Brown personally owns and uses the cellular phone number

16   xxx-xxx-2328. This number is a residential telephone subscription. On 01/06/2015, Brown

17   registered this number on the National Do Not Call Registry. In the four years preceding

18   01/30/2020 (the date Brown's original Complaint was filed), GoSmith sent Brown at least 2

19   telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

20   messages using an automatic telephone dialing system in violation of 47 U.S.C.

21   227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

22   procedures that meet the minimum standards required for telemarketing in violation of 47

23   U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R.

24   64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Brown within a

25   12-month period after Brown was registered on the National Do Not Call Registry, including

26   but not limited to the period between 06/22/2017 and 06/22/2018. Brown seeks an amount not

27   less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(b), and an

1  amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(c).

2  Alternatively, Brown seeks an amount not less than $1,000 for at least 2 negligent violations of

3  47 U.S.C. 227(b), and $1,000 for at least 2 negligent violations of 47 U.S.C. 227(c).

4      114.  Dan Brubaker personally owns and uses the cellular phone number xxx-xxx-4470.

5  This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

6  date Brubaker's original Complaint was filed), GoSmith sent Brubaker at least 2 telemarketing

7  text messages per week at this number. GoSmith knowingly and willfully sent these text

8  messages using an automatic telephone dialing system in violation of 47 U.S.C.

9  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

10  procedures that meet the minimum standards required for telemarketing in violation of 47

11  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Brubaker seeks an amount not less than $22,500 for at

12  least 15 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

13  $22,500 for at least 15 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

14  Brubaker seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C.

15  227(b), and $7,500 for at least 15 negligent violations of 47 U.S.C. 227(c).

16      115.  William Bryant personally owns and uses the cellular phone number

17  xxx-xxx-2867. This number is a residential telephone subscription. In the four years preceding

18  01/30/2020 (the date Bryant's original Complaint was filed), GoSmith sent Bryant at least 2

19  telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

20  messages using an automatic telephone dialing system in violation of 47 U.S.C.

21  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

22  procedures that meet the minimum standards required for telemarketing in violation of 47

23  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Bryant seeks an amount not less than $3,000 for at

24  least 2 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $3,000

25  for at least 2 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Bryant seeks an

26  amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and $1,000

27  for at least 2 negligent violations of 47 U.S.C. 227(c).

116. Justin Burgo personally owns and uses the cellular phone number xxx-xxx-7582. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Burgo's original Complaint was filed), GoSmith sent Burgo at least 49 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Burgo seeks an amount not less than $73,500 for at least 49 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $73,500 for at least 49 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Burgo seeks an amount not less than $24,500 for at least 49 negligent violations of 47 U.S.C. 227(b), and $24,500 for at least 49 negligent violations of 47 U.S.C. 227(c).

117. Allen Campbell personally owns and uses the cellular phone number xxx-xxx-1699. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Campbell's original Complaint was filed), GoSmith sent Campbell at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Campbell seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Campbell seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. 227(b), and $3,000 for at least 6 negligent violations of 47 U.S.C. 227(c).

118. Keith Carlson personally owns and uses the cellular phone number xxx-xxx-4916. This number is a residential telephone subscription. On 05/26/2018, Carlson registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

Carlson's original Complaint was filed), GoSmith sent Carlson at least 25 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Carlson within a 12-month period after Carlson was registered on the National Do Not Call Registry, including but not limited to the period between 05/26/2018 and 05/26/2019. Carlson seeks an amount not less than $37,500 for at least 25 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $37,500 for at least 25 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Carlson seeks an amount not less than $12,500 for at least 25 negligent violations of 47 U.S.C. 227(b), and $12,500 for at least 25 negligent violations of 47 U.S.C. 227(c).

119.    Sam Carr personally owns and uses the cellular phone number xxx-xxx-7552. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Carr's original Complaint was filed), GoSmith sent Carr at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Carr seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Carr seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. 227(b), and $2,500 for at least 5 negligent violations of 47 U.S.C. 227(c).

120.    Joel Cerv personally owns and uses the cellular phone number xxx-xxx-1666. This number is a residential telephone subscription. On 07/18/2007, Cerv registered this number on

1   the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Cerv's

2   original Complaint was filed), GoSmith sent Cerv at least 16 telemarketing text messages at this

3   number.  Upon information and belief, the actual number of text messages was much higher, as

4   Cerv remembers receiving 1-2 messages per week for a long period of time. GoSmith

5   knowingly and willfully sent these text messages using an automatic telephone dialing system

6   in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text

7   messages without instituting procedures that meet the minimum standards required for

8   telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47

9   U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text

10   messages to Cerv within a 12-month period after Cerv was registered on the National Do Not

11   Call Registry, including but not limited to the period between 05/02/2017 and 06/24/2017. Cerv

12   seeks an amount not less than $24,000 for at least 16 knowing and willful violations of 47

13   U.S.C. 227(b), and an amount not less than $24,000 for at least 16 knowing and willful

14   violations of 47 U.S.C. 227(c). Alternatively, Cerv seeks an amount not less than $8,000 for at

15   least 16 negligent violations of 47 U.S.C. 227(b), and $8,000 for at least 16 negligent violations

16   of 47 U.S.C. 227(c).

17       121.  Mark Christopherson personally owns and uses the cellular phone number

18   xxx-xxx-7542. This number is a residential telephone subscription. On -2/12/09-2,

19   Christopherson registered this number on the National Do Not Call Registry. In the four years

20   preceding 01/30/2020 (the date Christopherson's original Complaint was filed), GoSmith sent

21   Christopherson at least 3 telemarketing text messages at this number. GoSmith knowingly and

22   willfully sent these text messages using an automatic telephone dialing system in violation of

23   47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without

24   instituting procedures that meet the minimum standards required for telemarketing in violation

25   of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47

26   C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to

27   Christopherson within a 12-month period after Christopherson was registered on the National

Do Not Call Registry, including but not limited to the period between 06/14/2017 and
06/14/2018. Christopherson seeks an amount not less than $4,500 for at least 3 knowing and
willful violations of 47 U.S.C. 227(b), and an amount not less than $4,500 for at least 3
knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Christopherson seeks an
amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. 227(b), and $1,500
for at least 3 negligent violations of 47 U.S.C. 227(c).

122.   Pietro Coco personally owns and uses the cellular phone number xxx-xxx-2436.
This number is a residential telephone subscription. On 01/06/2009, Coco registered this
number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date
Coco's original Complaint was filed), GoSmith sent Coco at least 2 telemarketing text messages
at this number. GoSmith knowingly and willfully sent these text messages using an automatic
telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and
willfully sent these text messages without instituting procedures that meet the minimum
standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d).
Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and
willfully sent at least 2 text messages to Coco within a 12-month period after Coco was
registered on the National Do Not Call Registry, including but not limited to the period between
06/08/2017 and 06/08/2018. Coco seeks an amount not less than $3,000 for at least 2 knowing
and willful violations of 47 U.S.C. 227(b), and an amount not less than $3,000 for at least 2
knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Coco seeks an amount not
less than $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and $1,000 for at least 2
negligent violations of 47 U.S.C. 227(c).

123.   Chris Cole personally owns and uses the cellular phone number xxx-xxx-4210.
This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the
date Cole's original Complaint was filed), GoSmith sent Cole at least 4 telemarketing text
messages at this number. GoSmith knowingly and willfully sent these text messages using an
automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

1  knowingly and willfully sent these text messages without instituting procedures that meet the

2  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

3  64.1200(d). Cole seeks an amount not less than $6,000 for at least 4 knowing and willful

4  violations of 47 U.S.C. 227(b), and an amount not less than $6,000 for at least 4 knowing and

5  willful violations of 47 U.S.C. 227(c). Alternatively, Cole seeks an amount not less than $2,000

6  for at least 4 negligent violations of 47 U.S.C. 227(b), and $2,000 for at least 4 negligent

7  violations of 47 U.S.C. 227(c).

8      124.  Jeremy Collins personally owns and uses the cellular phone number

9  xxx-xxx-0849. This number is a residential telephone subscription. In the four years preceding

10  01/30/2020 (the date Collins's original Complaint was filed), GoSmith sent Collins at least 57

11  telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

12  messages using an automatic telephone dialing system in violation of 47 U.S.C.

13  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

14  procedures that meet the minimum standards required for telemarketing in violation of 47

15  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Collins seeks an amount not less than $85,500 for at

16  least 57 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

17  $85,500 for at least 57 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

18  Collins seeks an amount not less than $28,500 for at least 57 negligent violations of 47 U.S.C.

19  227(b), and $28,500 for at least 57 negligent violations of 47 U.S.C. 227(c).

20      125.  Joseph Collins personally owns and uses the cellular phone number xxx-xxx-6213.

21  This number is a residential telephone subscription. On 10/24/2008, Collins registered this

22  number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

23  Collins's original Complaint was filed), GoSmith sent Collins at least 6 telemarketing text

24  messages at this number. GoSmith knowingly and willfully sent these text messages using an

25  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

26  knowingly and willfully sent these text messages without instituting procedures that meet the

27  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Collins within a 12-month period after Collins was registered on the National Do Not Call Registry, including but not limited to the period between 06/09/2016 and 06/09/2017. Collins seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Collins seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. 227(b), and $3,000 for at least 6 negligent violations of 47 U.S.C. 227(c).

126.  Paul Collis personally owns and uses the cellular phone number xxx-xxx-6395. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Collis's original Complaint was filed), GoSmith sent Collis at least 30 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Collis seeks an amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Collis seeks an amount not less than $15,000 for at least 30 negligent violations of 47 U.S.C. 227(b), and $15,000 for at least 30 negligent violations of 47 U.S.C. 227(c).

127.  Jessica Conde personally owns and uses the cellular phone number xxx-xxx-6726. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Conde's original Complaint was filed), GoSmith sent Conde at least 290 telemarketing text messages at this number. Defendants sent Conde messages several times a day, Monday through Friday, for over a year. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the

1   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.
2   64.1200(d). Conde seeks an amount not less than $435,000 for at least 290 knowing and willful
3   violations of 47 U.S.C. 227(b), and an amount not less than $435,000 for at least 290 knowing
4   and willful violations of 47 U.S.C. 227(c). Alternatively, Conde seeks an amount not less than
5   $145,000 for at least 290 negligent violations of 47 U.S.C. 227(b), and $145,000 for at least 290
6   negligent violations of 47 U.S.C. 227(c).

7        128.  Christina Cooke-Mayrant personally owns and uses the cellular phone number
8   xxx-xxx-2839. This number is a residential telephone subscription. In the four years preceding
9   01/30/2020 (the date Cooke-Mayrant's original Complaint was filed), GoSmith sent
10  Cooke-Mayrant at least 3 telemarketing text messages at this number. GoSmith knowingly and
11  willfully sent these text messages using an automatic telephone dialing system in violation of
12  47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without
13  instituting procedures that meet the minimum standards required for telemarketing in violation
14  of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Cooke-Mayrant seeks an amount not less than
15  $4,500 for at least 3 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less
16  than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,
17  Cooke-Mayrant seeks an amount not less than $1,500 for at least 3 negligent violations of 47
18  U.S.C. 227(b), and $1,500 for at least 3 negligent violations of 47 U.S.C. 227(c).

19       129.  Regina Corley personally owns and uses the cellular phone number xxx-xxx-9253.
20  This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the
21  date Corley's original Complaint was filed), GoSmith sent Corley at least 8 telemarketing text
22  messages at this number. GoSmith knowingly and willfully sent these text messages using an
23  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith
24  knowingly and willfully sent these text messages without instituting procedures that meet the
25  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.
26  64.1200(d). Corley seeks an amount not less than $12,000 for at least 8 knowing and willful
27  violations of 47 U.S.C. 227(b), and an amount not less than $12,000 for at least 8 knowing and

1    willful violations of 47 U.S.C. 227(c). Alternatively, Corley seeks an amount not less than

2    $4,000 for at least 8 negligent violations of 47 U.S.C. 227(b), and $4,000 for at least 8 negligent

3    violations of 47 U.S.C. 227(c).

4         130.  Jose Corral personally owns and uses the cellular phone number xxx-xxx-5639.

5    This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

6    date Corral's original Complaint was filed), GoSmith sent Corral at least 5 telemarketing text

7    messages at this number. GoSmith knowingly and willfully sent these text messages using an

8    automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

9    knowingly and willfully sent these text messages without instituting procedures that meet the

10   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

11   64.1200(d). Corral seeks an amount not less than $7,500 for at least 5 knowing and willful

12   violations of 47 U.S.C. 227(b), and an amount not less than $7,500 for at least 5 knowing and

13   willful violations of 47 U.S.C. 227(c). Alternatively, Corral seeks an amount not less than

14   $2,500 for at least 5 negligent violations of 47 U.S.C. 227(b), and $2,500 for at least 5 negligent

15   violations of 47 U.S.C. 227(c).

16        131.  Andrew Correa personally owns and uses the cellular phone number

17   xxx-xxx-8857. This number is a residential telephone subscription. In the four years preceding

18   01/30/2020 (the date Correa's original Complaint was filed), GoSmith sent Correa at least 155

19   telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

20   messages using an automatic telephone dialing system in violation of 47 U.S.C.

21   227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

22   procedures that meet the minimum standards required for telemarketing in violation of 47

23   U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Correa seeks an amount not less than $232,500 for at

24   least 155 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

25   $232,500 for at least 155 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

26   Correa seeks an amount not less than $77,500 for at least 155 negligent violations of 47 U.S.C.

27   227(b), and $77,500 for at least 155 negligent violations of 47 U.S.C. 227(c).

132.   Brian Cox personally owns and uses the cellular phone number xxx-xxx-6670. This number is a residential telephone subscription. On 08/22/2005, Cox registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Cox's original Complaint was filed), GoSmith sent Cox at least 38 telemarketing text messages at this number, sending at least 1-2 messages a day for several weeks. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Cox within a 12-month period after Cox was registered on the National Do Not Call Registry, including but not limited to the period between 10/04/2017 and 06/26/2018. Cox seeks an amount not less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Cox seeks an amount not less than $19,000 for at least 38 negligent violations of 47 U.S.C. 227(b), and $19,000 for at least 38 negligent violations of 47 U.S.C. 227(c).

133.   Maurice Crabbe personally owns and uses the cellular phone number xxx-xxx-9483. This number is a residential telephone subscription. On 06/14/2009, Crabbe registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Crabbe's original Complaint was filed), GoSmith sent Crabbe at least 107 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Crabbe within a 12-month period after Crabbe was registered on the National Do Not Call Registry, including

but not limited to the period between 07/04/2017 and 07/04/2018. Crabbe seeks an amount not less than $160,500 for at least 107 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $160,500 for at least 107 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Crabbe seeks an amount not less than $53,500 for at least 107 negligent violations of 47 U.S.C. 227(b), and $53,500 for at least 107 negligent violations of 47 U.S.C. 227(c).

134.    Alan Craig personally owns and uses the cellular phone number xxx-xxx-9709. This number is a residential telephone subscription. On 12/09/2004, Craig registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Craig's original Complaint was filed), GoSmith sent Craig at least 5 telemarketing text messages per week at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Craig within a 12-month period after Craig was registered on the National Do Not Call Registry, including but not limited to the period between 06/24/2017 and 06/24/2018. Craig seeks an amount not less than $1,017,000 for at least 678 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $1,017,000 for at least 678 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Craig seeks an amount not less than $339,000 for at least 678 negligent violations of 47 U.S.C. 227(b), and $339,000 for at least 678 negligent violations of 47 U.S.C. 227(c).

135.    Armando Crespin personally owns and uses the cellular phone number xxx-xxx-2147. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Crespin's original Complaint was filed), GoSmith sent Crespin at least 59 telemarketing text messages at this number. At least 44 of those text solicitations were sent to Crespin in 2019 alone. GoSmith knowingly and willfully sent these text messages using an

automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Crespin seeks an amount not less than $88,500 for at least 59 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $88,500 for at least 59 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Crespin seeks an amount not less than $29,500 for at least 59 negligent violations of 47 U.S.C. 227(b), and $29,500 for at least 59 negligent violations of 47 U.S.C. 227(c).

136.  Jim Crites personally owns and uses the cellular phone number xxx-xxx-0427. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Crites's original Complaint was filed), GoSmith sent Crites at least 221 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Crites seeks an amount not less than $331,500 for at least 221 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $331,500 for at least 221 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Crites seeks an amount not less than $110,500 for at least 221 negligent violations of 47 U.S.C. 227(b), and $110,500 for at least 221 negligent violations of 47 U.S.C. 227(c).

137.  Ronald Crosby personally owns and uses the cellular phone number xxx-xxx-0254. This number is a residential telephone subscription. On 12/18/2004, Crosby registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Crosby's original Complaint was filed), GoSmith sent Crosby at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Crosby within a 12-month period after Crosby was registered on the National Do Not Call Registry, including but not limited to the period between 04/28/2017 and 04/28/2018. Crosby seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Crosby seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. 227(b), and $1,500 for at least 3 negligent violations of 47 U.S.C. 227(c).

138.  Tammy Cunningham personally owns and uses the cellular phone number xxx-xxx-1868. This number is a residential telephone subscription. On 05/13/2010, Cunningham registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Cunningham's original Complaint was filed), GoSmith sent Cunningham at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Cunningham within a 12-month period after Cunningham was registered on the National Do Not Call Registry, including but not limited to the period between 05/23/2017 and 05/23/2018. Cunningham seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Cunningham seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. 227(b), and $3,000 for at least 6 negligent violations of 47 U.S.C. 227(c).

139.   Travis David personally owns and uses the cellular phone number xxx-xxx-8329. This number is a residential telephone subscription. On 06/03/2004, David registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date David's original Complaint was filed), GoSmith sent David at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to David within a 12-month period after David was registered on the National Do Not Call Registry, including but not limited to the period between 06/14/2017 and 06/14/2018. David seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, David seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. 227(b), and $3,000 for at least 6 negligent violations of 47 U.S.C. 227(c).

140.   Clint Davis personally owns and uses the cellular phone number xxx-xxx-7093. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Davis's original Complaint was filed), GoSmith sent Davis at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Davis seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Davis seeks an amount not less than

1  $5,000 for at least 10 negligent violations of 47 U.S.C. 227(b), and $5,000 for at least 10

2  negligent violations of 47 U.S.C. 227(c).

3    141.  Linda Dazey personally owns and uses the cellular phone number xxx-xxx-3524.

4  This number is a residential telephone subscription. On 07/07/2007, Dazey registered this

5  number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

6  Dazey's original Complaint was filed), GoSmith sent Dazey at least 9 telemarketing text

7  messages at this number. GoSmith knowingly and willfully sent these text messages using an

8  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

9  knowingly and willfully sent these text messages without instituting procedures that meet the

10  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

11  64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

12  knowingly and willfully sent at least 2 text messages to Dazey within a 12-month period after

13  Dazey was registered on the National Do Not Call Registry, including but not limited to the

14  period between 05/16/2017 and 06/22/2017. Dazey seeks an amount not less than $13,500 for at

15  least 9 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $13,500

16  for at least 9 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Dazey seeks an

17  amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. 227(b), and $4,500

18  for at least 9 negligent violations of 47 U.S.C. 227(c).

19    142.  Barbara Deggans personally owns and uses the cellular phone number

20  xxx-xxx-8908. This number is a residential telephone subscription. On 08/06/2003, Deggans

21  registered this number on the National Do Not Call Registry. In the four years preceding

22  01/30/2020 (the date Deggans's original Complaint was filed), GoSmith sent Deggans at least 2

23  telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

24  messages using an automatic telephone dialing system in violation of 47 U.S.C.

25  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

26  procedures that meet the minimum standards required for telemarketing in violation of 47

27  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R.

64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Deggans within a 12-month period after Deggans was registered on the National Do Not Call Registry, including but not limited to the period between 06/05/2017 and 06/05/2018. Deggans seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Deggans seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and $1,000 for at least 2 negligent violations of 47 U.S.C. 227(c).

143.  Christopher DeSantis personally owns and uses the cellular phone number xxx-xxx-1382. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date DeSantis's original Complaint was filed), GoSmith sent DeSantis at least 17 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). DeSantis seeks an amount not less than $25,500 for at least 17 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $25,500 for at least 17 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, DeSantis seeks an amount not less than $8,500 for at least 17 negligent violations of 47 U.S.C. 227(b), and $8,500 for at least 17 negligent violations of 47 U.S.C. 227(c).

144.  John Desider personally owns and uses the cellular phone number xxx-xxx-9529. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Desider's original Complaint was filed), GoSmith sent Desider at least 112 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Desider seeks an amount not less than $168,000 for at least 112 knowing and

1   willful violations of 47 U.S.C. 227(b), and an amount not less than $168,000 for at least 112

2   knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Desider seeks an amount not

3   less than $56,000 for at least 112 negligent violations of 47 U.S.C. 227(b), and $56,000 for at

4   least 112 negligent violations of 47 U.S.C. 227(c).

5       145.  Byron Dickerson personally owns and uses the cellular phone number

6   xxx-xxx-7721. This number is a residential telephone subscription. On 11/03/2018, Dickerson

7   registered this number on the National Do Not Call Registry. In the four years preceding

8   01/30/2020 (the date Dickerson's original Complaint was filed), GoSmith sent Dickerson at

9   least 250 telemarketing text messages per week at this number. GoSmith knowingly and

10  willfully sent these text messages using an automatic telephone dialing system in violation of

11  47 U.S.C. 227(b)(1)(A)(iii). Despite the fact that Dickerson registered this residential number

12  on the Do Not Call Registry in 2018, GoSmith's texts continued unabated. GoSmith knowingly

13  and willfully sent these text messages without instituting procedures that meet the minimum

14  standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d).

15  Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and

16  willfully sent at least 2 text messages to Dickerson within a 12-month period after Dickerson

17  was registered on the National Do Not Call Registry, including but not limited to the period

18  between 11/03/2018 and 11/03/2019. Dickerson seeks an amount not less than $375,000 for at

19  least 250 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

20  $375,000 for at least 250 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

21  Dickerson seeks an amount not less than $125,000 for at least 250 negligent violations of 47

22  U.S.C. 227(b), and $125,000 for at least 250 negligent violations of 47 U.S.C. 227(c).

23      146.  Bryan Diehl personally owns and uses the cellular phone number xxx-xxx-9056.

24  This number is a residential telephone subscription. On 09/15/2005, Diehl registered this

25  number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

26  Diehl's original Complaint was filed), GoSmith sent Diehl at least 20 telemarketing text

27  messages at this number. Defendants wasted Deihl's time dealing with unwanted spam and

1   frustrated Deihl so much that he decided to sue GoSmith to stop their abuse. GoSmith

2   knowingly and willfully sent these text messages using an automatic telephone dialing system

3   in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text

4   messages without instituting procedures that meet the minimum standards required for

5   telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47

6   U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text

7   messages to Diehl within a 12-month period after Diehl was registered on the National Do Not

8   Call Registry, including but not limited to the period between 05/24/2017 and 08/19/2017.

9   Diehl seeks an amount not less than $30,000 for at least 20 knowing and willful violations of 47

10  U.S.C. 227(b), and an amount not less than $30,000 for at least 20 knowing and willful

11  violations of 47 U.S.C. 227(c). Alternatively, Diehl seeks an amount not less than $10,000 for at

12  least 20 negligent violations of 47 U.S.C. 227(b), and $10,000 for at least 20 negligent

13  violations of 47 U.S.C. 227(c).

14       147. David Dilmore personally owns and uses the cellular phone number

15  xxx-xxx-6178. This number is a residential telephone subscription. On 11/26/2008, Dilmore

16  registered this number on the National Do Not Call Registry. In the four years preceding

17  01/30/2020 (the date Dilmore's original Complaint was filed), GoSmith sent Dilmore at least 13

18  telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

19  messages using an automatic telephone dialing system in violation of 47 U.S.C.

20  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

21  procedures that meet the minimum standards required for telemarketing in violation of 47

22  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R.

23  64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Dilmore within a

24  12-month period after Dilmore was registered on the National Do Not Call Registry, including

25  but not limited to the period between 06/16/2017 and 06/22/2017. Dilmore seeks an amount not

26  less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. 227(b), and an

27  amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. 227(c).

1   Alternatively, Dilmore seeks an amount not less than $6,500 for at least 13 negligent violations
2   of 47 U.S.C. 227(b), and $6,500 for at least 13 negligent violations of 47 U.S.C. 227(c).

3       148.   Keegan Dinehart personally owns and uses the cellular phone number
4   xxx-xxx-6861. This number is a residential telephone subscription. In the four years preceding
5   01/30/2020 (the date Dinehart's original Complaint was filed), GoSmith sent Dinehart at least
6   12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text
7   messages using an automatic telephone dialing system in violation of 47 U.S.C.
8   227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting
9   procedures that meet the minimum standards required for telemarketing in violation of 47
10  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Dinehart seeks an amount not less than $18,000 for at
11  least 12 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than
12  $18,000 for at least 12 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,
13  Dinehart seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C.
14  227(b), and $6,000 for at least 12 negligent violations of 47 U.S.C. 227(c).

15      149.   Andy Ditz personally owns and uses the cellular phone number xxx-xxx-4200.
16  This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the
17  date Ditz's original Complaint was filed), GoSmith sent Ditz at least 6 telemarketing text
18  messages at this number. GoSmith knowingly and willfully sent these text messages using an
19  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith
20  knowingly and willfully sent these text messages without instituting procedures that meet the
21  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.
22  64.1200(d). Ditz seeks an amount not less than $9,000 for at least 6 knowing and willful
23  violations of 47 U.S.C. 227(b), and an amount not less than $9,000 for at least 6 knowing and
24  willful violations of 47 U.S.C. 227(c). Alternatively, Ditz seeks an amount not less than $3,000
25  for at least 6 negligent violations of 47 U.S.C. 227(b), and $3,000 for at least 6 negligent
26  violations of 47 U.S.C. 227(c).

27

150.   Kristopher Dixon personally owns and uses the cellular phone number xxx-xxx-2003. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Dixon's original Complaint was filed), GoSmith sent Dixon at least 15 telemarketing text messages at this number. Dixon remembers receiving messages daily for weeks at a time. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Dixon seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Dixon seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. 227(b), and $7,500 for at least 15 negligent violations of 47 U.S.C. 227(c).

151.   David Dorsette personally owns and uses the cellular phone number xxx-xxx-3757. This number is a residential telephone subscription. On 04/28/2007, Dorsette registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Dorsette's original Complaint was filed), GoSmith sent Dorsette at least 60 telemarketing text messages at this number. Upon information and belief, the actual number of violations is much, much higher. For example, in just one six-week period, Defendants texted Dorsette multiple times a day, despite Dorsette's urgent efforts to get GoSmith to stop sending the messages. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Dorsette within a 12-month period after Dorsette was registered on the National Do Not Call Registry, including but not limited to the period between

06/15/2017 and 07/27/2017. Dorsette seeks an amount not less than $90,000 for at least 60 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $90,000 for at least 60 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Dorsette seeks an amount not less than $30,000 for at least 60 negligent violations of 47 U.S.C. 227(b), and $30,000 for at least 60 negligent violations of 47 U.S.C. 227(c).

152.  David Drennen personally owns and uses the cellular phone number xxx-xxx-5849. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Drennen's original Complaint was filed), GoSmith sent Drennen at this number at least 2 telemarketing text messages per day for almost two years. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Drennen seeks an amount not less than $1,689,000 for at least 1,126 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $1,689,000 for at least 1,126 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Drennen seeks an amount not less than $563,000 for at least 1,126 negligent violations of 47 U.S.C. 227(b), and $563,000 for at least 1,126 negligent violations of 47 U.S.C. 227(c).

153.  Roni Duncan-Brown personally owns and uses the cellular phone number xxx-xxx-6315. This number is a residential telephone subscription. On 04/10/2015, Duncan-Brown registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Duncan-Brown's original Complaint was filed), GoSmith sent Duncan-Brown at least 2 telemarketing text messages per month at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47

U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Duncan-Brown within a 12-month period after Duncan-Brown was registered on the National Do Not Call Registry, including but not limited to the period between 05/16/2017 and 05/16/2018. Duncan-Brown seeks an amount not less than $99,000 for at least 66 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $99,000 for at least 66 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Duncan-Brown seeks an amount not less than $33,000 for at least 66 negligent violations of 47 U.S.C. 227(b), and $33,000 for at least 66 negligent violations of 47 U.S.C. 227(c).

154.   Wade Dwiggins personally owns and uses the cellular phone number xxx-xxx-5969. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Dwiggins's original Complaint was filed), GoSmith sent Dwiggins, at this number, at least 2-3 telemarketing text messages a week, for months. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Dwiggins seeks an amount not less than $240,000 for at least 160 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $240,000 for at least 160 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Dwiggins seeks an amount not less than $80,000 for at least 160 negligent violations of 47 U.S.C. 227(b), and $80,000 for at least 160 negligent violations of 47 U.S.C. 227(c).

155.   JB Ellery personally owns and uses the cellular phone number xxx-xxx-4047. This number is a residential telephone subscription. On 06/27/2008, Ellery registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Ellery's original Complaint was filed), GoSmith sent Ellery at least 11 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and

1  willfully sent these text messages without instituting procedures that meet the minimum

2  standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d).

3  Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and

4  willfully sent at least 2 text messages to Ellery within a 12-month period after Ellery was

5  registered on the National Do Not Call Registry, including but not limited to the period between

6  01/30/2016 and 01/29/2017. Ellery seeks an amount not less than $16,500 for at least 11

7  knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $16,500 for at

8  least 11 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Ellery seeks an

9  amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. 227(b), and $5,500

10  for at least 11 negligent violations of 47 U.S.C. 227(c).

11       156.  Joseph Endejan personally owns and uses the cellular phone number

12  xxx-xxx-1835. This number is a residential telephone subscription. On 12/02/2004, Endejan

13  registered this number on the National Do Not Call Registry. In the four years preceding

14  01/30/2020 (the date Endejan's original Complaint was filed), GoSmith sent Endejan at least 10

15  telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

16  messages using an automatic telephone dialing system in violation of 47 U.S.C.

17  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

18  procedures that meet the minimum standards required for telemarketing in violation of 47

19  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R.

20  64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Endejan within a

21  12-month period after Endejan was registered on the National Do Not Call Registry, including

22  but not limited to the period between 05/19/2017 and 05/19/2018. Endejan seeks an amount not

23  less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. 227(b), and an

24  amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. 227(c).

25  Alternatively, Endejan seeks an amount not less than $5,000 for at least 10 negligent violations

26  of 47 U.S.C. 227(b), and $5,000 for at least 10 negligent violations of 47 U.S.C. 227(c).

27

157.   Kurt Eshelman personally owns and uses the cellular phone number xxx-xxx-1693. This number is a residential telephone subscription. On 11/05/2010, Eshelman registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Eshelman's original Complaint was filed), GoSmith sent Eshelman at least 50 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Eshelman within a 12-month period after Eshelman was registered on the National Do Not Call Registry, including but not limited to the period between 07/25/2016 and 07/25/2017. Eshelman seeks an amount not less than $75,000 for at least 50 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $75,000 for at least 50 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Eshelman seeks an amount not less than $25,000 for at least 50 negligent violations of 47 U.S.C. 227(b), and $25,000 for at least 50 negligent violations of 47 U.S.C. 227(c).

158.   Alan Eskelsen personally owns and uses the cellular phone number xxx-xxx-6395. This number is a residential telephone subscription. On 04/22/2017, Eskelsen registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Eskelsen's original Complaint was filed), GoSmith sent Eskelsen at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Eskelsen within a 12-month period after

Eskelsen was registered on the National Do Not Call Registry, including but not limited to the period between 06/09/2017 and 06/30/2017. Eskelsen seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Eskelsen seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. 227(b), and $2,500 for at least 5 negligent violations of 47 U.S.C. 227(c).

159. Charles Exum personally owns and uses the cellular phone number xxx-xxx-2976. This number is a residential telephone subscription. On 02/28/2015, Exum registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Exum's original Complaint was filed), GoSmith sent Exum at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Exum within a 12-month period after Exum was registered on the National Do Not Call Registry, including but not limited to the period between 06/10/2017 and 07/31/2017. Exum seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Exum seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. 227(b), and $3,000 for at least 6 negligent violations of 47 U.S.C. 227(c).

160. Richard Farnsworth personally owns and uses the cellular phone number xxx-xxx-4778. This number is a residential telephone subscription. On 11/13/2004, Farnsworth registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Farnsworth's original Complaint was filed), GoSmith sent Farnsworth at least 14 telemarketing text messages at this number. GoSmith knowingly and willfully sent

these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Farnsworth within a 12-month period after Farnsworth was registered on the National Do Not Call Registry, including but not limited to the period between 12/19/2017 and 12/19/2018. Farnsworth seeks an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Farnsworth seeks an amount not less than $7,000 for at least 14 negligent violations of 47 U.S.C. 227(b), and $7,000 for at least 14 negligent violations of 47 U.S.C. 227(c).

161. Sharlyne Fisher personally owns and uses the cellular phone number xxx-xxx-3525. This number is a residential telephone subscription. On 06/24/2013, Fisher registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Fisher's original Complaint was filed), GoSmith sent Fisher at least 3-4 telemarketing text messages per week at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Fisher within a 12-month period after Fisher was registered on the National Do Not Call Registry, including but not limited to the period between 05/03/2017 and 07/12/2017. Fisher seeks an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. 227(c).

1    Alternatively, Fisher seeks an amount not less than $17,500 for at least 35 negligent violations

2    of 47 U.S.C. 227(b), and $17,500 for at least 35 negligent violations of 47 U.S.C. 227(c).

3         162.  David Flowers personally owns and uses the cellular phone number xxx-xxx-7005.

4    This number is a residential telephone subscription. On 07/28/2006, Flowers registered this

5    number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

6    Flowers's original Complaint was filed), GoSmith sent Flowers at least 2 telemarketing text

7    messages at this number. GoSmith knowingly and willfully sent these text messages using an

8    automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

9    knowingly and willfully sent these text messages without instituting procedures that meet the

10   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

11   64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

12   knowingly and willfully sent at least 2 text messages to Flowers within a 12-month period after

13   Flowers was registered on the National Do Not Call Registry, including but not limited to the

14   period between 04/27/2017 and 07/24/2017. Flowers seeks an amount not less than $3,000 for

15   at least 2 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

16   $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Flowers

17   seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and

18   $1,000 for at least 2 negligent violations of 47 U.S.C. 227(c).

19        163.  Henry Fluger personally owns and uses the cellular phone number xxx-xxx-0098.

20   This number is a residential telephone subscription. On 07/05/2015, Fluger registered this

21   number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

22   Fluger's original Complaint was filed), GoSmith sent Fluger at least 2 telemarketing text

23   messages at this number. GoSmith knowingly and willfully sent these text messages using an

24   automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

25   knowingly and willfully sent these text messages without instituting procedures that meet the

26   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

27   64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

knowingly and willfully sent at least 2 text messages to Fluger within a 12-month period after Fluger was registered on the National Do Not Call Registry, including but not limited to the period between 06/11/2017 and 06/11/2018. Fluger seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Fluger seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and $1,000 for at least 2 negligent violations of 47 U.S.C. 227(c).

164. Larry Freeman personally owns and uses the cellular phone number xxx-xxx-2623. This number is a residential telephone subscription. On 12/04/2004, Freeman registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Freeman's original Complaint was filed), GoSmith sent Freeman at least 50 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Freeman within a 12-month period after Freeman was registered on the National Do Not Call Registry, including but not limited to the period between 03/05/2016 and 03/05/2017. Freeman seeks an amount not less than $75,000 for at least 50 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $75,000 for at least 50 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Freeman seeks an amount not less than $25,000 for at least 50 negligent violations of 47 U.S.C. 227(b), and $25,000 for at least 50 negligent violations of 47 U.S.C. 227(c).

165. Randy Freemole personally owns and uses the cellular phone number xxx-xxx-0666. This number is a residential telephone subscription. On 06/04/2006, Freemole registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Freemole's original Complaint was filed), GoSmith sent Freemole at least

12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Freemole within a 12-month period after Freemole was registered on the National Do Not Call Registry, including but not limited to the period between 06/15/2017 and 07/28/2017. Freemole seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Freemole seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. 227(b), and $6,000 for at least 12 negligent violations of 47 U.S.C. 227(c).

166.  Joe Frieden personally owns and uses the cellular phone number xxx-xxx-9242. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Frieden's original Complaint was filed), GoSmith sent Frieden at least 23 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Frieden seeks an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Frieden seeks an amount not less than $11,500 for at least 23 negligent violations of 47 U.S.C. 227(b), and $11,500 for at least 23 negligent violations of 47 U.S.C. 227(c).

167.  Michael Gallant personally owns and uses the cellular phone number xxx-xxx-8469. This number is a residential telephone subscription. On 10/23/2008, Gallant registered this number on the National Do Not Call Registry. In the four years preceding

01/30/2020 (the date Gallant's original Complaint was filed), GoSmith sent Gallant at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Gallant within a 12-month period after Gallant was registered on the National Do Not Call Registry, including but not limited to the period between 06/09/2017 and 06/09/2018. Gallant seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Gallant seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. 227(b), and $2,000 for at least 4 negligent violations of 47 U.S.C. 227(c).

168. John Gangini personally owns and uses the cellular phone number xxx-xxx-6567. This number is a residential telephone subscription. On 09/03/2005, Gangini registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Gangini's original Complaint was filed), GoSmith sent Gangini at least one telemarketing text message per week at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Gangini within a 12-month period after Gangini was registered on the National Do Not Call Registry, including but not limited to the period between 01/30/2016 and 01/29/2017. Gangini seeks an amount not less than $313,500 for at least 209 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $313,500 for at least 209 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

1  Gangini seeks an amount not less than $104,500 for at least 209 negligent violations of 47

2  U.S.C. 227(b), and $104,500 for at least 209 negligent violations of 47 U.S.C. 227(c).

3       169.  David Garcia personally owns and uses the cellular phone number xxx-xxx-9922.

4  This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

5  date Garcia's original Complaint was filed), GoSmith sent Garcia at least 7 telemarketing text

6  messages at this number. GoSmith knowingly and willfully sent these text messages using an

7  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

8  knowingly and willfully sent these text messages without instituting procedures that meet the

9  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

10  64.1200(d). Garcia seeks an amount not less than $10,500 for at least 7 knowing and willful

11  violations of 47 U.S.C. 227(b), and an amount not less than $10,500 for at least 7 knowing and

12  willful violations of 47 U.S.C. 227(c). Alternatively, Garcia seeks an amount not less than

13  $3,500 for at least 7 negligent violations of 47 U.S.C. 227(b), and $3,500 for at least 7 negligent

14  violations of 47 U.S.C. 227(c).

15       170.  Kerry Garfinkle personally owns and uses the cellular phone number

16  xxx-xxx-9014. This number is a residential telephone subscription. In the four years preceding

17  01/30/2020 (the date Garfinkle's original Complaint was filed), GoSmith sent Garfinkle at least

18  2 telemarketing text messages per week at this number. GoSmith knowingly and willfully sent

19  these text messages using an automatic telephone dialing system in violation of 47 U.S.C.

20  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

21  procedures that meet the minimum standards required for telemarketing in violation of 47

22  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Garfinkle seeks an amount not less than $435,000 for

23  at least 290 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

24  $435,000 for at least 290 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

25  Garfinkle seeks an amount not less than $145,000 for at least 290 negligent violations of 47

26  U.S.C. 227(b), and $145,000 for at least 290 negligent violations of 47 U.S.C. 227(c).

27

171.  Benjamin George personally owns and uses the cellular phone number xxx-xxx-7867. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date George's original Complaint was filed), GoSmith sent George at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). George seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, George seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. 227(b), and $3,000 for at least 6 negligent violations of 47 U.S.C. 227(c).

172.  Justin Glasglow personally owns and uses the cellular phone number xxx-xxx-0008. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Glasglow's original Complaint was filed), GoSmith sent Glasglow at least 45 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Glasglow seeks an amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Glasglow seeks an amount not less than $22,500 for at least 45 negligent violations of 47 U.S.C. 227(b), and $22,500 for at least 45 negligent violations of 47 U.S.C. 227(c).

173.  DJ Glass personally owns and uses the cellular phone number xxx-xxx-2708. This number is a residential telephone subscription. On 06/22/2017, Glass registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Glass's

original Complaint was filed), GoSmith sent Glass at least 69 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Glass within a 12-month period after Glass was registered on the National Do Not Call Registry, including but not limited to the period between 06/22/2017 and 06/22/2018. Glass seeks an amount not less than $103,500 for at least 69 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $103,500 for at least 69 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Glass seeks an amount not less than $34,500 for at least 69 negligent violations of 47 U.S.C. 227(b), and $34,500 for at least 69 negligent violations of 47 U.S.C. 227(c).

174.    William Gomez personally owns and uses the cellular phone number xxx-xxx-9412. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Gomez's original Complaint was filed), GoSmith sent Gomez at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Gomez seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Gomez seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. 227(b), and $7,500 for at least 15 negligent violations of 47 U.S.C. 227(c).

175.    Tameka Gordon personally owns and uses the cellular phone number xxx-xxx-5411. This number is a residential telephone subscription. In the four years preceding

01/30/2020 (the date Gordon's original Complaint was filed), GoSmith sent Gordon at least 26 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Gordon seeks an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Gordon seeks an amount not less than $13,000 for at least 26 negligent violations of 47 U.S.C. 227(b), and $13,000 for at least 26 negligent violations of 47 U.S.C. 227(c).

176. Mark Gotti personally owns and uses the cellular phone number xxx-xxx-9318. This number is a residential telephone subscription. On 02/21/2008, Gotti registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Gotti's original Complaint was filed), GoSmith sent Gotti at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Gotti within a 12-month period after Gotti was registered on the National Do Not Call Registry, including but not limited to the period between 05/01/2017 and 05/01/2018. Gotti seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Gotti seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and $1,000 for at least 2 negligent violations of 47 U.S.C. 227(c).

177. Tammy Gouveia personally owns and uses the cellular phone number xxx-xxx-7614. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Gouveia's original Complaint was filed), GoSmith sent Gouveia at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Gouveia seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Gouveia seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. 227(b), and $1,500 for at least 3 negligent violations of 47 U.S.C. 227(c).

178. Ronald Graff personally owns and uses the cellular phone number xxx-xxx-5299. This number is a residential telephone subscription. On 07/01/2003, Graff registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Graff's original Complaint was filed), GoSmith sent Graff at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Graff within a 12-month period after Graff was registered on the National Do Not Call Registry, including but not limited to the period between 05/27/2017 and 05/27/2018. Graff seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Graff seeks an amount not

1  less than $2,500 for at least 5 negligent violations of 47 U.S.C. 227(b), and $2,500 for at least 5

2  negligent violations of 47 U.S.C. 227(c).

3      179.  Charles Gutaukus personally owns and uses the cellular phone number

4  xxx-xxx-0509. This number is a residential telephone subscription. In the four years preceding

5  01/30/2020 (the date Gutaukus's original Complaint was filed), GoSmith sent Gutaukus an

6  average of 5 telemarketing text messages per week at this number, with some weeks reaching as

7  high as 15 messages per week. GoSmith knowingly and willfully sent these text messages using

8  an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

9  knowingly and willfully sent these text messages without instituting procedures that meet the

10  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

11  64.1200(d). Gutaukus seeks an amount not less than $1,567,500 for at least 1,045 knowing and

12  willful violations of 47 U.S.C. 227(b), and an amount not less than $1,567,500 for at least 1,045

13  knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Gutaukus seeks an amount

14  not less than $522,500 for at least 1,045 negligent violations of 47 U.S.C. 227(b), and $522,500

15  for at least 1,045 negligent violations of 47 U.S.C. 227(c).

16      180.  John Hamilton personally owns and uses the cellular phone number xxx-xxx-4283.

17  This number is a residential telephone subscription. On 06/13/2005, Hamilton registered this

18  number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

19  Hamilton's original Complaint was filed), GoSmith sent Hamilton at least 5 telemarketing text

20  messages at this number. GoSmith knowingly and willfully sent these text messages using an

21  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

22  knowingly and willfully sent these text messages without instituting procedures that meet the

23  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

24  64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

25  knowingly and willfully sent at least 2 text messages to Hamilton within a 12-month period

26  after Hamilton was registered on the National Do Not Call Registry, including but not limited to

27  the period between 04/22/2017 and 04/22/2018. Hamilton seeks an amount not less than $7,500

1   for at least 5 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

2   $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

3   Hamilton seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C.

4   227(b), and $2,500 for at least 5 negligent violations of 47 U.S.C. 227(c).

5       181.  Keir Hamlin personally owns and uses the cellular phone number xxx-xxx-9599.

6   This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

7   date Hamlin's original Complaint was filed), GoSmith sent Hamlin at least 15 telemarketing

8   text messages at this number. GoSmith knowingly and willfully sent these text messages using

9   an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

10  knowingly and willfully sent these text messages without instituting procedures that meet the

11  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

12  64.1200(d). Hamlin seeks an amount not less than $22,500 for at least 15 knowing and willful

13  violations of 47 U.S.C. 227(b), and an amount not less than $22,500 for at least 15 knowing and

14  willful violations of 47 U.S.C. 227(c). Alternatively, Hamlin seeks an amount not less than

15  $7,500 for at least 15 negligent violations of 47 U.S.C. 227(b), and $7,500 for at least 15

16  negligent violations of 47 U.S.C. 227(c).

17      182.  Demetrious Harmon personally owns and uses the cellular phone number

18  xxx-xxx-5251. This number is a residential telephone subscription. In the four years preceding

19  01/30/2020 (the date Harmon's original Complaint was filed), GoSmith sent Harmon at least 27

20  telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

21  messages using an automatic telephone dialing system in violation of 47 U.S.C.

22  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

23  procedures that meet the minimum standards required for telemarketing in violation of 47

24  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Harmon seeks an amount not less than $40,500 for at

25  least 27 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

26  $40,500 for at least 27 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

27

1    Harmon seeks an amount not less than $13,500 for at least 27 negligent violations of 47 U.S.C.

2    227(b), and $13,500 for at least 27 negligent violations of 47 U.S.C. 227(c).

3         183.  Joan Hart personally owns and uses the cellular phone number xxx-xxx-4143. This

4    number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date

5    Hart's original Complaint was filed), GoSmith sent Hart at least 50 telemarketing text messages

6    at this number. GoSmith knowingly and willfully sent these text messages using an automatic

7    telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and

8    willfully sent these text messages without instituting procedures that meet the minimum

9    standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d).

10    Hart seeks an amount not less than $75,000 for at least 50 knowing and willful violations of 47

11    U.S.C. 227(b), and an amount not less than $75,000 for at least 50 knowing and willful

12    violations of 47 U.S.C. 227(c). Alternatively, Hart seeks an amount not less than $25,000 for at

13    least 50 negligent violations of 47 U.S.C. 227(b), and $25,000 for at least 50 negligent

14    violations of 47 U.S.C. 227(c).

15         184.  Eva Haynes personally owns and uses the cellular phone number xxx-xxx-6073.

16    This number is a residential telephone subscription. On 06/26/2010, Haynes registered this

17    number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

18    Haynes's original Complaint was filed), GoSmith sent Haynes at least 70 telemarketing text

19    messages at this number. GoSmith knowingly and willfully sent these text messages using an

20    automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

21    knowingly and willfully sent these text messages without instituting procedures that meet the

22    minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

23    64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

24    knowingly and willfully sent at least 2 text messages to Haynes within a 12-month period after

25    Haynes was registered on the National Do Not Call Registry, including but not limited to the

26    period between 06/01/2017 and 06/01/2018. Haynes seeks an amount not less than $105,000 for

27    at least 70 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

$105,000 for at least 70 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Haynes seeks an amount not less than $35,000 for at least 70 negligent violations of 47 U.S.C. 227(b), and $35,000 for at least 70 negligent violations of 47 U.S.C. 227(c).

185. Andrew Hazelwood personally owns and uses the cellular phone number xxx-xxx-9719. This number is a residential telephone subscription. On 02/20/2013, Hazelwood registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Hazelwood's original Complaint was filed), GoSmith sent Hazelwood at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Hazelwood within a 12-month period after Hazelwood was registered on the National Do Not Call Registry, including but not limited to the period between 06/22/2017 and 09/27/2017. Hazelwood seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Hazelwood seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. 227(b), and $3,000 for at least 6 negligent violations of 47 U.S.C. 227(c).

186. Patrick Hearn personally owns and uses the cellular phone number xxx-xxx-9814. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Hearn's original Complaint was filed), GoSmith sent Hearn at least one telemarketing text message per week at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47

C.F.R. 64.1200(d). Hearn seeks an amount not less than $342,000 for at least 228 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $342,000 for at least 228 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Hearn seeks an amount not less than $114,000 for at least 228 negligent violations of 47 U.S.C. 227(b), and $114,000 for at least 228 negligent violations of 47 U.S.C. 227(c).

187.   Dennis Hepler personally owns and uses the cellular phone number xxx-xxx-9693. This number is a residential telephone subscription. On 08/03/2003, Hepler registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Hepler's original Complaint was filed), GoSmith sent Hepler at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Hepler within a 12-month period after Hepler was registered on the National Do Not Call Registry, including but not limited to the period between 06/04/2017 and 07/06/2017. Hepler seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Hepler seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. 227(b), and $2,500 for at least 5 negligent violations of 47 U.S.C. 227(c).

188.   Joshua Hill personally owns and uses the cellular phone number xxx-xxx-2732. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Hill's original Complaint was filed), GoSmith sent Hill at least 49 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the

1  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

2  64.1200(d). Hill seeks an amount not less than $73,500 for at least 49 knowing and willful

3  violations of 47 U.S.C. 227(b), and an amount not less than $73,500 for at least 49 knowing and

4  willful violations of 47 U.S.C. 227(c). Alternatively, Hill seeks an amount not less than $24,500

5  for at least 49 negligent violations of 47 U.S.C. 227(b), and $24,500 for at least 49 negligent

6  violations of 47 U.S.C. 227(c).

7      189.  Jabari Hillyer personally owns and uses the cellular phone number xxx-xxx-5277.

8  This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

9  date Hillyer's original Complaint was filed), GoSmith sent Hillyer at least 232 telemarketing

10  text messages at this number. GoSmith knowingly and willfully sent these text messages using

11  an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

12  knowingly and willfully sent these text messages without instituting procedures that meet the

13  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

14  64.1200(d). Hillyer seeks an amount not less than $348,000 for at least 232 knowing and willful

15  violations of 47 U.S.C. 227(b), and an amount not less than $348,000 for at least 232 knowing

16  and willful violations of 47 U.S.C. 227(c). Alternatively, Hillyer seeks an amount not less than

17  $116,000 for at least 232 negligent violations of 47 U.S.C. 227(b), and $116,000 for at least 232

18  negligent violations of 47 U.S.C. 227(c).

19      190.  William Hoar personally owns and uses the cellular phone number xxx-xxx-0280.

20  This number is a residential telephone subscription. On 03/17/2011, Hoar registered this

21  number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

22  Hoar's original Complaint was filed), GoSmith sent Hoar at least 6 telemarketing text messages

23  at this number. GoSmith knowingly and willfully sent these text messages using an automatic

24  telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and

25  willfully sent these text messages without instituting procedures that meet the minimum

26  standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d).

27  Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and

willfully sent at least 2 text messages to Hoar within a 12-month period after Hoar was

registered on the National Do Not Call Registry, including but not limited to the period between

04/30/2017 and 04/30/2018. Hoar seeks an amount not less than $9,000 for at least 6 knowing

and willful violations of 47 U.S.C. 227(b), and an amount not less than $9,000 for at least 6

knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Hoar seeks an amount not

less than $3,000 for at least 6 negligent violations of 47 U.S.C. 227(b), and $3,000 for at least 6

negligent violations of 47 U.S.C. 227(c).

191.  Loren Hobbs personally owns and uses the cellular phone number xxx-xxx-0002.

This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

date Hobbs's original Complaint was filed), GoSmith sent Hobbs an average of 3-5

telemarketing text messages per week at this number. GoSmith knowingly and willfully sent

these text messages using an automatic telephone dialing system in violation of 47 U.S.C.

227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Hobbs seeks an amount not less than $1,254,000 for at

least 836 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

$1,254,000 for at least 836 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

Hobbs seeks an amount not less than $418,000 for at least 836 negligent violations of 47 U.S.C.

227(b), and $418,000 for at least 836 negligent violations of 47 U.S.C. 227(c).

192.  Antonio Hope personally owns and uses the cellular phone number xxx-xxx-6667.

This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

date Hope's original Complaint was filed), GoSmith sent Hope at least 40 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an

automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

knowingly and willfully sent these text messages without instituting procedures that meet the

minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

64.1200(d). Hope seeks an amount not less than $60,000 for at least 40 knowing and willful

1  violations of 47 U.S.C. 227(b), and an amount not less than $60,000 for at least 40 knowing and

2  willful violations of 47 U.S.C. 227(c). Alternatively, Hope seeks an amount not less than

3  $20,000 for at least 40 negligent violations of 47 U.S.C. 227(b), and $20,000 for at least 40

4  negligent violations of 47 U.S.C. 227(c).

5       193.  Brian Hopple personally owns and uses the cellular phone number xxx-xxx-7935.

6  This number is a residential telephone subscription. On -2/09/08-2, Hopple registered this

7  number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

8  Hopple's original Complaint was filed), GoSmith sent Hopple at least one telemarketing text

9  message each week at this number. GoSmith knowingly and willfully sent these text messages

10  using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii).

11  GoSmith knowingly and willfully sent these text messages without instituting procedures that

12  meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47

13  C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

14  knowingly and willfully sent at least 2 text messages to Hopple within a 12-month period after

15  Hopple was registered on the National Do Not Call Registry, including but not limited to the

16  period between 06/16/2017 and 06/16/2018. Hopple seeks an amount not less than $205,500 for

17  at least 137 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

18  $205,500 for at least 137 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

19  Hopple seeks an amount not less than $68,500 for at least 137 negligent violations of 47 U.S.C.

20  227(b), and $68,500 for at least 137 negligent violations of 47 U.S.C. 227(c).

21       194.  Jeff Howard personally owns and uses the cellular phone number xxx-xxx-6006.

22  This number is a residential telephone subscription. On 07/08/2003, Howard registered this

23  number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

24  Howard's original Complaint was filed), GoSmith sent Howard at least 12 telemarketing text

25  messages at this number. GoSmith knowingly and willfully sent these text messages using an

26  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

27  knowingly and willfully sent these text messages without instituting procedures that meet the

minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Howard within a 12-month period after Howard was registered on the National Do Not Call Registry, including but not limited to the period between 01/30/2016 and 01/29/2017. Howard seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Howard seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. 227(b), and $6,000 for at least 12 negligent violations of 47 U.S.C. 227(c).

195.  Sean Hoy personally owns and uses the cellular phone number xxx-xxx-2936. This number is a residential telephone subscription. On 08/01/2006, Hoy registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Hoy's original Complaint was filed), GoSmith sent Hoy at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Hoy within a 12-month period after Hoy was registered on the National Do Not Call Registry, including but not limited to the period between 06/13/2017 and 06/13/2018. Hoy seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Hoy seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. 227(b), and $2,000 for at least 4 negligent violations of 47 U.S.C. 227(c).

196.  Richard Huskey personally owns and uses the cellular phone number xxx-xxx-2072. This number is a residential telephone subscription. In the four years preceding

01/30/2020 (the date Huskey's original Complaint was filed), GoSmith sent Huskey at least 35 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Huskey seeks an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Huskey seeks an amount not less than $17,500 for at least 35 negligent violations of 47 U.S.C. 227(b), and $17,500 for at least 35 negligent violations of 47 U.S.C. 227(c).

197.  Christopher Inman personally owns and uses the cellular phone number xxx-xxx-7132. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Inman's original Complaint was filed), GoSmith sent Inman at least 19 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Inman seeks an amount not less than $28,500 for at least 19 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $28,500 for at least 19 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Inman seeks an amount not less than $9,500 for at least 19 negligent violations of 47 U.S.C. 227(b), and $9,500 for at least 19 negligent violations of 47 U.S.C. 227(c).

198.  Demetrius Jefferson personally owns and uses the cellular phone number xxx-xxx-7250. This number is a residential telephone subscription. On 08/12/2013, Jefferson registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Jefferson's original Complaint was filed), GoSmith sent Jefferson at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

messages using an automatic telephone dialing system in violation of 47 U.S.C.

227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R.

64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Jefferson within a

12-month period after Jefferson was registered on the National Do Not Call Registry, including

but not limited to the period between 06/22/2017 and 06/28/2017. Jefferson seeks an amount

not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. 227(b), and an

amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. 227(c).

Alternatively, Jefferson seeks an amount not less than $1,500 for at least 3 negligent violations

of 47 U.S.C. 227(b), and $1,500 for at least 3 negligent violations of 47 U.S.C. 227(c).

199.  Mark Jennings personally owns and uses the cellular phone number xxx-xxx-3572.
This number is a residential telephone subscription. On 12/08/2004, Jennings registered this

number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

Jennings's original Complaint was filed), GoSmith sent Jennings at least 13 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an

automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

knowingly and willfully sent these text messages without instituting procedures that meet the

minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

knowingly and willfully sent at least 2 text messages to Jennings within a 12-month period after

Jennings was registered on the National Do Not Call Registry, including but not limited to the

period between 05/03/2017 and 05/03/2018. Jennings seeks an amount not less than $19,500 for

at least 13 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

$19,500 for at least 13 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

Jennings seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C.

227(b), and $6,500 for at least 13 negligent violations of 47 U.S.C. 227(c).

200.  Christopher Johnson personally owns and uses the cellular phone number xxx-xxx-8443. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Johnson's original Complaint was filed), GoSmith sent Johnson at least 14 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Johnson seeks an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Johnson seeks an amount not less than $7,000 for at least 14 negligent violations of 47 U.S.C. 227(b), and $7,000 for at least 14 negligent violations of 47 U.S.C. 227(c).

201.  Stacie Johnson personally owns and uses the cellular phone number xxx-xxx-1014. This number is a residential telephone subscription. On 05/09/2006, Johnson registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Johnson's original Complaint was filed), GoSmith sent Johnson at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Johnson within a 12-month period after Johnson was registered on the National Do Not Call Registry, including but not limited to the period between 06/09/2017 and 06/09/2018. Johnson seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Johnson

1   seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and

2   $1,000 for at least 2 negligent violations of 47 U.S.C. 227(c).

3       202.   Jeremiah Jones personally owns and uses the cellular phone number

4   xxx-xxx-8678. This number is a residential telephone subscription. In the four years preceding

5   01/30/2020 (the date Jones's original Complaint was filed), GoSmith sent Jones at least 9

6   telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

7   messages using an automatic telephone dialing system in violation of 47 U.S.C.

8   227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

9   procedures that meet the minimum standards required for telemarketing in violation of 47

10  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Jones seeks an amount not less than $13,500 for at

11  least 9 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $13,500

12  for at least 9 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Jones seeks an

13  amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. 227(b), and $4,500

14  for at least 9 negligent violations of 47 U.S.C. 227(c).

15      203.   Kevin Jones personally owns and uses the cellular phone number xxx-xxx-4712.

16  This number is a residential telephone subscription. On 05/17/2005, Jones registered this

17  number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

18  Jones's original Complaint was filed), GoSmith sent Jones at least 3 telemarketing text

19  messages at this number. GoSmith knowingly and willfully sent these text messages using an

20  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

21  knowingly and willfully sent these text messages without instituting procedures that meet the

22  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

23  64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

24  knowingly and willfully sent at least 2 text messages to Jones within a 12-month period after

25  Jones was registered on the National Do Not Call Registry, including but not limited to the

26  period between 06/01/2017 and 08/04/2017. Jones seeks an amount not less than $4,500 for at

27  least 3 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $4,500

1  for at least 3 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Jones seeks an

2  amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. 227(b), and $1,500

3  for at least 3 negligent violations of 47 U.S.C. 227(c).

4       204.  Trevor Jones personally owns and uses the cellular phone number xxx-xxx-6854.

5  This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

6  date Jones's original Complaint was filed), GoSmith sent Jones at least 640 telemarketing text

7  messages at this number. GoSmith knowingly and willfully sent these text messages using an

8  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

9  knowingly and willfully sent these text messages without instituting procedures that meet the

10 minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

11 64.1200(d). Jones seeks an amount not less than $960,000 for at least 640 knowing and willful

12 violations of 47 U.S.C. 227(b), and an amount not less than $960,000 for at least 640 knowing

13 and willful violations of 47 U.S.C. 227(c). Alternatively, Jones seeks an amount not less than

14 $320,000 for at least 640 negligent violations of 47 U.S.C. 227(b), and $320,000 for at least 640

15 negligent violations of 47 U.S.C. 227(c).

16      205.  Ted Judge personally owns and uses the cellular phone number xxx-xxx-8775.

17 This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

18 date Judge's original Complaint was filed), GoSmith sent Judge at least 14 telemarketing text

19 messages at this number. GoSmith knowingly and willfully sent these text messages using an

20 automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

21 knowingly and willfully sent these text messages without instituting procedures that meet the

22 minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

23 64.1200(d). Judge seeks an amount not less than $21,000 for at least 14 knowing and willful

24 violations of 47 U.S.C. 227(b), and an amount not less than $21,000 for at least 14 knowing and

25 willful violations of 47 U.S.C. 227(c). Alternatively, Judge seeks an amount not less than

26 $7,000 for at least 14 negligent violations of 47 U.S.C. 227(b), and $7,000 for at least 14

27 negligent violations of 47 U.S.C. 227(c).

206.  Maria Kahookele personally owns and uses the cellular phone number xxx-xxx-1644. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Kahookele's original Complaint was filed), GoSmith sent Kahookele at least 2 telemarketing text messages per week at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Kahookele seeks an amount not less than $42,000 for at least 28 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $42,000 for at least 28 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Kahookele seeks an amount not less than $14,000 for at least 28 negligent violations of 47 U.S.C. 227(b), and $14,000 for at least 28 negligent violations of 47 U.S.C. 227(c).

207.  Jodi Kaili personally owns and uses the cellular phone number xxx-xxx-5618. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Kaili's original Complaint was filed), GoSmith sent Kaili at least 11 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Kaili seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Kaili seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. 227(b), and $5,500 for at least 11 negligent violations of 47 U.S.C. 227(c).

208.  Saul Kash personally owns and uses the cellular phone number xxx-xxx-6751. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Kash's original Complaint was filed), GoSmith sent Kash at least 2 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Kash seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Kash seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and $1,000 for at least 2 negligent violations of 47 U.S.C. 227(c).

209.   Justin Kelberlau personally owns and uses the cellular phone number xxx-xxx-4705. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Kelberlau's original Complaint was filed), GoSmith sent Kelberlau at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Kelberlau seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Kelberlau seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. 227(b), and $2,000 for at least 4 negligent violations of 47 U.S.C. 227(c).

210.   Dennis Kellerman personally owns and uses the cellular phone number xxx-xxx-9570. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Kellerman's original Complaint was filed), GoSmith sent Kellerman at least 80 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Kellerman seeks an amount not less than $120,000 for at least 80 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $120,000 for at least 80 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Kellerman seeks an amount not less than $40,000 for at least 80 negligent violations of 47 U.S.C. 227(b), and $40,000 for at least 80 negligent violations of 47 U.S.C. 227(c).

211.   Wes Keysor personally owns and uses the cellular phone number xxx-xxx-7076. This number is a residential telephone subscription. On 11/25/2003, Keysor registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Keysor's original Complaint was filed), GoSmith sent Keysor at least 2 telemarketing text messages per week at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Keysor within a 12-month period after Keysor was registered on the National Do Not Call Registry, including but not limited to the period between 05/08/2017 and 05/08/2018. Keysor seeks an amount not less than $429,000 for at least 286 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $429,000 for at least 286 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Keysor seeks an amount not less than $143,000 for at least 286 negligent violations of 47 U.S.C. 227(b), and $143,000 for at least 286 negligent violations of 47 U.S.C. 227(c).

212.   Steve Kincaid personally owns and uses the cellular phone number xxx-xxx-0307. This number is a residential telephone subscription. On 03/20/2015, Kincaid registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Kincaid's original Complaint was filed), GoSmith sent Kincaid at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an

automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Kincaid within a 12-month period after Kincaid was registered on the National Do Not Call Registry, including but not limited to the period between 05/30/2017 and 05/30/2018. Kincaid seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Kincaid seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. 227(b), and $3,500 for at least 7 negligent violations of 47 U.S.C. 227(c).

213. Kevin Kittler personally owns and uses the cellular phone number xxx-xxx-2587. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Kittler's original Complaint was filed), GoSmith sent Kittler at least 19 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Kittler seeks an amount not less than $28,500 for at least 19 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $28,500 for at least 19 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Kittler seeks an amount not less than $9,500 for at least 19 negligent violations of 47 U.S.C. 227(b), and $9,500 for at least 19 negligent violations of 47 U.S.C. 227(c).

214. Heidi Knutson personally owns and uses the cellular phone number xxx-xxx-5450. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Knutson's original Complaint was filed), GoSmith sent Knutson at least 5 telemarketing text messages at this number and up to several times a week. Upon information and belief, the

1   actual number of violations is much higher. GoSmith knowingly and willfully sent these text

2   messages using an automatic telephone dialing system in violation of 47 U.S.C.

3   227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

4   procedures that meet the minimum standards required for telemarketing in violation of 47

5   U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Knutson seeks an amount not less than $7,500 for at

6   least 5 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $7,500

7   for at least 5 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Knutson seeks

8   an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. 227(b), and

9   $2,500 for at least 5 negligent violations of 47 U.S.C. 227(c).

10       215.  Matthew Kuehn personally owns and uses the cellular phone number

11   xxx-xxx-6386. This number is a residential telephone subscription. In the four years preceding

12   01/30/2020 (the date Kuehn's original Complaint was filed), GoSmith sent Kuehn at least 2

13   telemarketing text messages per week at this number, going silent for a while, then texting

14   several times a week all over again.. GoSmith knowingly and willfully sent these text messages

15   using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii).

16   GoSmith knowingly and willfully sent these text messages without instituting procedures that

17   meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47

18   C.F.R. 64.1200(d). Kuehn seeks an amount not less than $21,000 for at least 14 knowing and

19   willful violations of 47 U.S.C. 227(b), and an amount not less than $21,000 for at least 14

20   knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Kuehn seeks an amount not

21   less than $7,000 for at least 14 negligent violations of 47 U.S.C. 227(b), and $7,000 for at least

22   14 negligent violations of 47 U.S.C. 227(c).

23       216.  Randy Landman personally owns and uses the cellular phone number

24   xxx-xxx-7714. This number is a residential telephone subscription. On 01/14/2006, Landman

25   registered this number on the National Do Not Call Registry. In the four years preceding

26   01/30/2020 (the date Landman's original Complaint was filed), GoSmith sent Landman at least

27   9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Landman within a 12-month period after Landman was registered on the National Do Not Call Registry, including but not limited to the period between 05/24/2017 and 06/24/2017. Landman seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Landman seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. 227(b), and $4,500 for at least 9 negligent violations of 47 U.S.C. 227(c).

217.   Torben Larsen personally owns and uses the cellular phone number xxx-xxx-8464. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Larsen's original Complaint was filed), GoSmith sent Larsen at least 24 telemarketing text messages at this number. At times Defendants texted Larsen three times a week, others less. Larsen found it very irritating. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Larsen seeks an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Larsen seeks an amount not less than $12,000 for at least 24 negligent violations of 47 U.S.C. 227(b), and $12,000 for at least 24 negligent violations of 47 U.S.C. 227(c).

218.   Edward LaVally personally owns and uses the cellular phone number xxx-xxx-4080. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date LaVally's original Complaint was filed), GoSmith sent LaVally at least 20

1 | telemarketing text messages at this number. GoSmith knowingly and willfully sent these text
2 | messages using an automatic telephone dialing system in violation of 47 U.S.C.
3 | 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting
4 | procedures that meet the minimum standards required for telemarketing in violation of 47
5 | U.S.C. 227(c) and 47 C.F.R. 64.1200(d). LaVally seeks an amount not less than $30,000 for at
6 | least 20 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than
7 | $30,000 for at least 20 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,
8 | LaVally seeks an amount not less than $10,000 for at least 20 negligent violations of 47 U.S.C.
9 | 227(b), and $10,000 for at least 20 negligent violations of 47 U.S.C. 227(c).

10 | 219.  Josh Lawlor personally owns and uses the cellular phone number xxx-xxx-0374.
11 | This number is a residential telephone subscription. On 12/11/2004, Lawlor registered this
12 | number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date
13 | Lawlor's original Complaint was filed), GoSmith sent Lawlor at least 3 telemarketing text
14 | messages at this number. GoSmith knowingly and willfully sent these text messages using an
15 | automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith
16 | knowingly and willfully sent these text messages without instituting procedures that meet the
17 | minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.
18 | 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith
19 | knowingly and willfully sent at least 2 text messages to Lawlor within a 12-month period after
20 | Lawlor was registered on the National Do Not Call Registry, including but not limited to the
21 | period between 06/20/2017 and 08/30/2017. Lawlor seeks an amount not less than $4,500 for at
22 | least 3 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $4,500
23 | for at least 3 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Lawlor seeks an
24 | amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. 227(b), and $1,500
25 | for at least 3 negligent violations of 47 U.S.C. 227(c).

26 | 220.  Allisyn Layton personally owns and uses the cellular phone number
27 | xxx-xxx-2037. This number is a residential telephone subscription. In the four years preceding

01/30/2020 (the date Layton's original Complaint was filed), GoSmith sent Layton at least 3 telemarketing text messages per month at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Layton seeks an amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Layton seeks an amount not less than $15,000 for at least 30 negligent violations of 47 U.S.C. 227(b), and $15,000 for at least 30 negligent violations of 47 U.S.C. 227(c).

221.   Samantha Lee personally owns and uses the cellular phone number xxx-xxx-4252. This number is a residential telephone subscription. On 09/07/2016, Lee registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Lee's original Complaint was filed), GoSmith sent Lee at least 5 telemarketing text messages at this number, all within a couple of months. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Lee within a 12-month period after Lee was registered on the National Do Not Call Registry, including but not limited to the period between 06/03/2017 and 07/05/2017. Lee seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Lee seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. 227(b), and $2,500 for at least 5 negligent violations of 47 U.S.C. 227(c).

222.  Justin Lee personally owns and uses the cellular phone number xxx-xxx-2018. This number is a residential telephone subscription. On 04/30/2006, Lee registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Lee's original Complaint was filed), GoSmith sent Lee at least 20 telemarketing text messages at this number, with at least 1-2 arriving each week for several weeks. Lee estimates that 20 is a very conservative number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Lee within a 12-month period after Lee was registered on the National Do Not Call Registry, including but not limited to the period between 11/04/2017 and 11/04/2018. Lee seeks an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Lee seeks an amount not less than $10,000 for at least 20 negligent violations of 47 U.S.C. 227(b), and $10,000 for at least 20 negligent violations of 47 U.S.C. 227(c).

223.  Nick Lee personally owns and uses the cellular phone number xxx-xxx-8212. This number is a residential telephone subscription. On 04/06/2013, Lee registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Lee's original Complaint was filed), GoSmith sent Lee at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Lee within a 12-month period after Lee was registered

1   on the National Do Not Call Registry, including but not limited to the period between

2   06/09/2017 and 06/09/2018. Lee seeks an amount not less than $7,500 for at least 5 knowing

3   and willful violations of 47 U.S.C. 227(b), and an amount not less than $7,500 for at least 5

4   knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Lee seeks an amount not less

5   than $2,500 for at least 5 negligent violations of 47 U.S.C. 227(b), and $2,500 for at least 5

6   negligent violations of 47 U.S.C. 227(c).

7       224.  Eric Leverenz personally owns and uses the cellular phone number xxx-xxx-3820.

8   This number is a residential telephone subscription. On 02/27/2009, Leverenz registered this

9   number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

10  Leverenz's original Complaint was filed), GoSmith sent Leverenz at least 725 telemarketing

11  text messages at this number. Some weeks, Leverenz received 5 telemarketing messages per

12  week from Defendants. Other weeks, it was as many as 15 telemarketing messages per week.

13  GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing

14  system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these

15  text messages without instituting procedures that meet the minimum standards required for

16  telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47

17  U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text

18  messages to Leverenz within a 12-month period after Leverenz was registered on the National

19  Do Not Call Registry, including but not limited to the period between 04/25/2017 and

20  04/25/2018. Leverenz seeks an amount not less than $1,087,500 for at least 725 knowing and

21  willful violations of 47 U.S.C. 227(b), and an amount not less than $1,087,500 for at least 725

22  knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Leverenz seeks an amount

23  not less than $362,500 for at least 725 negligent violations of 47 U.S.C. 227(b), and $362,500

24  for at least 725 negligent violations of 47 U.S.C. 227(c).

25      225.  Yosi Levi personally owns and uses the cellular phone number xxx-xxx-2636. This

26  number is a residential telephone subscription. On 11/18/2006, Levi registered this number on

27  the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Levi's

original Complaint was filed), GoSmith sent Levi at least 12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Levi within a 12-month period after Levi was registered on the National Do Not Call Registry, including but not limited to the period between 05/26/2017 and 05/26/2018. Levi seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Levi seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. 227(b), and $6,000 for at least 12 negligent violations of 47 U.S.C. 227(c).

226.  Gregory Lewandowski personally owns and uses the cellular phone number xxx-xxx-8944. This number is a residential telephone subscription. On 02/15/2005, Lewandowski registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Lewandowski's original Complaint was filed), GoSmith sent Lewandowski at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Lewandowski within a 12-month period after Lewandowski was registered on the National Do Not Call Registry, including but not limited to the period between 01/30/2016 and 01/29/2017. Lewandowski seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $3,000 for at least 2 knowing and willful

violations of 47 U.S.C. 227(c). Alternatively, Lewandowski seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and $1,000 for at least 2 negligent violations of 47 U.S.C. 227(c).

227.   Tom Lewis personally owns and uses the cellular phone number xxx-xxx-5535. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Lewis's original Complaint was filed), GoSmith sent Lewis at least 20 telemarketing text messages at this number. Tom Lewis also personally owns and uses the cellular phone number 435-830-3044, which GoSmith sent at least 2 telemarketing text messages to. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Lewis seeks an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Lewis seeks an amount not less than $10,000 for at least 20 negligent violations of 47 U.S.C. 227(b), and $10,000 for at least 20 negligent violations of 47 U.S.C. 227(c).

228.   Brandon Light personally owns and uses the cellular phone number xxx-xxx-0739. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Light's original Complaint was filed), GoSmith sent Light at least 57 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Light seeks an amount not less than $85,500 for at least 57 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $85,500 for at least 57 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Light seeks an amount not less than

1   $28,500 for at least 57 negligent violations of 47 U.S.C. 227(b), and $28,500 for at least 57

2   negligent violations of 47 U.S.C. 227(c).

3        229.  James Lillis personally owns and uses the cellular phone number xxx-xxx-4608.

4   This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

5   date Lillis's original Complaint was filed), GoSmith sent Lillis at least 3 telemarketing text

6   messages at this number. GoSmith knowingly and willfully sent these text messages using an

7   automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

8   knowingly and willfully sent these text messages without instituting procedures that meet the

9   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

10   64.1200(d). Lillis seeks an amount not less than $4,500 for at least 3 knowing and willful

11   violations of 47 U.S.C. 227(b), and an amount not less than $4,500 for at least 3 knowing and

12   willful violations of 47 U.S.C. 227(c). Alternatively, Lillis seeks an amount not less than $1,500

13   for at least 3 negligent violations of 47 U.S.C. 227(b), and $1,500 for at least 3 negligent

14   violations of 47 U.S.C. 227(c).

15        230.  Adam Lindley personally owns and uses the cellular phone number xxx-xxx-0299.

16   This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

17   date Lindley's original Complaint was filed), GoSmith sent Lindley at least 2 telemarketing text

18   messages at this number. GoSmith knowingly and willfully sent these text messages using an

19   automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

20   knowingly and willfully sent these text messages without instituting procedures that meet the

21   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

22   64.1200(d). Lindley seeks an amount not less than $3,000 for at least 2 knowing and willful

23   violations of 47 U.S.C. 227(b), and an amount not less than $3,000 for at least 2 knowing and

24   willful violations of 47 U.S.C. 227(c). Alternatively, Lindley seeks an amount not less than

25   $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and $1,000 for at least 2 negligent

26   violations of 47 U.S.C. 227(c).

27

231.  Jazmin Locke personally owns and uses the cellular phone number xxx-xxx-6372. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Locke's original Complaint was filed), GoSmith sent Locke at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Locke seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Locke seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. 227(b), and $2,500 for at least 5 negligent violations of 47 U.S.C. 227(c).

232.  Juan Lopez personally owns and uses the cellular phone number xxx-xxx-4426. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Lopez's original Complaint was filed), GoSmith sent Lopez at least 439 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Lopez seeks an amount not less than $658,500 for at least 439 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $658,500 for at least 439 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Lopez seeks an amount not less than $219,500 for at least 439 negligent violations of 47 U.S.C. 227(b), and $219,500 for at least 439 negligent violations of 47 U.S.C. 227(c).

233.  Ryan Loyd personally owns and uses the cellular phone number xxx-xxx-3315. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Loyd's original Complaint was filed), GoSmith sent Loyd at least 143 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Loyd seeks an amount not less than $214,500 for at least 143 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $214,500 for at least 143 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Loyd seeks an amount not less than $71,500 for at least 143 negligent violations of 47 U.S.C. 227(b), and $71,500 for at least 143 negligent violations of 47 U.S.C. 227(c).

234. Daniel Luckman personally owns and uses the cellular phone number xxx-xxx-3555. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Luckman's original Complaint was filed), GoSmith sent Luckman at least 60 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Luckman seeks an amount not less than $90,000 for at least 60 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $90,000 for at least 60 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Luckman seeks an amount not less than $30,000 for at least 60 negligent violations of 47 U.S.C. 227(b), and $30,000 for at least 60 negligent violations of 47 U.S.C. 227(c).

235. Stevan Major personally owns and uses the cellular phone number xxx-xxx-5514. This number is a residential telephone subscription. On 06/17/2010, Major registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Major's original Complaint was filed), GoSmith sent Major at least 47 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Major within a 12-month period after Major was registered on the National Do Not Call Registry, including but not limited to the period between 01/30/2016 and 01/29/2017. Major seeks an amount not less than $70,500 for at least 47 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $70,500 for at least 47 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Major seeks an amount not less than $23,500 for at least 47 negligent violations of 47 U.S.C. 227(b), and $23,500 for at least 47 negligent violations of 47 U.S.C. 227(c).

236.  Mark Malkowski personally owns and uses the cellular phone number xxx-xxx-4699. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Malkowski's original Complaint was filed), GoSmith sent Malkowski at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Malkowski seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Malkowski seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. 227(b), and $3,500 for at least 7 negligent violations of 47 U.S.C. 227(c).

237.  David Mallon personally owns and uses the cellular phone number xxx-xxx-8310. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Mallon's original Complaint was filed), GoSmith sent Mallon at least 2, sometimes 3, telemarketing text messages a week for several months at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of

1   47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without

2   instituting procedures that meet the minimum standards required for telemarketing in violation

3   of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Mallon seeks an amount not less than $49,500

4   for at least 33 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

5   $49,500 for at least 33 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

6   Mallon seeks an amount not less than $16,500 for at least 33 negligent violations of 47 U.S.C.

7   227(b), and $16,500 for at least 33 negligent violations of 47 U.S.C. 227(c).

8       238.  Les Mann personally owns and uses the cellular phone number xxx-xxx-5112.

9   This number is a residential telephone subscription. On 10/10/2003, Mann registered this

10   number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

11   Mann's original Complaint was filed), GoSmith sent Mann at least 2 telemarketing text

12   messages at this number. GoSmith knowingly and willfully sent these text messages using an

13   automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

14   knowingly and willfully sent these text messages without instituting procedures that meet the

15   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

16   64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

17   knowingly and willfully sent at least 2 text messages to Mann within a 12-month period after

18   Mann was registered on the National Do Not Call Registry, including but not limited to the

19   period between 05/27/2017 and 05/27/2018. Mann seeks an amount not less than $3,000 for at

20   least 2 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $3,000

21   for at least 2 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Mann seeks an

22   amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and $1,000

23   for at least 2 negligent violations of 47 U.S.C. 227(c).

24       239.  Bailey Marshall personally owns and uses the cellular phone number

25   xxx-xxx-1167. This number is a residential telephone subscription. In the four years preceding

26   01/30/2020 (the date Marshall's original Complaint was filed), GoSmith sent Marshall at least

27   13 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

1  messages using an automatic telephone dialing system in violation of 47 U.S.C.

2  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

3  procedures that meet the minimum standards required for telemarketing in violation of 47

4  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Marshall seeks an amount not less than $19,500 for at

5  least 13 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

6  $19,500 for at least 13 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

7  Marshall seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C.

8  227(b), and $6,500 for at least 13 negligent violations of 47 U.S.C. 227(c).

9    240.  Darrell Martin personally owns and uses the cellular phone number xxx-xxx-6220.

10  This number is a residential telephone subscription. On 08/15/2007, Martin registered this

11  number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

12  Martin's original Complaint was filed), GoSmith sent Martin at least 79 telemarketing text

13  messages at this number, more than 30 messages per year. GoSmith knowingly and willfully

14  sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C.

15  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

16  procedures that meet the minimum standards required for telemarketing in violation of 47

17  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R.

18  64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Martin within a

19  12-month period after Martin was registered on the National Do Not Call Registry, including

20  but not limited to the period between 06/14/2017 and 06/14/2018. Martin seeks an amount not

21  less than $118,500 for at least 79 knowing and willful violations of 47 U.S.C. 227(b), and an

22  amount not less than $118,500 for at least 79 knowing and willful violations of 47 U.S.C.

23  227(c). Alternatively, Martin seeks an amount not less than $39,500 for at least 79 negligent

24  violations of 47 U.S.C. 227(b), and $39,500 for at least 79 negligent violations of 47 U.S.C.

25  227(c).

26    241.  Amanda Martinez personally owns and uses the cellular phone number

27  xxx-xxx-2907. This number is a residential telephone subscription. In the four years preceding

01/30/2020 (the date Martinez's original Complaint was filed), GoSmith sent Martinez at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Martinez seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Martinez seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. 227(b), and $4,500 for at least 9 negligent violations of 47 U.S.C. 227(c).

242. Lenny Mason personally owns and uses the cellular phone number xxx-xxx-2237. This number is a residential telephone subscription. On 06/03/2008, Mason registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Mason's original Complaint was filed), GoSmith sent Mason at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Mason within a 12-month period after Mason was registered on the National Do Not Call Registry, including but not limited to the period between 06/22/2017 and 06/22/2017. Mason seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Mason seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. 227(b), and $7,500 for at least 15 negligent violations of 47 U.S.C. 227(c).

243.  Carritha Matthews personally owns and uses the cellular phone number xxx-xxx-6417. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Matthews's original Complaint was filed), GoSmith sent Matthews at least 12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Matthews seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Matthews seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. 227(b), and $6,000 for at least 12 negligent violations of 47 U.S.C. 227(c).

244.  Jackie Maxey personally owns and uses the cellular phone number xxx-xxx-7074. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Maxey's original Complaint was filed), GoSmith sent Maxey at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Maxey seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Maxey seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. 227(b), and $1,500 for at least 3 negligent violations of 47 U.S.C. 227(c).

245.  Marlin Mayes personally owns and uses the cellular phone number xxx-xxx-7306. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Mayes's original Complaint was filed), GoSmith sent Mayes at least 9 telemarketing text

1   messages at this number. GoSmith knowingly and willfully sent these text messages using an

2   automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

3   knowingly and willfully sent these text messages without instituting procedures that meet the

4   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

5   64.1200(d). Mayes seeks an amount not less than $13,500 for at least 9 knowing and willful

6   violations of 47 U.S.C. 227(b), and an amount not less than $13,500 for at least 9 knowing and

7   willful violations of 47 U.S.C. 227(c). Alternatively, Mayes seeks an amount not less than

8   $4,500 for at least 9 negligent violations of 47 U.S.C. 227(b), and $4,500 for at least 9 negligent

9   violations of 47 U.S.C. 227(c).

10          246.  Robert McCarthy personally owns and uses the cellular phone number

11  xxx-xxx-9280. This number is a residential telephone subscription. In the four years preceding

12  01/30/2020 (the date McCarthy's original Complaint was filed), GoSmith sent McCarthy at least

13  3 or more telemarketing text messages per week at this number. GoSmith knowingly and

14  willfully sent these text messages using an automatic telephone dialing system in violation of

15  47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without

16  instituting procedures that meet the minimum standards required for telemarketing in violation

17  of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). McCarthy seeks an amount not less than

18  $252,000 for at least 168 knowing and willful violations of 47 U.S.C. 227(b), and an amount

19  not less than $252,000 for at least 168 knowing and willful violations of 47 U.S.C. 227(c).

20  Alternatively, McCarthy seeks an amount not less than $84,000 for at least 168 negligent

21  violations of 47 U.S.C. 227(b), and $84,000 for at least 168 negligent violations of 47 U.S.C.

22  227(c).

23          247.  Larry McClure personally owns and uses the cellular phone number

24  xxx-xxx-4685. This number is a residential telephone subscription. On 10/11/2011, McClure

25  registered this number on the National Do Not Call Registry. In the four years preceding

26  01/30/2020 (the date McClure's original Complaint was filed), GoSmith sent McClure at least 7

27  telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

1   messages using an automatic telephone dialing system in violation of 47 U.S.C.

2   227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

3   procedures that meet the minimum standards required for telemarketing in violation of 47

4   U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R.

5   64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to McClure within a

6   12-month period after McClure was registered on the National Do Not Call Registry, including

7   but not limited to the period between 06/22/2017 and 06/22/2018. McClure seeks an amount not

8   less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(b), and an

9   amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(c).

10  Alternatively, McClure seeks an amount not less than $3,500 for at least 7 negligent violations

11  of 47 U.S.C. 227(b), and $3,500 for at least 7 negligent violations of 47 U.S.C. 227(c).

12      248.   Joseph McPherson personally owns and uses the cellular phone number

13  xxx-xxx-4547. This number is a residential telephone subscription. On 07/28/2006, McPherson

14  registered this number on the National Do Not Call Registry. In the four years preceding

15  01/30/2020 (the date McPherson's original Complaint was filed), GoSmith sent McPherson at

16  least two telemarketing text messages per week at this number. GoSmith knowingly and

17  willfully sent these text messages using an automatic telephone dialing system in violation of

18  47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without

19  instituting procedures that meet the minimum standards required for telemarketing in violation

20  of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47

21  C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to McPherson

22  within a 12-month period after McPherson was registered on the National Do Not Call Registry,

23  including but not limited to the period between 04/30/2017 and 07/18/2017. McPherson seeks

24  an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C.

25  227(b), and an amount not less than $30,000 for at least 20 knowing and willful violations of 47

26  U.S.C. 227(c). Alternatively, McPherson seeks an amount not less than $10,000 for at least 20

27

negligent violations of 47 U.S.C. 227(b), and $10,000 for at least 20 negligent violations of 47 U.S.C. 227(c).

249.  Ruben Medina personally owns and uses the cellular phone number xxx-xxx-4055. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Medina's original Complaint was filed), GoSmith sent Medina at least 30 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Medina seeks an amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Medina seeks an amount not less than $15,000 for at least 30 negligent violations of 47 U.S.C. 227(b), and $15,000 for at least 30 negligent violations of 47 U.S.C. 227(c).

250.  Timothy Melvin personally owns and uses the cellular phone number xxx-xxx-5198. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Melvin's original Complaint was filed), GoSmith sent Melvin at least 284 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Melvin seeks an amount not less than $426,000 for at least 284 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $426,000 for at least 284 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Melvin seeks an amount not less than $142,000 for at least 284 negligent violations of 47 U.S.C. 227(b), and $142,000 for at least 284 negligent violations of 47 U.S.C. 227(c).

251.    James Mendez personally owns and uses the cellular phone number xxx-xxx-7615. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Mendez's original Complaint was filed), GoSmith sent Mendez at least 111 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Mendez seeks an amount not less than $166,500 for at least 111 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $166,500 for at least 111 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Mendez seeks an amount not less than $55,500 for at least 111 negligent violations of 47 U.S.C. 227(b), and $55,500 for at least 111 negligent violations of 47 U.S.C. 227(c).

252.    Hoyt Milliner personally owns and uses the cellular phone number xxx-xxx-9280. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Milliner's original Complaint was filed), GoSmith sent Milliner at least 46 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Milliner seeks an amount not less than $69,000 for at least 46 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $69,000 for at least 46 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Milliner seeks an amount not less than $23,000 for at least 46 negligent violations of 47 U.S.C. 227(b), and $23,000 for at least 46 negligent violations of 47 U.S.C. 227(c).

253.    Rosemary Minjarez personally owns and uses the cellular phone number xxx-xxx-7951. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Minjarez's original Complaint was filed), GoSmith sent Minjarez at least 9

1   telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

2   messages using an automatic telephone dialing system in violation of 47 U.S.C.

3   227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

4   procedures that meet the minimum standards required for telemarketing in violation of 47

5   U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Minjarez seeks an amount not less than $13,500 for at

6   least 9 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $13,500

7   for at least 9 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Minjarez seeks

8   an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. 227(b), and

9   $4,500 for at least 9 negligent violations of 47 U.S.C. 227(c).

10          254.  Michelle Minton personally owns and uses the cellular phone number

11  xxx-xxx-2412. This number is a residential telephone subscription. In the four years preceding

12  01/30/2020 (the date Minton's original Complaint was filed), GoSmith sent Minton at least 7

13  telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

14  messages using an automatic telephone dialing system in violation of 47 U.S.C.

15  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

16  procedures that meet the minimum standards required for telemarketing in violation of 47

17  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Minton seeks an amount not less than $10,500 for

18  least 7 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $10,500

19  for at least 7 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Minton seeks an

20  amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. 227(b), and $3,500

21  for at least 7 negligent violations of 47 U.S.C. 227(c).

22          255.  Harry Mitchell personally owns and uses the cellular phone number xxx-xxx-3443.

23  This number is a residential telephone subscription. On 04/10/2009, Mitchell registered this

24  number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

25  Mitchell's original Complaint was filed), GoSmith sent Mitchell at least 4 telemarketing text

26  messages at this number. GoSmith knowingly and willfully sent these text messages using an

27  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Mitchell within a 12-month period after Mitchell was registered on the National Do Not Call Registry, including but not limited to the period between 06/12/2017 and 06/12/2018. Mitchell seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Mitchell seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. 227(b), and $2,000 for at least 4 negligent violations of 47 U.S.C. 227(c).

256.  Israel Montijo personally owns and uses the cellular phone number xxx-xxx-4779. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Montijo's original Complaint was filed), GoSmith sent Montijo at least 313 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Montijo seeks an amount not less than $469,500 for at least 313 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $469,500 for at least 313 332knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Montijo seeks an amount not less than $156,500 for at least 313 negligent violations of 47 U.S.C. 227(b), and $156,500 for at least 313 negligent violations of 47 U.S.C. 227(c).

257.  Kerry Moody personally owns and uses the cellular phone number xxx-xxx-1332. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Moody's original Complaint was filed), GoSmith sent Moody at least 18 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

1  knowingly and willfully sent these text messages without instituting procedures that meet the

2  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

3  64.1200(d). Moody seeks an amount not less than $27,000 for at least 18 knowing and willful

4  violations of 47 U.S.C. 227(b), and an amount not less than $27,000 for at least 18 knowing and

5  willful violations of 47 U.S.C. 227(c). Alternatively, Moody seeks an amount not less than

6  $9,000 for at least 18 negligent violations of 47 U.S.C. 227(b), and $9,000 for at least 18

7  negligent violations of 47 U.S.C. 227(c).

8       258.  Peter Moore personally owns and uses the cellular phone number xxx-xxx-1018.

9  This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

10  date Moore's original Complaint was filed), GoSmith sent Moore at least 21 telemarketing text

11  messages at this number. GoSmith knowingly and willfully sent these text messages using an

12  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

13  knowingly and willfully sent these text messages without instituting procedures that meet the

14  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

15  64.1200(d). Moore seeks an amount not less than $31,500 for at least 21 knowing and willful

16  violations of 47 U.S.C. 227(b), and an amount not less than $31,500 for at least 21 knowing and

17  willful violations of 47 U.S.C. 227(c). Alternatively, Moore seeks an amount not less than

18  $10,500 for at least 21 negligent violations of 47 U.S.C. 227(b), and $10,500 for at least 21

19  negligent violations of 47 U.S.C. 227(c).

20       259.  Michael Moronez personally owns and uses the cellular phone number

21  xxx-xxx-0308. This number is a residential telephone subscription. In the four years preceding

22  01/30/2020 (the date Moronez's original Complaint was filed), GoSmith sent Moronez at least

23  12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

24  messages using an automatic telephone dialing system in violation of 47 U.S.C.

25  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

26  procedures that meet the minimum standards required for telemarketing in violation of 47

27  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Moronez seeks an amount not less than $18,000 for at

1  least 12 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

2  $18,000 for at least 12 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

3  Moronez seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C.

4  227(b), and $6,000 for at least 12 negligent violations of 47 U.S.C. 227(c).

5      260.  Kelly Morrison personally owns and uses the cellular phone number

6  xxx-xxx-2095. This number is a residential telephone subscription. In the four years preceding

7  01/30/2020 (the date Morrison's original Complaint was filed), GoSmith sent Morrison at least

8  9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

9  messages using an automatic telephone dialing system in violation of 47 U.S.C.

10  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

11  procedures that meet the minimum standards required for telemarketing in violation of 47

12  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Morrison seeks an amount not less than $13,500 for at

13  least 9 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $13,500

14  for at least 9 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Morrison seeks

15  an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. 227(b), and

16  $4,500 for at least 9 negligent violations of 47 U.S.C. 227(c).

17      261.  Michael Moul personally owns and uses the cellular phone number xxx-xxx-5630.

18  This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

19  date Moul's original Complaint was filed), GoSmith sent Moul at least 61 telemarketing text

20  messages at this number. GoSmith knowingly and willfully sent these text messages using an

21  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

22  knowingly and willfully sent these text messages without instituting procedures that meet the

23  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

24  64.1200(d). Moul seeks an amount not less than $91,500 for at least 61 knowing and willful

25  violations of 47 U.S.C. 227(b), and an amount not less than $91,500 for at least 61 knowing and

26  willful violations of 47 U.S.C. 227(c). Alternatively, Moul seeks an amount not less than

27

1  $30,500 for at least 61 negligent violations of 47 U.S.C. 227(b), and $30,500 for at least 61

2  negligent violations of 47 U.S.C. 227(c).

3      262. Damian Mount personally owns and uses the cellular phone number

4  xxx-xxx-9476. This number is a residential telephone subscription. On 01/16/2006, Mount

5  registered this number on the National Do Not Call Registry. In the four years preceding

6  01/30/2020 (the date Mount's original Complaint was filed), GoSmith sent Mount at least 117

7  telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

8  messages using an automatic telephone dialing system in violation of 47 U.S.C.

9  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

10  procedures that meet the minimum standards required for telemarketing in violation of 47

11  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R.

12  64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Mount within a

13  12-month period after Mount was registered on the National Do Not Call Registry, including

14  but not limited to the period between 01/30/2016 and 01/29/2017. Mount seeks an amount not

15  less than $175,200 for at least 117 knowing and willful violations of 47 U.S.C. 227(b), and an

16  amount not less than $175,200 for at least 117 knowing and willful violations of 47 U.S.C.

17  227(c). Alternatively, Mount seeks an amount not less than $58,400 for at least 117 negligent

18  violations of 47 U.S.C. 227(b), and $58,400 for at least 117 negligent violations of 47 U.S.C.

19  227(c).

20      263. Joe Moya personally owns and uses the cellular phone number xxx-xxx-7999. This

21  number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date

22  Moya's original Complaint was filed), GoSmith sent Moya at least 142 telemarketing text

23  messages at this number. GoSmith knowingly and willfully sent these text messages using an

24  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

25  knowingly and willfully sent these text messages without instituting procedures that meet the

26  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

27  64.1200(d). Moya seeks an amount not less than $213,000 for at least 142 knowing and willful

1  violations of 47 U.S.C. 227(b), and an amount not less than $213,000 for at least 142 knowing

2  and willful violations of 47 U.S.C. 227(c). Alternatively, Moya seeks an amount not less than

3  $71,000 for at least 142 negligent violations of 47 U.S.C. 227(b), and $71,000 for at least 142

4  negligent violations of 47 U.S.C. 227(c).

5       264.  Susan Murphy personally owns and uses the cellular phone number xxx-xxx-4457.

6  This number is a residential telephone subscription. On 01/25/2006, Murphy registered this

7  number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

8  Murphy's original Complaint was filed), GoSmith sent Murphy at least 2 telemarketing text

9  messages at this number. GoSmith knowingly and willfully sent these text messages using an

10  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

11  knowingly and willfully sent these text messages without instituting procedures that meet the

12  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

13  64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

14  knowingly and willfully sent at least 2 text messages to Murphy within a 12-month period after

15  Murphy was registered on the National Do Not Call Registry, including but not limited to the

16  period between 05/31/2017 and 05/31/2018. Murphy seeks an amount not less than $3,000 for

17  at least 2 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

18  $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Murphy

19  seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and

20  $1,000 for at least 2 negligent violations of 47 U.S.C. 227(c).

21       265.  Matthew Nagy personally owns and uses the cellular phone number xxx-xxx-9860.

22  This number is a residential telephone subscription. On 11/03/2006, Nagy registered this

23  number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

24  Nagy's original Complaint was filed), GoSmith sent Nagy at least 7 telemarketing text messages

25  at this number. GoSmith knowingly and willfully sent these text messages using an automatic

26  telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and

27  willfully sent these text messages without instituting procedures that meet the minimum

1  standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d).

2  Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and

3  willfully sent at least 2 text messages to Nagy within a 12-month period after Nagy was

4  registered on the National Do Not Call Registry, including but not limited to the period between

5  04/26/2017 and 04/26/2018. Nagy seeks an amount not less than $10,500 for at least 7 knowing

6  and willful violations of 47 U.S.C. 227(b), and an amount not less than $10,500 for at least 7

7  knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Nagy seeks an amount not

8  less than $3,500 for at least 7 negligent violations of 47 U.S.C. 227(b), and $3,500 for at least 7

9  negligent violations of 47 U.S.C. 227(c).

10  266.  Dan Nelson personally owns and uses the cellular phone number xxx-xxx-4246.

11  This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

12  date Nelson's original Complaint was filed), GoSmith sent Nelson at least 2 telemarketing text

13  messages at this number. GoSmith knowingly and willfully sent these text messages using an

14  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

15  knowingly and willfully sent these text messages without instituting procedures that meet the

16  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

17  64.1200(d). Nelson seeks an amount not less than $3,000 for at least 2 knowing and willful

18  violations of 47 U.S.C. 227(b), and an amount not less than $3,000 for at least 2 knowing and

19  willful violations of 47 U.S.C. 227(c). Alternatively, Nelson seeks an amount not less than

20  $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and $1,000 for at least 2 negligent

21  violations of 47 U.S.C. 227(c).

22  267.  Ken Nelson personally owns and uses the cellular phone number xxx-xxx-4019.

23  This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

24  date Nelson's original Complaint was filed), GoSmith sent Nelson at least 2 telemarketing text

25  messages at this number. GoSmith knowingly and willfully sent these text messages using an

26  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

27  knowingly and willfully sent these text messages without instituting procedures that meet the

1  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

2  64.1200(d). Nelson seeks an amount not less than $3,000 for at least 2 knowing and willful

3  violations of 47 U.S.C. 227(b), and an amount not less than $3,000 for at least 2 knowing and

4  willful violations of 47 U.S.C. 227(c). Alternatively, Nelson seeks an amount not less than

5  $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and $1,000 for at least 2 negligent

6  violations of 47 U.S.C. 227(c).

7      268.  Vincent Noffleo personally owns and uses the cellular phone number

8  xxx-xxx-1972. This number is a residential telephone subscription. In the four years preceding

9  01/30/2020 (the date Noffleo's original Complaint was filed), GoSmith sent Noffleo at least 16

10  telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

11  messages using an automatic telephone dialing system in violation of 47 U.S.C.

12  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

13  procedures that meet the minimum standards required for telemarketing in violation of 47

14  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Noffleo seeks an amount not less than $24,000 for at

15  least 16 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

16  $24,000 for at least 16 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

17  Noffleo seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C.

18  227(b), and $8,000 for at least 16 negligent violations of 47 U.S.C. 227(c).

19      269.  Gabriel Nunez personally owns and uses the cellular phone number xxx-xxx-8644.

20  This number is a residential telephone subscription. On 09/23/2014, Nunez registered this

21  number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

22  Nunez's original Complaint was filed), GoSmith sent Nunez at least 5 telemarketing text

23  messages at this number. GoSmith knowingly and willfully sent these text messages using an

24  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

25  knowingly and willfully sent these text messages without instituting procedures that meet the

26  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

27  64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

knowingly and willfully sent at least 2 text messages to Nunez within a 12-month period after Nunez was registered on the National Do Not Call Registry, including but not limited to the period between 06/14/2017 and 06/27/2017. Nunez seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Nunez seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. 227(b), and $2,500 for at least 5 negligent violations of 47 U.S.C. 227(c).

270. Dean Orem personally owns and uses the cellular phone number xxx-xxx-0731. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Orem's original Complaint was filed), GoSmith sent Orem at least 47 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Orem seeks an amount not less than $70,500 for at least 47 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $70,500 for at least 47 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Orem seeks an amount not less than $23,500 for at least 47 negligent violations of 47 U.S.C. 227(b), and $23,500 for at least 47 negligent violations of 47 U.S.C. 227(c).

271. Federico Ornelas personally owns and uses the cellular phone number xxx-xxx-6448. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Ornelas's original Complaint was filed), GoSmith sent Ornelas well over 200 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Ornelas seeks an amount not less than $300,000 for at

1   least 200 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

2   $300,000 for at least 200 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

3   Ornelas seeks an amount not less than $100,000 for at least 200 negligent violations of 47

4   U.S.C. 227(b), and $100,000 for at least 200 negligent violations of 47 U.S.C. 227(c).

5      272.  Randall Overbey personally owns and uses the cellular phone number

6   xxx-xxx-0291. This number is a residential telephone subscription. In the four years preceding

7   01/30/2020 (the date Overbey's original Complaint was filed), GoSmith sent Overbey at least 8

8   telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

9   messages using an automatic telephone dialing system in violation of 47 U.S.C.

10  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

11  procedures that meet the minimum standards required for telemarketing in violation of 47

12  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Overbey seeks an amount not less than $12,000 for at

13  least 8 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $12,000

14  for at least 8 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Overbey seeks

15  an amount not less than $4,000 for at least 8 negligent violations of 47 U.S.C. 227(b), and

16  $4,000 for at least 8 negligent violations of 47 U.S.C. 227(c).

17     273.  David Palanker personally owns and uses the cellular phone number

18  xxx-xxx-4490. This number is a residential telephone subscription. On 06/10/2009, Palanker

19  registered this number on the National Do Not Call Registry. In the four years preceding

20  01/30/2020 (the date Palanker's original Complaint was filed), GoSmith sent Palanker at least

21  10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

22  messages using an automatic telephone dialing system in violation of 47 U.S.C.

23  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

24  procedures that meet the minimum standards required for telemarketing in violation of 47

25  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R.

26  64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Palanker within a

27  12-month period after Palanker was registered on the National Do Not Call Registry, including

but not limited to the period between 06/12/2017 and 06/12/2018. Palanker seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Palanker seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. 227(b), and $5,000 for at least 10 negligent violations of 47 U.S.C. 227(c).

274. Larry Palmer personally owns and uses the cellular phone number xxx-xxx-7510. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Palmer's original Complaint was filed), GoSmith sent Palmer at least 29 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Palmer seeks an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Palmer seeks an amount not less than $14,500 for at least 29 negligent violations of 47 U.S.C. 227(b), and $14,500 for at least 29 negligent violations of 47 U.S.C. 227(c).

275. Felix Pantoja personally owns and uses the cellular phone number xxx-xxx-9202. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Pantoja's original Complaint was filed), GoSmith sent Pantoja at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Pantoja seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Pantoja seeks an amount not less than

1   $2,000 for at least 4 negligent violations of 47 U.S.C. 227(b), and $2,000 for at least 4 negligent

2   violations of 47 U.S.C. 227(c).

3        276.  Steven Parker personally owns and uses the cellular phone number xxx-xxx-8784.

4   This number is a residential telephone subscription. On -2/04/12-1, Parker registered this

5   number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

6   Parker's original Complaint was filed), GoSmith sent Parker at least 64 telemarketing text

7   messages at this number. GoSmith knowingly and willfully sent these text messages using an

8   automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

9   knowingly and willfully sent these text messages without instituting procedures that meet the

10   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

11   64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

12   knowingly and willfully sent at least 2 text messages to Parker within a 12-month period after

13   Parker was registered on the National Do Not Call Registry, including but not limited to the

14   period between 06/13/2017 and 06/13/2018. Parker seeks an amount not less than $96,000 for

15   at least 64 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

16   $96,000 for at least 64 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Parker

17   seeks an amount not less than $32,000 for at least 64 negligent violations of 47 U.S.C. 227(b),

18   and $32,000 for at least 64 negligent violations of 47 U.S.C. 227(c).

19        277.  Larry Patenaude personally owns and uses the cellular phone number

20   xxx-xxx-1297. This number is a residential telephone subscription. In the four years preceding

21   01/30/2020 (the date Patenaude's original Complaint was filed), GoSmith sent Patenaude at

22   least 30 telemarketing text messages at this number. GoSmith knowingly and willfully sent

23   these text messages using an automatic telephone dialing system in violation of 47 U.S.C.

24   227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

25   procedures that meet the minimum standards required for telemarketing in violation of 47

26   U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Patenaude seeks an amount not less than $45,000 for

27   at least 30 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

$45,000 for at least 30 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Patenaude seeks an amount not less than $15,000 for at least 30 negligent violations of 47 U.S.C. 227(b), and $15,000 for at least 30 negligent violations of 47 U.S.C. 227(c).

278.   Tom Patterson personally owns and uses the cellular phone number xxx-xxx-6801. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Patterson's original Complaint was filed), GoSmith sent Patterson at least 254 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Patterson seeks an amount not less than $381,000 for at least 254 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $381,000 for at least 254 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Patterson seeks an amount not less than $127,000 for at least 254 negligent violations of 47 U.S.C. 227(b), and $127,000 for at least 254 negligent violations of 47 U.S.C. 227(c).

279.   Jacob Payne personally owns and uses the cellular phone number xxx-xxx-8909. This number is a residential telephone subscription. On 08/28/2010, Payne registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Payne's original Complaint was filed), GoSmith sent Payne at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Payne within a 12-month period after Payne was registered on the National Do Not Call Registry, including but not limited to the period between 04/26/2017 and 08/04/2017. Payne seeks an amount not less than $6,000 for at

least 4 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Payne seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. 227(b), and $2,000 for at least 4 negligent violations of 47 U.S.C. 227(c).

280.  Lee Pennington personally owns and uses the cellular phone number xxx-xxx-6186. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Pennington's original Complaint was filed), GoSmith sent Pennington at least 3 telemarketing text messages per day at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Pennington seeks an amount not less than $1,180,500 for at least 787 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $1,180,500 for at least 787 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Pennington seeks an amount not less than $393,500 for at least 787 negligent violations of 47 U.S.C. 227(b), and $393,500 for at least 787 negligent violations of 47 U.S.C. 227(c).

281.  Arnulfo Perez personally owns and uses the cellular phone number xxx-xxx-1482. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Perez's original Complaint was filed), GoSmith sent Perez at least 118 telemarketing text messages and calls at this number, up to 4 times daily from different numbers, all attempting to sell Defendants' services. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Perez seeks an amount not less than $177,000 for at least 118 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $177,000 for at least 118 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Perez seeks an amount not less than

1   $59,000 for at least 118 negligent violations of 47 U.S.C. 227(b), and $59,000 for at least 118

2   negligent violations of 47 U.S.C. 227(c).

3        282.  Ammon Petersen personally owns and uses the cellular phone number

4   xxx-xxx-8438. This number is a residential telephone subscription. In the four years preceding

5   01/30/2020 (the date Petersen's original Complaint was filed), GoSmith sent Petersen at least 22

6   telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

7   messages using an automatic telephone dialing system in violation of 47 U.S.C.

8   227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

9   procedures that meet the minimum standards required for telemarketing in violation of 47

10  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Petersen seeks an amount not less than $33,000 for at

11  least 22 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

12  $33,000 for at least 22 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

13  Petersen seeks an amount not less than $11,000 for at least 22 negligent violations of 47 U.S.C.

14  227(b), and $11,000 for at least 22 negligent violations of 47 U.S.C. 227(c).

15       283.  George Peterson personally owns and uses the cellular phone number

16  xxx-xxx-8438. This number is a residential telephone subscription. In the four years preceding

17  01/30/2020 (the date Peterson's original Complaint was filed), GoSmith sent Peterson at least

18  141 telemarketing text messages at this number. GoSmith knowingly and willfully sent these

19  text messages using an automatic telephone dialing system in violation of 47 U.S.C.

20  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

21  procedures that meet the minimum standards required for telemarketing in violation of 47

22  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Peterson seeks an amount not less than $211,500 for at

23  least 141 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

24  $211,500 for at least 141 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

25  Peterson seeks an amount not less than $70,500 for at least 141 negligent violations of 47

26  U.S.C. 227(b), and $70,500 for at least 141 negligent violations of 47 U.S.C. 227(c).

27

284.   John Petree personally owns and uses the cellular phone number xxx-xxx-7370. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Petree's original Complaint was filed), GoSmith sent Petree at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Petree seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Petree seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. 227(b), and $7,500 for at least 15 negligent violations of 47 U.S.C. 227(c).

285.   Maria Petromanolakia has personally owned and used the cellular phone number xxx-xxx-7077 for the last 8 years. This number is a residential telephone subscription. On 10/09/2012, Petromanolakia registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Petromanolakia's original Complaint was filed), GoSmith sent Petromanolakia at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Petromanolakia within a 12-month period after Petromanolakia was registered on the National Do Not Call Registry, including but not limited to the period between 06/16/2017 and 07/05/2017. Petromanolakia seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Petromanolakia seeks an

1  amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. 227(b), and $3,500

2  for at least 7 negligent violations of 47 U.S.C. 227(c).

3      286.  Michael Philpot personally owns and uses the cellular phone number

4  xxx-xxx-1139. This number is a residential telephone subscription. On 06/03/2005, Philpot

5  registered this number on the National Do Not Call Registry. In the four years preceding

6  01/30/2020 (the date Philpot's original Complaint was filed), GoSmith sent Philpot at least 4

7  telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

8  messages using an automatic telephone dialing system in violation of 47 U.S.C.

9  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

10  procedures that meet the minimum standards required for telemarketing in violation of 47

11  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R.

12  64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Philpot within a

13  12-month period after Philpot was registered on the National Do Not Call Registry, including

14  but not limited to the period between 06/22/2017 and 09/21/2017. Philpot seeks an amount not

15  less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(b), and an

16  amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(c).

17  Alternatively, Philpot seeks an amount not less than $2,000 for at least 4 negligent violations of

18  47 U.S.C. 227(b), and $2,000 for at least 4 negligent violations of 47 U.S.C. 227(c).

19      287.  Matthew Pirone personally owns and uses the cellular phone number

20  xxx-xxx-8181. This number is a residential telephone subscription. In the four years preceding

21  01/30/2020 (the date Pirone's original Complaint was filed), GoSmith sent Pirone at least 30

22  telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

23  messages using an automatic telephone dialing system in violation of 47 U.S.C.

24  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

25  procedures that meet the minimum standards required for telemarketing in violation of 47

26  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Pirone seeks an amount not less than $45,000 for at

27  least 30 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

1   $45,000 for at least 30 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Pirone

2   seeks an amount not less than $15,000 for at least 30 negligent violations of 47 U.S.C. 227(b),

3   and $15,000 for at least 30 negligent violations of 47 U.S.C. 227(c).

4       288.   Richard Poe personally owns and uses the cellular phone number xxx-xxx-4049.

5   This number is a residential telephone subscription. On 02/03/2004, Poe registered this number

6   on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Poe's

7   original Complaint was filed), GoSmith sent Poe at least 4 telemarketing text messages at this

8   number. GoSmith knowingly and willfully sent these text messages using an automatic

9   telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and

10  willfully sent these text messages without instituting procedures that meet the minimum

11  standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d).

12  Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and

13  willfully sent at least 2 text messages to Poe within a 12-month period after Poe was registered

14  on the National Do Not Call Registry, including but not limited to the period between

15  06/14/2017 and 07/08/2017. Poe seeks an amount not less than $6,000 for at least 4 knowing

16  and willful violations of 47 U.S.C. 227(b), and an amount not less than $6,000 for at least 4

17  knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Poe seeks an amount not less

18  than $2,000 for at least 4 negligent violations of 47 U.S.C. 227(b), and $2,000 for at least 4

19  negligent violations of 47 U.S.C. 227(c).

20      289.   Barry Pollack personally owns and uses the cellular phone number xxx-xxx-2814.

21  This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

22  date Pollack's original Complaint was filed), GoSmith sent Pollack at least 18 telemarketing

23  text messages at this number. GoSmith knowingly and willfully sent these text messages using

24  an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

25  knowingly and willfully sent these text messages without instituting procedures that meet the

26  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

27  64.1200(d). Pollack seeks an amount not less than $27,000 for at least 18 knowing and willful

violations of 47 U.S.C. 227(b), and an amount not less than $27,000 for at least 18 knowing and

willful violations of 47 U.S.C. 227(c). Alternatively, Pollack seeks an amount not less than

$9,000 for at least 18 negligent violations of 47 U.S.C. 227(b), and $9,000 for at least 18

negligent violations of 47 U.S.C. 227(c).

290.  Crystal Porter personally owns and uses the cellular phone number xxx-xxx-0584.

This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

date Porter's original Complaint was filed), GoSmith sent Porter at least 9 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an

automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

knowingly and willfully sent these text messages without instituting procedures that meet the

minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

64.1200(d). Porter seeks an amount not less than $13,500 for at least 9 knowing and willful

violations of 47 U.S.C. 227(b), and an amount not less than $13,500 for at least 9 knowing and

willful violations of 47 U.S.C. 227(c). Alternatively, Porter seeks an amount not less than

$4,500 for at least 9 negligent violations of 47 U.S.C. 227(b), and $4,500 for at least 9 negligent

violations of 47 U.S.C. 227(c).

291.  Shane Prouty personally owns and uses the cellular phone number xxx-xxx-0777.

This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

date Prouty's original Complaint was filed), GoSmith sent Prouty at least 2 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an

automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

knowingly and willfully sent these text messages without instituting procedures that meet the

minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

64.1200(d). Prouty seeks an amount not less than $3,000 for at least 2 knowing and willful

violations of 47 U.S.C. 227(b), and an amount not less than $3,000 for at least 2 knowing and

willful violations of 47 U.S.C. 227(c). Alternatively, Prouty seeks an amount not less than

1    $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and $1,000 for at least 2 negligent

2    violations of 47 U.S.C. 227(c).

3        292.  Humberto Quevedo personally owns and uses the cellular phone number

4    xxx-xxx-6705. This number is a residential telephone subscription. In the four years preceding

5    01/30/2020 (the date Quevedo's original Complaint was filed), GoSmith sent Quevedo at least

6    1,780 telemarketing text messages at this number. GoSmith knowingly and willfully sent these

7    text messages using an automatic telephone dialing system in violation of 47 U.S.C.

8    227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

9    procedures that meet the minimum standards required for telemarketing in violation of 47

10   U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Quevedo seeks an amount not less than $2,670,000 for

11   at least 1,780 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

12   $2,670,000 for at least 1,780 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

13   Quevedo seeks an amount not less than $890,000 for at least 1,780 negligent violations of 47

14   U.S.C. 227(b), and $890,000 for at least 1,780 negligent violations of 47 U.S.C. 227(c).

15       293.  Michael Ramcharan personally owns and uses the cellular phone number

16   xxx-xxx-6081. This number is a residential telephone subscription. In the four years preceding

17   01/30/2020 (the date Ramcharan's original Complaint was filed), GoSmith sent Ramcharan at

18   least 329 telemarketing text messages at this number. GoSmith knowingly and willfully sent

19   these text messages using an automatic telephone dialing system in violation of 47 U.S.C.

20   227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

21   procedures that meet the minimum standards required for telemarketing in violation of 47

22   U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Ramcharan seeks an amount not less than $493,500

23   for at least 329 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

24   $493,500 for at least 329 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

25   Ramcharan seeks an amount not less than $164,500 for at least 329 negligent violations of 47

26   U.S.C. 227(b), and $164,500 for at least 329 negligent violations of 47 U.S.C. 227(c).

27

294.  Paula Reger personally owns and uses the cellular phone number xxx-xxx-8367. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Reger's original Complaint was filed), GoSmith sent Reger at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Reger seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Reger seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. 227(b), and $7,500 for at least 15 negligent violations of 47 U.S.C. 227(c).

295.  Alan Reynolds personally owns and uses the cellular phone number xxx-xxx-4387. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Reynolds's original Complaint was filed), GoSmith sent Reynolds at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Reynolds seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Reynolds seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and $1,000 for at least 2 negligent violations of 47 U.S.C. 227(c).

296.  Jason Rice personally owns and uses the cellular phone number xxx-xxx-3430. This number is a residential telephone subscription. On 01/25/2009, Rice registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Rice's

original Complaint was filed), GoSmith sent Rice at least 23 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Rice within a 12-month period after Rice was registered on the National Do Not Call Registry, including but not limited to the period between 06/24/2017 and 07/08/2017. Rice seeks an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Rice seeks an amount not less than $11,500 for at least 23 negligent violations of 47 U.S.C. 227(b), and $11,500 for at least 23 negligent violations of 47 U.S.C. 227(c).

297.  Phillip Ricks personally owns and uses the cellular phone number xxx-xxx-4422. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Ricks's original Complaint was filed), GoSmith sent Ricks at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Ricks seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Ricks seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. 227(b), and $7,500 for at least 15 negligent violations of 47 U.S.C. 227(c).

298.  Raysho Robinson personally owns and uses the cellular phone number xxx-xxx-0609. This number is a residential telephone subscription. In the four years preceding

01/30/2020 (the date Robinson's original Complaint was filed), GoSmith sent Robinson at least 39 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Robinson seeks an amount not less than $58,500 for at least 39 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $58,500 for at least 39 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Robinson seeks an amount not less than $19,500 for at least 39 negligent violations of 47 U.S.C. 227(b), and $19,500 for at least 39 negligent violations of 47 U.S.C. 227(c).

299.   Charles Robinson personally owns and uses the cellular phone number xxx-xxx-0741. This number is a residential telephone subscription. On 02/02/2018, Robinson registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Robinson's original Complaint was filed), GoSmith sent Robinson at least 23 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Robinson within a 12-month period after Robinson was registered on the National Do Not Call Registry, including but not limited to the period between 02/02/2018 and 02/07/2018. Robinson seeks an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Robinson seeks an amount not less than $11,500 for at least 23 negligent violations of 47 U.S.C. 227(b), and $11,500 for at least 23 negligent violations of 47 U.S.C. 227(c).

1   300.  Tom Roche personally owns and uses the cellular phone number xxx-xxx-7100.
2   This number is a residential telephone subscription. On 01/28/2017, Roche registered this
3   number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date
4   Roche's original Complaint was filed), GoSmith sent Roche at least 4 telemarketing text
5   messages at this number. GoSmith knowingly and willfully sent these text messages using an
6   automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith
7   knowingly and willfully sent these text messages without instituting procedures that meet the
8   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.
9   64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith
10  knowingly and willfully sent at least 2 text messages to Roche within a 12-month period after
11  Roche was registered on the National Do Not Call Registry, including but not limited to the
12  period between 05/26/2017 and 05/26/2018. Roche seeks an amount not less than $6,000 for at
13  least 4 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $6,000
14  for at least 4 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Roche seeks an
15  amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. 227(b), and $2,000
16  for at least 4 negligent violations of 47 U.S.C. 227(c).

17  301.  Kyle Rodenhauser personally owns and uses the cellular phone number
18  xxx-xxx-7166. This number is a residential telephone subscription. In the four years preceding
19  01/30/2020 (the date Rodenhauser's original Complaint was filed), GoSmith sent Rodenhauser
20  at least 146 telemarketing text messages at this number. GoSmith knowingly and willfully sent
21  these text messages using an automatic telephone dialing system in violation of 47 U.S.C.
22  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting
23  procedures that meet the minimum standards required for telemarketing in violation of 47
24  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Rodenhauser seeks an amount not less than $219,000
25  for at least 146 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than
26  $219,000 for at least 146 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

27

1  Rodenhauser seeks an amount not less than $73,000 for at least 146 negligent violations of 47
2  U.S.C. 227(b), and $73,000 for at least 146 negligent violations of 47 U.S.C. 227(c).

3      302.  Les Romfo personally owns and uses the cellular phone number xxx-xxx-4447.
4  This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the
5  date Romfo's original Complaint was filed), GoSmith sent Romfo at least 32 telemarketing text
6  messages at this number. GoSmith knowingly and willfully sent these text messages using an
7  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith
8  knowingly and willfully sent these text messages without instituting procedures that meet the
9  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.
10  64.1200(d). Romfo seeks an amount not less than $48,000 for at least 32 knowing and willful
11  violations of 47 U.S.C. 227(b), and an amount not less than $48,000 for at least 32 knowing and
12  willful violations of 47 U.S.C. 227(c). Alternatively, Romfo seeks an amount not less than
13  $16,000 for at least 32 negligent violations of 47 U.S.C. 227(b), and $16,000 for at least 32
14  negligent violations of 47 U.S.C. 227(c).

15      303.  DeAnna Rose-Lydon personally owns and uses the cellular phone number
16  xxx-xxx-2849. This number is a residential telephone subscription. On 10/10/2003, Rose-Lydon
17  registered this number on the National Do Not Call Registry. In the four years preceding
18  01/30/2020 (the date Rose-Lydon's original Complaint was filed), GoSmith sent Rose-Lydon at
19  least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent
20  these text messages using an automatic telephone dialing system in violation of 47 U.S.C.
21  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting
22  procedures that meet the minimum standards required for telemarketing in violation of 47
23  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R.
24  64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Rose-Lydon
25  within a 12-month period after Rose-Lydon was registered on the National Do Not Call
26  Registry, including but not limited to the period between 05/23/2017 and 05/23/2018.
27  Rose-Lydon seeks an amount not less than $22,500 for at least 15 knowing and willful

violations of 47 U.S.C. 227(b), and an amount not less than $22,500 for at least 15 knowing and

willful violations of 47 U.S.C. 227(c). Alternatively, Rose-Lydon seeks an amount not less than

$7,500 for at least 15 negligent violations of 47 U.S.C. 227(b), and $7,500 for at least 15

negligent violations of 47 U.S.C. 227(c).

304.  Andrew Rusinchak personally owns and uses the cellular phone number

xxx-xxx-6045. This number is a residential telephone subscription. In the four years preceding

01/30/2020 (the date Rusinchak's original Complaint was filed), GoSmith sent Rusinchak at

least 29 telemarketing text messages at this number. GoSmith knowingly and willfully sent

these text messages using an automatic telephone dialing system in violation of 47 U.S.C.

227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Rusinchak seeks an amount not less than $43,500 for

at least 29 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

$43,500 for at least 29 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

Rusinchak seeks an amount not less than $14,500 for at least 29 negligent violations of 47

U.S.C. 227(b), and $14,500 for at least 29 negligent violations of 47 U.S.C. 227(c).

305.  Richard Rzasa personally owns and uses the cellular phone number xxx-xxx-6607.

This number is a residential telephone subscription. On 08/06/2006, Rzasa registered this

number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

Rzasa's original Complaint was filed), GoSmith sent Rzasa at least 206 telemarketing text

messages at this number, which is Rzasa's personal phone. Rzasa remembers receiving at least 2

telemarketing texts per week, all from different numbers. GoSmith knowingly and willfully sent

these text messages using an automatic telephone dialing system in violation of 47 U.S.C.

227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R.

64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Rzasa within a

1    12-month period after Rzasa was registered on the National Do Not Call Registry, including but

2    not limited to the period between 04/29/2017 and 04/29/2018. Rzasa seeks an amount not less

3    than $309,000 for at least 206 knowing and willful violations of 47 U.S.C. 227(b), and an

4    amount not less than $309,000 for at least 206 knowing and willful violations of 47 U.S.C.

5    227(c). Alternatively, Rzasa seeks an amount not less than $103,000 for at least 206 negligent

6    violations of 47 U.S.C. 227(b), and $103,000 for at least 206 negligent violations of 47 U.S.C.

7    227(c).

8    　　　306.  Brad Rzechua personally owns and uses the cellular phone number xxx-xxx-0350.

9    This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

10   date Rzechua's original Complaint was filed), GoSmith sent Rzechua at least 2 telemarketing

11   text messages at this number. GoSmith knowingly and willfully sent these text messages using

12   an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

13   knowingly and willfully sent these text messages without instituting procedures that meet the

14   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

15   64.1200(d). Rzechua seeks an amount not less than $3,000 for at least 2 knowing and willful

16   violations of 47 U.S.C. 227(b), and an amount not less than $3,000 for at least 2 knowing and

17   willful violations of 47 U.S.C. 227(c). Alternatively, Rzechua seeks an amount not less than

18   $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and $1,000 for at least 2 negligent

19   violations of 47 U.S.C. 227(c).

20   　　　307.  Adam Salas personally owns and uses the cellular phone number xxx-xxx-8382.

21   This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

22   date Salas's original Complaint was filed), GoSmith sent Salas at least 94 telemarketing text

23   messages at this number. GoSmith knowingly and willfully sent these text messages using an

24   automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

25   knowingly and willfully sent these text messages without instituting procedures that meet the

26   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

27   64.1200(d). Salas seeks an amount not less than $141,000 for at least 94 knowing and willful

1    violations of 47 U.S.C. 227(b), and an amount not less than $141,000 for at least 94 knowing

2    and willful violations of 47 U.S.C. 227(c). Alternatively, Salas seeks an amount not less than

3    $47,000 for at least 94 negligent violations of 47 U.S.C. 227(b), and $47,000 for at least 94

4    negligent violations of 47 U.S.C. 227(c).

5        308.  Gloria Salazar personally owns and uses the cellular phone number xxx-xxx-0843.

6    This number is a residential telephone subscription. On 06/06/2013, Salazar registered this

7    number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

8    Salazar's original Complaint was filed), GoSmith sent Salazar at least 2 telemarketing text

9    messages at this number. GoSmith knowingly and willfully sent these text messages using an

10   automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

11   knowingly and willfully sent these text messages without instituting procedures that meet the

12   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

13   64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

14   knowingly and willfully sent at least 2 text messages to Salazar within a 12-month period after

15   Salazar was registered on the National Do Not Call Registry, including but not limited to the

16   period between 05/07/2016 and 05/07/2017. Salazar seeks an amount not less than $3,000 for at

17   least 2 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $3,000

18   for at least 2 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Salazar seeks an

19   amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and $1,000

20   for at least 2 negligent violations of 47 U.S.C. 227(c).

21       309.  Noelle Salinas personally owns and uses the cellular phone number xxx-xxx-1197.

22   This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

23   date Salinas's original Complaint was filed), GoSmith sent Salinas at least 30 telemarketing text

24   messages at this number. GoSmith knowingly and willfully sent these text messages using an

25   automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

26   knowingly and willfully sent these text messages without instituting procedures that meet the

27   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

1   64.1200(d). Salinas seeks an amount not less than $45,000 for at least 30 knowing and willful

2   violations of 47 U.S.C. 227(b), and an amount not less than $45,000 for at least 30 knowing and

3   willful violations of 47 U.S.C. 227(c). Alternatively, Salinas seeks an amount not less than

4   $15,000 for at least 30 negligent violations of 47 U.S.C. 227(b), and $15,000 for at least 30

5   negligent violations of 47 U.S.C. 227(c).

6       310.  Elizabeth Sanchez personally owns and uses the cellular phone number

7   xxx-xxx-3440. This number is a residential telephone subscription. On 07/08/2006, Sanchez

8   registered this number on the National Do Not Call Registry. In the four years preceding

9   01/30/2020 (the date Sanchez's original Complaint was filed), GoSmith sent Sanchez at least

10  127 telemarketing text messages at this number. GoSmith knowingly and willfully sent these

11  text messages using an automatic telephone dialing system in violation of 47 U.S.C.

12  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

13  procedures that meet the minimum standards required for telemarketing in violation of 47

14  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R.

15  64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Sanchez within a

16  12-month period after Sanchez was registered on the National Do Not Call Registry, including

17  but not limited to the period between 07/23/2016 and 07/23/2017. Sanchez seeks an amount not

18  less than $190,500 for at least 127 knowing and willful violations of 47 U.S.C. 227(b), and an

19  amount not less than $190,500 for at least 127 knowing and willful violations of 47 U.S.C.

20  227(c). Alternatively, Sanchez seeks an amount not less than $63,500 for at least 127 negligent

21  violations of 47 U.S.C. 227(b), and $63,500 for at least 127 negligent violations of 47 U.S.C.

22  227(c).

23      311.  William Sanders personally owns and uses the cellular phone number

24  xxx-xxx-2065. This number is a residential telephone subscription. In the four years preceding

25  01/30/2020 (the date Sanders's original Complaint was filed), GoSmith sent Sanders at least 30

26  telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

27  messages using an automatic telephone dialing system in violation of 47 U.S.C.

227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Sanders seeks an amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Sanders seeks an amount not less than $15,000 for at least 30 negligent violations of 47 U.S.C. 227(b), and $15,000 for at least 30 negligent violations of 47 U.S.C. 227(c).

312.  Jerry Sarich personally owns and uses the cellular phone number xxx-xxx-1727. This number is a residential telephone subscription. On 10/13/2011, Sarich registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Sarich's original Complaint was filed), GoSmith sent Sarich at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Sarich within a 12-month period after Sarich was registered on the National Do Not Call Registry, including but not limited to the period between 04/23/2017 and 04/23/2018. Sarich seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Sarich seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. 227(b), and $5,000 for at least 10 negligent violations of 47 U.S.C. 227(c).

313.  Alex Sawicki personally owns and uses the cellular phone number xxx-xxx-0957. This number is a residential telephone subscription. On 07/24/2007, Sawicki registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Sawicki's original Complaint was filed), GoSmith sent Sawicki at least 2 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Sawicki within a 12-month period after Sawicki was registered on the National Do Not Call Registry, including but not limited to the period between 06/22/2017 and 06/22/2018. Sawicki seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Sawicki seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and $1,000 for at least 2 negligent violations of 47 U.S.C. 227(c).

314.  Nicholas Schaffer personally owns and uses the cellular phone number xxx-xxx-3130. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Schaffer's original Complaint was filed), GoSmith sent Schaffer at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Schaffer seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Schaffer seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. 227(b), and $3,500 for at least 7 negligent violations of 47 U.S.C. 227(c).

315.  John Schulte personally owns and uses the cellular phone number xxx-xxx-5539. This number is a residential telephone subscription. On 08/06/2015, Schulte registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

Schulte's original Complaint was filed), GoSmith sent Schulte at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Schulte within a 12-month period after Schulte was registered on the National Do Not Call Registry, including but not limited to the period between 05/23/2017 and 05/23/2018. Schulte seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Schulte seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. 227(b), and $5,000 for at least 10 negligent violations of 47 U.S.C. 227(c).

316.  Savannah Scroggs personally owns and uses the cellular phone number xxx-xxx-1095. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Scroggs's original Complaint was filed), GoSmith sent Scroggs at least 104 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Scroggs seeks an amount not less than $156,000 for at least 104 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $156,000 for at least 104 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Scroggs seeks an amount not less than $52,000 for at least 104 negligent violations of 47 U.S.C. 227(b), and $52,000 for at least 104 negligent violations of 47 U.S.C. 227(c).

317.  Timothy Shiner personally owns and uses the cellular phone number xxx-xxx-6914. This number is a residential telephone subscription. On 12/05/2014, Shiner

1  registered this number on the National Do Not Call Registry. In the four years preceding

2  01/30/2020 (the date Shiner's original Complaint was filed), GoSmith sent Shiner at least 54

3  telemarketing text messages at this number, sending 1-2 messages a month, about 20 each year.

4  GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing

5  system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these

6  text messages without instituting procedures that meet the minimum standards required for

7  telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47

8  U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text

9  messages to Shiner within a 12-month period after Shiner was registered on the National Do

10 Not Call Registry, including but not limited to the period between 05/13/2017 and 05/13/2018.

11 Shiner seeks an amount not less than $81,000 for at least 54 knowing and willful violations of

12 47 U.S.C. 227(b), and an amount not less than $81,000 for at least 54 knowing and willful

13 violations of 47 U.S.C. 227(c). Alternatively, Shiner seeks an amount not less than $27,000 for

14 at least 54 negligent violations of 47 U.S.C. 227(b), and $27,000 for at least 54 negligent

15 violations of 47 U.S.C. 227(c).

16      318.  Christy Sholes personally owns and uses the cellular phone number xxx-xxx-6425.

17 This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

18 date Sholes's original Complaint was filed), GoSmith sent Sholes at least 160 telemarketing text

19 messages at this number. GoSmith knowingly and willfully sent these text messages using an

20 automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

21 knowingly and willfully sent these text messages without instituting procedures that meet the

22 minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

23 64.1200(d). Sholes seeks an amount not less than $240,000 for at least 160 knowing and willful

24 violations of 47 U.S.C. 227(b), and an amount not less than $240,000 for at least 160 knowing

25 and willful violations of 47 U.S.C. 227(c). Alternatively, Sholes seeks an amount not less than

26 $80,000 for at least 160 negligent violations of 47 U.S.C. 227(b), and $80,000 for at least 160

27 negligent violations of 47 U.S.C. 227(c).

319. Valentin Siller personally owns and uses the cellular phone number xxx-xxx-2488. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Siller's original Complaint was filed), GoSmith sent Siller at least 16 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Siller seeks an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Siller seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. 227(b), and $8,000 for at least 16 negligent violations of 47 U.S.C. 227(c).

320. Max Sisson personally owns and uses the cellular phone number xxx-xxx-1629. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Sisson's original Complaint was filed), GoSmith sent Sisson at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Sisson seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Sisson seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and $1,000 for at least 2 negligent violations of 47 U.S.C. 227(c).

321. Ben Skelton personally owns and uses the cellular phone number xxx-xxx-3509. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Skelton's original Complaint was filed), GoSmith sent Skelton at least 5 telemarketing text

1  messages at this number. GoSmith knowingly and willfully sent these text messages using an

2  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

3  knowingly and willfully sent these text messages without instituting procedures that meet the

4  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

5  64.1200(d). Skelton seeks an amount not less than $7,500 for at least 5 knowing and willful

6  violations of 47 U.S.C. 227(b), and an amount not less than $7,500 for at least 5 knowing and

7  willful violations of 47 U.S.C. 227(c). Alternatively, Skelton seeks an amount not less than

8  $2,500 for at least 5 negligent violations of 47 U.S.C. 227(b), and $2,500 for at least 5 negligent

9  violations of 47 U.S.C. 227(c).

10     322.  Julie Skymba personally owns and uses the cellular phone number xxx-xxx-5759.

11 This number is a residential telephone subscription. On 01/13/2006, Skymba registered this

12 number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

13 Skymba's original Complaint was filed), GoSmith sent Skymba at least 5 telemarketing text

14 messages at this number. GoSmith knowingly and willfully sent these text messages using an

15 automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

16 knowingly and willfully sent these text messages without instituting procedures that meet the

17 minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

18 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

19 knowingly and willfully sent at least 2 text messages to Skymba within a 12-month period after

20 Skymba was registered on the National Do Not Call Registry, including but not limited to the

21 period between 06/07/2017 and 07/10/2017. Skymba seeks an amount not less than $7,500 for

22 at least 5 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

23 $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Skymba

24 seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. 227(b), and

25 $2,500 for at least 5 negligent violations of 47 U.S.C. 227(c).

26     323.  Phil Slezak personally owns and uses the cellular phone number xxx-xxx-4844.

27 This number is a residential telephone subscription. On 12/15/2004, Slezak registered this

number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Slezak's original Complaint was filed), GoSmith sent Slezak at least 144 telemarketing text messages at this number, which Slezak received from Defendants at least daily. Upon information and belief, the actual number of violations is much higher. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Slezak within a 12-month period after Slezak was registered on the National Do Not Call Registry, including but not limited to the period between 05/03/2017 and 05/03/2018. Slezak seeks an amount not less than $216,000 for at least 144 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $216,000 for at least 144 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Slezak seeks an amount not less than $72,000 for at least 144 negligent violations of 47 U.S.C. 227(b), and $72,000 for at least 144 negligent violations of 47 U.S.C. 227(c).

324. Michelle Slocum personally owns and uses the cellular phone number xxx-xxx-9945. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Slocum's original Complaint was filed), GoSmith sent Slocum at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Slocum seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Slocum seeks an

1    amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. 227(b), and $2,500

2    for at least 5 negligent violations of 47 U.S.C. 227(c).

3    325.   David Smalt personally owns and uses the cellular phone number xxx-xxx-7013.

4    This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

5    date Smalt's original Complaint was filed), GoSmith sent Smalt at least 30 telemarketing text

6    messages at this number. GoSmith knowingly and willfully sent these text messages using an

7    automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

8    knowingly and willfully sent these text messages without instituting procedures that meet the

9    minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

10   64.1200(d). Smalt seeks an amount not less than $45,000 for at least 30 knowing and willful

11   violations of 47 U.S.C. 227(b), and an amount not less than $45,000 for at least 30 knowing and

12   willful violations of 47 U.S.C. 227(c). Alternatively, Smalt seeks an amount not less than

13   $15,000 for at least 30 negligent violations of 47 U.S.C. 227(b), and $15,000 for at least 30

14   negligent violations of 47 U.S.C. 227(c).

15   326.   Natahsya Spears personally owns and uses the cellular phone number

16   xxx-xxx-5227. This number is a residential telephone subscription. In the four years preceding

17   01/30/2020 (the date Spears's original Complaint was filed), GoSmith sent Spears at least 56

18   telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

19   messages using an automatic telephone dialing system in violation of 47 U.S.C.

20   227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

21   procedures that meet the minimum standards required for telemarketing in violation of 47

22   U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Spears seeks an amount not less than $84,000 for at

23   least 56 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

24   $84,000 for at least 56 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Spears

25   seeks an amount not less than $28,000 for at least 56 negligent violations of 47 U.S.C. 227(b),

26   and $28,000 for at least 56 negligent violations of 47 U.S.C. 227(c).

27

327.   Michael Spencer personally owns and uses the cellular phone number xxx-xxx-0961. This number is a residential telephone subscription. On 08/26/2008, Spencer registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Spencer's original Complaint was filed), GoSmith sent Spencer at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Spencer within a 12-month period after Spencer was registered on the National Do Not Call Registry, including but not limited to the period between 05/28/2017 and 06/29/2017. Spencer seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Spencer seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. 227(b), and $1,000 for at least 2 negligent violations of 47 U.S.C. 227(c).

328.   Raymond Spinell personally owns and uses the cellular phone number xxx-xxx-9395. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Spinell's original Complaint was filed), GoSmith sent Spinell at least 30 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Spinell seeks an amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

1    Spinell seeks an amount not less than $15,000 for at least 30 negligent violations of 47 U.S.C.

2    227(b), and $15,000 for at least 30 negligent violations of 47 U.S.C. 227(c).

3         329.  Jonathan Spry personally owns and uses the cellular phone number xxx-xxx-8206.

4    This number is a residential telephone subscription. On 03/04/2009, Spry registered this number

5    on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Spry's

6    original Complaint was filed), GoSmith sent Spry at least 6 telemarketing text messages at this

7    number. GoSmith knowingly and willfully sent these text messages using an automatic

8    telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and

9    willfully sent these text messages without instituting procedures that meet the minimum

10   standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d).

11   Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and

12   willfully sent at least 2 text messages to Spry within a 12-month period after Spry was

13   registered on the National Do Not Call Registry, including but not limited to the period between

14   04/23/2017 and 04/23/2018. Spry seeks an amount not less than $9,000 for at least 6 knowing

15   and willful violations of 47 U.S.C. 227(b), and an amount not less than $9,000 for at least 6

16   knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Spry seeks an amount not

17   less than $3,000 for at least 6 negligent violations of 47 U.S.C. 227(b), and $3,000 for at least 6

18   negligent violations of 47 U.S.C. 227(c).

19        330.  Micah Stafford personally owns and uses the cellular phone number

20   xxx-xxx-9423. This number is a residential telephone subscription. In the four years preceding

21   01/30/2020 (the date Stafford's original Complaint was filed), GoSmith sent Stafford at least 48

22   telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

23   messages using an automatic telephone dialing system in violation of 47 U.S.C.

24   227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

25   procedures that meet the minimum standards required for telemarketing in violation of 47

26   U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Stafford seeks an amount not less than $72,000 for at

27   least 48 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

1   $72,000 for at least 48 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

2   Stafford seeks an amount not less than $24,000 for at least 48 negligent violations of 47 U.S.C.

3   227(b), and $24,000 for at least 48 negligent violations of 47 U.S.C. 227(c).

4     331. Jeanette Stanley personally owns and uses the cellular phone number

5   xxx-xxx-1655. This number is a residential telephone subscription. In the four years preceding

6   01/30/2020 (the date Stanley's original Complaint was filed), GoSmith sent Stanley at least 6

7   telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

8   messages using an automatic telephone dialing system in violation of 47 U.S.C.

9   227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

10   procedures that meet the minimum standards required for telemarketing in violation of 47

11   U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Stanley seeks an amount not less than $9,000 for at

12   least 6 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $9,000

13   for at least 6 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Stanley seeks an

14   amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. 227(b), and $3,000

15   for at least 6 negligent violations of 47 U.S.C. 227(c).

16     332. Brandon Starkes personally owns and uses the cellular phone number

17   xxx-xxx-7852. This number is a residential telephone subscription. In the four years preceding

18   01/30/2020 (the date Starkes's original Complaint was filed), GoSmith sent Starkes at least 7

19   telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

20   messages using an automatic telephone dialing system in violation of 47 U.S.C.

21   227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

22   procedures that meet the minimum standards required for telemarketing in violation of 47

23   U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Starkes seeks an amount not less than $10,500 for at

24   least 7 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $10,500

25   for at least 7 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Starkes seeks an

26   amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. 227(b), and $3,500

27   for at least 7 negligent violations of 47 U.S.C. 227(c).

333.   Nathan Steele personally owns and uses the cellular phone number xxx-xxx-2811. This number is a residential telephone subscription. On 03/06/2018, Steele registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Steele's original Complaint was filed), GoSmith sent Steele at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Steele within a 12-month period after Steele was registered on the National Do Not Call Registry, including but not limited to the period between 03/06/2018 and 03/06/2019. Steele seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Steele seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. 227(b), and $2,500 for at least 5 negligent violations of 47 U.S.C. 227(c).

334.   Peter Steffen personally owns and uses the cellular phone number xxx-xxx-0781. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Steffen's original Complaint was filed), GoSmith sent Steffen at least 34 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Steffen seeks an amount not less than $51,000 for at least 34 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $51,000 for at least 34 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Steffen seeks an amount not less than

1    $17,000 for at least 34 negligent violations of 47 U.S.C. 227(b), and $17,000 for at least 34

2    negligent violations of 47 U.S.C. 227(c).

3        335.  Yaakov Stern personally owns and uses the cellular phone number xxx-xxx-0013.

4    This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

5    date Stern's original Complaint was filed), GoSmith sent Stern at least 4 telemarketing text

6    messages at this number. GoSmith knowingly and willfully sent these text messages using an

7    automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

8    knowingly and willfully sent these text messages without instituting procedures that meet the

9    minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

10   64.1200(d). Stern seeks an amount not less than $6,000 for at least 4 knowing and willful

11   violations of 47 U.S.C. 227(b), and an amount not less than $6,000 for at least 4 knowing and

12   willful violations of 47 U.S.C. 227(c). Alternatively, Stern seeks an amount not less than $2,000

13   for at least 4 negligent violations of 47 U.S.C. 227(b), and $2,000 for at least 4 negligent

14   violations of 47 U.S.C. 227(c).

15       336.  Christopher Stipanich personally owns and uses the cellular phone number

16   xxx-xxx-8607. This number is a residential telephone subscription. In the four years preceding

17   01/30/2020 (the date Stipanich's original Complaint was filed), GoSmith sent Stipanich at least

18   1,320 telemarketing text messages at this number. GoSmith knowingly and willfully sent these

19   text messages using an automatic telephone dialing system in violation of 47 U.S.C.

20   227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

21   procedures that meet the minimum standards required for telemarketing in violation of 47

22   U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Stipanich seeks an amount not less than $1,980,000 for

23   at least 1,320 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

24   $1,980,000 for at least 1,320 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

25   Stipanich seeks an amount not less than $660,000 for at least 1,320 negligent violations of 47

26   U.S.C. 227(b), and $660,000 for at least 1,320 negligent violations of 47 U.S.C. 227(c).

27

337.  Mike Strodtman personally owns and uses the cellular phone number xxx-xxx-4229. This number is a residential telephone subscription. On 08/14/2005, Strodtman registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Strodtman's original Complaint was filed), GoSmith sent Strodtman at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Strodtman within a 12-month period after Strodtman was registered on the National Do Not Call Registry, including but not limited to the period between 05/25/2017 and 07/24/2017. Strodtman seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Strodtman seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. 227(b), and $1,500 for at least 3 negligent violations of 47 U.S.C. 227(c).

338.  Dan Stubbs personally owns and uses the cellular phone number xxx-xxx-0232. This number is a residential telephone subscription. On 07/01/2007, Stubbs registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Stubbs's original Complaint was filed), GoSmith sent Stubbs at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Stubbs within a 12-month period after

1    Stubbs was registered on the National Do Not Call Registry, including but not limited to the

2    period between 05/29/2017 and 09/14/2017. Stubbs seeks an amount not less than $22,500 for

3    at least 15 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

4    $22,500 for at least 15 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

5    Stubbs seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C.

6    227(b), and $7,500 for at least 15 negligent violations of 47 U.S.C. 227(c).

7    339.   Thomas Stumborg personally owns and uses the cellular phone number

8    xxx-xxx-5601. This number is a residential telephone subscription. On 09/09/2005, Stumborg

9    registered this number on the National Do Not Call Registry. In the four years preceding

10   01/30/2020 (the date Stumborg's original Complaint was filed), GoSmith sent Stumborg at least

11   7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

12   messages using an automatic telephone dialing system in violation of 47 U.S.C.

13   227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

14   procedures that meet the minimum standards required for telemarketing in violation of 47

15   U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R.

16   64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Stumborg within a

17   12-month period after Stumborg was registered on the National Do Not Call Registry, including

18   but not limited to the period between 05/25/2017 and 05/25/2018. Stumborg seeks an amount

19   not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(b), and an

20   amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(c).

21   Alternatively, Stumborg seeks an amount not less than $3,500 for at least 7 negligent violations

22   of 47 U.S.C. 227(b), and $3,500 for at least 7 negligent violations of 47 U.S.C. 227(c).

23   340.   Zach Talmage personally owns and uses the cellular phone number xxx-xxx-4286.

24   This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

25   date Talmage's original Complaint was filed), GoSmith sent Talmage at least 80 telemarketing

26   text messages at this number. GoSmith knowingly and willfully sent these text messages using

27   an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Talmage seeks an amount not less than $120,000 for at least 80 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $120,000 for at least 80 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Talmage seeks an amount not less than $40,000 for at least 80 negligent violations of 47 U.S.C. 227(b), and $40,000 for at least 80 negligent violations of 47 U.S.C. 227(c).

341. Lori Taylor personally owns and uses the cellular phone number xxx-xxx-5672. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Taylor's original Complaint was filed), GoSmith sent Taylor at least 20 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Taylor seeks an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Taylor seeks an amount not less than $10,000 for at least 20 negligent violations of 47 U.S.C. 227(b), and $10,000 for at least 20 negligent violations of 47 U.S.C. 227(c).

342. Joshua Tenney personally owns and uses the cellular phone number xxx-xxx-8347. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Tenney's original Complaint was filed), GoSmith sent Tenney at least 118 telemarketing text messages at this number, sometimes 3-4 times a day. Upon information and belief, the actual number of violations is much higher, but Tenney has a record of at least this many violations on his current device. Previously, Tenney had other devices with this number assigned to them and was also receiving telemarketing text messages from Defendants at that number on those devices. GoSmith knowingly and willfully sent these text messages using an

1   automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith
2   knowingly and willfully sent these text messages without instituting procedures that meet the
3   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.
4   64.1200(d). Tenney seeks an amount not less than $177,000 for at least 118 knowing and willful
5   violations of 47 U.S.C. 227(b), and an amount not less than $177,000 for at least 118 knowing
6   and willful violations of 47 U.S.C. 227(c). Alternatively, Tenney seeks an amount not less than
7   $59,000 for at least 118 negligent violations of 47 U.S.C. 227(b), and $59,000 for at least 118
8   negligent violations of 47 U.S.C. 227(c).

9       343.  Michael Tietje personally owns and uses the cellular phone number xxx-xxx-2380.
10  This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the
11  date Tietje's original Complaint was filed), GoSmith sent Tietje at least 140 telemarketing text
12  messages at this number. GoSmith knowingly and willfully sent these text messages using an
13  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith
14  knowingly and willfully sent these text messages without instituting procedures that meet the
15  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.
16  64.1200(d). Tietje seeks an amount not less than $210,000 for at least 140 knowing and willful
17  violations of 47 U.S.C. 227(b), and an amount not less than $210,000 for at least 140 knowing
18  and willful violations of 47 U.S.C. 227(c). Alternatively, Tietje seeks an amount not less than
19  $70,000 for at least 140 negligent violations of 47 U.S.C. 227(b), and $70,000 for at least 140
20  negligent violations of 47 U.S.C. 227(c).

21      344.  Jacob Tingle personally owns and uses the cellular phone number xxx-xxx-3734.
22  This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the
23  date Tingle's original Complaint was filed), GoSmith sent Tingle at least 78 telemarketing text
24  messages at this number. GoSmith knowingly and willfully sent these text messages using an
25  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith
26  knowingly and willfully sent these text messages without instituting procedures that meet the
27  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

64.1200(d). Tingle seeks an amount not less than $117,000 for at least 78 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $117,000 for at least 78 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Tingle seeks an amount not less than $39,000 for at least 78 negligent violations of 47 U.S.C. 227(b), and $39,000 for at least 78 negligent violations of 47 U.S.C. 227(c).

345.  John Tompkins II personally owns and uses the cellular phone number xxx-xxx-2629. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Tompkins's original Complaint was filed), GoSmith sent Tompkins at least 424 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Tompkins seeks an amount not less than $636,000 for at least 424 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $636,000 for at least 424 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Tompkins seeks an amount not less than $212,000 for at least 424 negligent violations of 47 U.S.C. 227(b), and $212,000 for at least 424 negligent violations of 47 U.S.C. 227(c).

346.  William Torrey personally owns and uses the cellular phone number xxx-xxx-7434. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Torrey's original Complaint was filed), GoSmith sent Torrey at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Torrey seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Torrey seeks an

1 amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. 227(b), and $2,500

2 for at least 5 negligent violations of 47 U.S.C. 227(c).

3       347. Mike Towe personally owns and uses the cellular phone number xxx-xxx-0101.

4 This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

5 date Towe's original Complaint was filed), GoSmith sent Towe at least 422 telemarketing text

6 messages at this number. GoSmith knowingly and willfully sent these text messages using an

7 automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

8 knowingly and willfully sent these text messages without instituting procedures that meet the

9 minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

10 64.1200(d). Towe seeks an amount not less than $633,000 for at least 422 knowing and willful

11 violations of 47 U.S.C. 227(b), and an amount not less than $633,000 for at least 422 knowing

12 and willful violations of 47 U.S.C. 227(c). Alternatively, Towe seeks an amount not less than

13 $211,000 for at least 422 negligent violations of 47 U.S.C. 227(b), and $211,000 for at least 422

14 negligent violations of 47 U.S.C. 227(c).

15       348. Yannick Truchi personally owns and uses the cellular phone number

16 xxx-xxx-3505. This number is a residential telephone subscription. On 10/18/2018, Truchi

17 registered this number on the National Do Not Call Registry. In the four years preceding

18 01/30/2020 (the date Truchi's original Complaint was filed), GoSmith sent Truchi at least 30

19 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

20 messages using an automatic telephone dialing system in violation of 47 U.S.C.

21 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

22 procedures that meet the minimum standards required for telemarketing in violation of 47

23 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R.

24 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Truchi within a

25 12-month period after Truchi was registered on the National Do Not Call Registry, including

26 but not limited to the period between 10/18/2018 and 10/18/2019. Truchi seeks an amount not

27 less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. 227(b), and an

amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Truchi seeks an amount not less than $15,000 for at least 30 negligent violations of 47 U.S.C. 227(b), and $15,000 for at least 30 negligent violations of 47 U.S.C. 227(c).

349. Jaime Vaca personally owns and uses the cellular phone number xxx-xxx-7332. This number is a residential telephone subscription. On 09/24/2008, Vaca registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Vaca's original Complaint was filed), GoSmith sent Vaca at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Vaca within a 12-month period after Vaca was registered on the National Do Not Call Registry, including but not limited to the period between 06/14/2017 and 09/22/2017. Vaca seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Vaca seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. 227(b), and $5,000 for at least 10 negligent violations of 47 U.S.C. 227(c).

350. Ivonne Varges personally owns and uses the cellular phone number xxx-xxx-7052. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Varges's original Complaint was filed), GoSmith sent Varges at least 1,054 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Varges seeks an amount not less than $1,581,000 for at least 1,054 knowing and

willful violations of 47 U.S.C. 227(b), and an amount not less than $1,581,000 for at least 1,054 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Varges seeks an amount not less than $527,000 for at least 1,054 negligent violations of 47 U.S.C. 227(b), and $527,000 for at least 1,054 negligent violations of 47 U.S.C. 227(c).

351. Ricky Vaugh personally owns and uses the cellular phone number xxx-xxx-9602. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Vaugh's original Complaint was filed), GoSmith sent Vaugh at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Vaugh seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Vaugh seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. 227(b), and $3,500 for at least 7 negligent violations of 47 U.S.C. 227(c).

352. Dean Walden personally owns and uses the cellular phone number xxx-xxx-2314. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Walden's original Complaint was filed), GoSmith sent Walden at least 29 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Walden seeks an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Walden seeks an amount not less than

1 $14,500 for at least 29 negligent violations of 47 U.S.C. 227(b), and $14,500 for at least 29

2 negligent violations of 47 U.S.C. 227(c).

3      353.  Jeremy Wallen personally owns and uses the cellular phone number

4 xxx-xxx-1743. This number is a residential telephone subscription. On 10/12/2012, Wallen

5 registered this number on the National Do Not Call Registry. In the four years preceding

6 01/30/2020 (the date Wallen's original Complaint was filed), GoSmith sent Wallen at least 4

7 telemarketing text messages at this number. Upon information and belief, the actual number of

8 violations is much higher. GoSmith knowingly and willfully sent these text messages using an

9 automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

10 knowingly and willfully sent these text messages without instituting procedures that meet the

11 minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

12 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

13 knowingly and willfully sent at least 2 text messages to Wallen within a 12-month period after

14 Wallen was registered on the National Do Not Call Registry, including but not limited to the

15 period between 04/28/2017 and 04/28/2018. Wallen seeks an amount not less than $6,000 for at

16 least 4 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $6,000

17 for at least 4 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Wallen seeks an

18 amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. 227(b), and $2,000

19 for at least 4 negligent violations of 47 U.S.C. 227(c).

20      354.  Scott Wargo personally owns and uses the cellular phone number xxx-xxx-7424.

21 This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

22 date Wargo's original Complaint was filed), GoSmith sent Wargo at least 4 telemarketing text

23 messages at this number. GoSmith knowingly and willfully sent these text messages using an

24 automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

25 knowingly and willfully sent these text messages without instituting procedures that meet the

26 minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

27 64.1200(d). Wargo seeks an amount not less than $6,000 for at least 4 knowing and willful

1   violations of 47 U.S.C. 227(b), and an amount not less than $6,000 for at least 4 knowing and

2   willful violations of 47 U.S.C. 227(c). Alternatively, Wargo seeks an amount not less than

3   $2,000 for at least 4 negligent violations of 47 U.S.C. 227(b), and $2,000 for at least 4 negligent

4   violations of 47 U.S.C. 227(c).

5        355.  Jim Watson personally owns and uses the cellular phone number xxx-xxx-5389.

6   This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

7   date Watson's original Complaint was filed), GoSmith sent Watson at least 133 telemarketing

8   text messages at this number, which were sent between 3-4 times a week. GoSmith knowingly

9   and willfully sent these text messages using an automatic telephone dialing system in violation

10  of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages

11  without instituting procedures that meet the minimum standards required for telemarketing in

12  violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Watson seeks an amount not less than

13  $199,500 for at least 133 knowing and willful violations of 47 U.S.C. 227(b), and an amount

14  not less than $199,500 for at least 133 knowing and willful violations of 47 U.S.C. 227(c).

15  Alternatively, Watson seeks an amount not less than $66,500 for at least 133 negligent

16  violations of 47 U.S.C. 227(b), and $66,500 for at least 133 negligent violations of 47 U.S.C.

17  227(c).

18       356.  Chere Watson personally owns and uses the cellular phone number xxx-xxx-5818.

19  This number is a residential telephone subscription. On 12/15/2004, Watson registered this

20  number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

21  Watson's original Complaint was filed), GoSmith sent Watson at least 141 telemarketing text

22  messages at this number. Upon information and belief, the actual number of violations is much

23  higher. Watson received, on average, 15 texts per week from Defendants. GoSmith knowingly

24  and willfully sent these text messages using an automatic telephone dialing system in violation

25  of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages

26  without instituting procedures that meet the minimum standards required for telemarketing in

27  violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c)

and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Watson within a 12-month period after Watson was registered on the National Do Not Call Registry, including but not limited to the period between 05/18/2017 and 05/18/2018. Watson seeks an amount not less than $211,500 for at least 141 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $211,500 for at least 141 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Watson seeks an amount not less than $70,500 for at least 141 negligent violations of 47 U.S.C. 227(b), and $70,500 for at least 141 negligent violations of 47 U.S.C. 227(c).

357. Wendell Weedon personally owns and uses the cellular phone number xxx-xxx-0323. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Weedon's original Complaint was filed), GoSmith sent Weedon at least 29 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Weedon seeks an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Weedon seeks an amount not less than $14,500 for at least 29 negligent violations of 47 U.S.C. 227(b), and $14,500 for at least 29 negligent violations of 47 U.S.C. 227(c).

358. Matthew Wegener personally owns and uses the cellular phone number xxx-xxx-1560. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Wegener's original Complaint was filed), GoSmith sent Wegener at least 13 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Wegener seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Wegener seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. 227(b), and $6,500 for at least 13 negligent violations of 47 U.S.C. 227(c).

359.  Kevin Weller personally owns and uses the cellular phone number xxx-xxx-3694. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Weller's original Complaint was filed), GoSmith sent Weller at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Weller seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Weller seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. 227(b), and $2,500 for at least 5 negligent violations of 47 U.S.C. 227(c).

360.  Lilly Wetzel personally owns and uses the cellular phone number xxx-xxx-8331. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Wetzel's original Complaint was filed), GoSmith sent Wetzel at least 28 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Wetzel seeks an amount not less than $42,000 for at least 28 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $42,000 for at least 28 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Wetzel seeks an amount not less than

1    $14,000 for at least 28 negligent violations of 47 U.S.C. 227(b), and $14,000 for at least 28

2    negligent violations of 47 U.S.C. 227(c).

3          361.   Wayne White personally owns and uses the cellular phone number xxx-xxx-0371.

4    This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the

5    date White's original Complaint was filed), GoSmith sent White at least 30 telemarketing text

6    messages at this number. GoSmith knowingly and willfully sent these text messages using an

7    automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

8    knowingly and willfully sent these text messages without instituting procedures that meet the

9    minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

10   64.1200(d). White seeks an amount not less than $45,000 for at least 30 knowing and willful

11   violations of 47 U.S.C. 227(b), and an amount not less than $45,000 for at least 30 knowing and

12   willful violations of 47 U.S.C. 227(c). Alternatively, White seeks an amount not less than

13   $15,000 for at least 30 negligent violations of 47 U.S.C. 227(b), and $15,000 for at least 30

14   negligent violations of 47 U.S.C. 227(c).

15         362.   Eric Williams personally owns and uses the cellular phone number xxx-xxx-4882.

16   This number is a residential telephone subscription. On 04/22/2009, Williams registered this

17   number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

18   Williams's original Complaint was filed), GoSmith sent Williams at least 5 telemarketing text

19   messages at this number. GoSmith knowingly and willfully sent these text messages using an

20   automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

21   knowingly and willfully sent these text messages without instituting procedures that meet the

22   minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

23   64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

24   knowingly and willfully sent at least 2 text messages to Williams within a 12-month period after

25   Williams was registered on the National Do Not Call Registry, including but not limited to the

26   period between 05/06/2017 and 05/06/2018. Williams seeks an amount not less than $7,500 for

27   at least 5 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

1   $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Williams

2   seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. 227(b), and

3   $2,500 for at least 5 negligent violations of 47 U.S.C. 227(c).

4   363.   William Williams personally owns and uses the cellular phone number

5   xxx-xxx-3004. This number is a residential telephone subscription. In the four years preceding

6   01/30/2020 (the date Williams's original Complaint was filed), GoSmith sent Williams at least

7   10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

8   messages using an automatic telephone dialing system in violation of 47 U.S.C.

9   227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

10  procedures that meet the minimum standards required for telemarketing in violation of 47

11  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Williams seeks an amount not less than $15,000 for at

12  least 10 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than

13  $15,000 for at least 10 knowing and willful violations of 47 U.S.C. 227(c). Alternatively,

14  Williams seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C.

15  227(b), and $5,000 for at least 10 negligent violations of 47 U.S.C. 227(c).

16  364.   Kenneth Wilson personally owns and uses the cellular phone number

17  xxx-xxx-1554. This number is a residential telephone subscription. On 02/07/2016, Wilson

18  registered this number on the National Do Not Call Registry. In the four years preceding

19  01/30/2020 (the date Wilson's original Complaint was filed), GoSmith sent Wilson at least 4

20  telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

21  messages using an automatic telephone dialing system in violation of 47 U.S.C.

22  227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting

23  procedures that meet the minimum standards required for telemarketing in violation of 47

24  U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R.

25  64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Wilson within a

26  12-month period after Wilson was registered on the National Do Not Call Registry, including

27  but not limited to the period between 06/23/2017 and 06/23/2017. Wilson seeks an amount not

1   less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(b), and an

2   amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(c).

3   Alternatively, Wilson seeks an amount not less than $2,000 for at least 4 negligent violations of

4   47 U.S.C. 227(b), and $2,000 for at least 4 negligent violations of 47 U.S.C. 227(c).

5       365.  Dennis Wilson personally owns and uses the cellular phone number xxx-xxx-0782.

6   This number is a residential telephone subscription. On 07/01/2003, Wilson registered this

7   number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

8   Wilson's original Complaint was filed), GoSmith sent Wilson at least 4 telemarketing text

9   messages at this number. GoSmith knowingly and willfully sent these text messages using an

10  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

11  knowingly and willfully sent these text messages without instituting procedures that meet the

12  minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R.

13  64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith

14  knowingly and willfully sent at least 2 text messages to Wilson within a 12-month period after

15  Wilson was registered on the National Do Not Call Registry, including but not limited to the

16  period between 06/21/2017 and 07/01/2017. Wilson seeks an amount not less than $6,000 for at

17  least 4 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $6,000

18  for at least 4 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Wilson seeks an

19  amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. 227(b), and $2,000

20  for at least 4 negligent violations of 47 U.S.C. 227(c).

21      366.  Jeffrey Wolf personally owns and uses the cellular phone number xxx-xxx-5020.

22  This number is a residential telephone subscription. On 06/10/2016, Wolf registered this

23  number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date

24  Wolf's original Complaint was filed), GoSmith sent Wolf at least 10 telemarketing text

25  messages at this number. GoSmith knowingly and willfully sent these text messages using an

26  automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith

27  knowingly and willfully sent these text messages without instituting procedures that meet the

minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Wolf within a 12-month period after Wolf was registered on the National Do Not Call Registry, including but not limited to the period between 06/16/2017 and 07/20/2017. Wolf seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Wolf seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. 227(b), and $5,000 for at least 10 negligent violations of 47 U.S.C. 227(c).

367.  Pete Workman personally owns and uses the cellular phone number xxx-xxx-8097. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Workman's original Complaint was filed), GoSmith sent Workman at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Workman seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Workman seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. 227(b), and $2,500 for at least 5 negligent violations of 47 U.S.C. 227(c).

368.  Milton Wright personally owns and uses the cellular phone number xxx-xxx-7147. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Wright's original Complaint was filed), GoSmith sent Wright at least 100 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the

minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Wright seeks an amount not less than $150,000 for at least 100 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $150,000 for at least 100 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Wright seeks an amount not less than $50,000 for at least 100 negligent violations of 47 U.S.C. 227(b), and $50,000 for at least 100 negligent violations of 47 U.S.C. 227(c).

369.  Justin Wylie personally owns and uses the cellular phone number xxx-xxx-8250. This number is a residential telephone subscription. On 05/22/2018, Wylie registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Wylie's original Complaint was filed), GoSmith sent Wylie at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Wylie within a 12-month period after Wylie was registered on the National Do Not Call Registry, including but not limited to the period between 05/22/2018 and 05/22/2019. Wylie seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Wylie seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. 227(b), and $2,000 for at least 4 negligent violations of 47 U.S.C. 227(c).

370.  San Yador personally owns and uses the cellular phone number xxx-xxx-8387. This number is a residential telephone subscription. On 02/08/2019, Yador registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Yador's original Complaint was filed), GoSmith sent Yador at least 411 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an

automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Yador within a 12-month period after Yador was registered on the National Do Not Call Registry, including but not limited to the period between 02/08/2019 and 01/30/2020. Yador seeks an amount not less than $616,500 for at least 411 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $616,500 for at least 411 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Yador seeks an amount not less than $205,500 for at least 411 negligent violations of 47 U.S.C. 227(b), and $205,500 for at least 411 negligent violations of 47 U.S.C. 227(c).

371.    Alexander Yakovlev personally owns and uses the cellular phone number xxx-xxx-8873. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Yakovlev's original Complaint was filed), GoSmith sent Yakovlev at least 25 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Yakovlev seeks an amount not less than $37,500 for at least 25 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $37,500 for at least 25 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Yakovlev seeks an amount not less than $12,500 for at least 25 negligent violations of 47 U.S.C. 227(b), and $12,500 for at least 25 negligent violations of 47 U.S.C. 227(c).

372.    Elena Yescas personally owns and uses the cellular phone number xxx-xxx-9565. This number is a residential telephone subscription. On 02/01/2018, Yescas registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Yescas's original Complaint was filed), GoSmith sent Yescas at least 137 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Yescas within a 12-month period after Yescas was registered on the National Do Not Call Registry, including but not limited to the period between 02/01/2018 and 02/01/2019. Yescas seeks an amount not less than $205,500 for at least 137 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $205,500 for at least 137 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Yescas seeks an amount not less than $68,500 for at least 137 negligent violations of 47 U.S.C. 227(b), and $68,500 for at least 137 negligent violations of 47 U.S.C. 227(c).

373.  Benjamin Young personally owns and uses the cellular phone number xxx-xxx-0809. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Young's original Complaint was filed), GoSmith sent Young at least 28 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Young seeks an amount not less than $42,000 for at least 28 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $42,000 for at least 28 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Young seeks an amount not less than $14,000 for at least 28 negligent violations of 47 U.S.C. 227(b), and $14,000 for at least 28 negligent violations of 47 U.S.C. 227(c).

374.  Leona McFalls Zeqiri personally owns and uses the cellular phone number xxx-xxx-6939. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Zeqiri's original Complaint was filed), GoSmith sent Zeqiri at least 48

telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Zeqiri seeks an amount not less than $72,000 for at least 48 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $72,000 for at least 48 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Zeqiri seeks an amount not less than $24,000 for at least 48 negligent violations of 47 U.S.C. 227(b), and $24,000 for at least 48 negligent violations of 47 U.S.C. 227(c).

375.  Paul Zoino personally owns and uses the cellular phone number xxx-xxx-5301. This number is a residential telephone subscription. On 08/06/2005, Zoino registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Zoino's original Complaint was filed), GoSmith sent Zoino at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Zoino within a 12-month period after Zoino was registered on the National Do Not Call Registry, including but not limited to the period between 04/27/2017 and 04/27/2018. Zoino seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Zoino seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. 227(b), and $2,500 for at least 5 negligent violations of 47 U.S.C. 227(c).

## V.   Legal Standard

### i.   *The Telephone Consumer Protection Act*

376.   The Telephone Consumer Protection Act ("TCPA"; 47 U.S.C. 227; 47 C.F.R. 64.1200) is a federal law that imposes various restrictions on telephone calls, including the following:

377.   **Autodialers** - No person or entity shall make a call "using an automatic telephone dialing system or an artificial or prerecorded voice… [t]o any… cellular telephone" unless the call is "made for emergency purposes or made with the prior express consent of the called party." 47 U.S.C. 227(b)(1)(A)(iii); *see also* 47 C.F.R. 64.1200(a)(1).

378.   **National Do Not Call Registry -** "No person or entity shall initiate any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. 64.1200(c)(2).

379.   **Internal Do Not Call Lists** - "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber" without instituting procedures for maintaining an internal do-not-call list. 47 C.F.R. 64.1200(d). These "procedures **must** meet the following **minimum** standards:" Telemarketers "**must** have a written policy, available upon demand, for maintaining a do-not-call list." *Id*. at (d), (d)(1). Anyone engaged in "any aspect of [the] telemarketing must be informed and trained in the existence and use of the do-not-call list." *Id*. at (d)(2). When people request not to receive calls, the telemarketer must "record the request and place the subscriber's… telephone number on the do-not-call list," and the request must be honored within a "reasonable time." *Id*. at (d)(3). The telemarketer "**must** provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." *Id.* at (d)(4) (emphasis added).

**TCPA Terms Defined:**

380.   Both phone calls and text messages qualify as a "call" under the TCPA. *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016).

381.  The consent standard rises from prior express consent to "prior express **written** consent" for any call to a cell phone that "introduces an advertisement or constitutes telemarketing" where the call is made using an automatic telephone dialing system or an artificial or prerecorded voice. 47 C.F.R. 64.1200(a)(2) (emphasis added).

382.  The term "prior express written consent" means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system." *Id.* at (f)(8). The written agreement must "include a clear and conspicuous disclosure informing the person signing that [b]y executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system." *Id.* at (f)(8)(i)(A).

383.  "The term 'automatic telephone dialing system' means equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. 227(a)(1).

384.  The 9th Circuit has interpreted this to mean "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. Sep. 20, 2018).

385.  "The term 'advertisement' means any material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R 64.1200(f)(1).

386.  "The term 'telephone solicitation' means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." *Id.* at (f)(14).

387.  "The term 'telemarketing' means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." *Id.* at (f)(12).

388.  In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

389.  "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id*. (citing *Chesbro v. Best Buy Stores*, L.P., 705 F.3d 913, 918 (9th Cir. 2012)).

390.  Calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003) (hereinafter "2003 FCC Order"). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future. *Id.*

### iii.    *Individual Officer Liability*

391.  Under the TCPA, an individual may be personally liable pursuant to 47 U.S.C. § 217, which provides that the "act, omission, or failure… of any officer… acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure… of such carrier or user as well as of that person." 47. U.S.C. § 217.

392.  To violate the TCPA is to commit a tort, and a "corporate officer is individually liable for the torts he personally commits and cannot shield himself behind a corporation when he is an actual participant in the tort." *Donsco, Inc. v. Casper Corp.*, 587 F. 2d 602 (3d Cir. 1978).

393.  When considering individual officer liability, Courts have agreed that a corporate officer involved in the telemarketing may be personally liable under the TCPA. *See, e.g.*, *City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, (3d Cir. 2018) ("[A] corporate officer can face personal liability under the TCPA for actions he personally authorized or took.")(J. Schwartz, concurring in the majority opinion, which reads: "a corporate officer can be personally liable [under the TCPA] if he . . . actively oversaw and directed the conduct.");

*Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

### iv.   *Alter Ego Liability*

394.   Under California law, a subsidiary is the alter ego of its parent corporation—and the parent corporation is therefore liable for the subsidiary's acts—when the following two conditions are met: "(1) there is such a unity of interest that the separate personalities of the corporations no longer exist; and (2) inequitable results will follow if the corporate separateness is respected." *Tomaselli v. Transamerica Ins. Co.* (1994) 25 Cal. App.4th 1269, 1285, 31 Cal.Rptr.2d 433. *See also Schwarzkopf v. Brimes*, 626 F.3d 1032, 1038 (9th Cir. 2010).

395.   No single factor is necessary or sufficient to find alter ego liability. *Associated Vendors, Inc. v. Oakland Meat Co.* (1962) 210 Cal. App.2d 825, 840.

396.   A unity of interest arises when there is, inter alia, inadequate capitalization, commingling of assets, the total absence of corporate assets, the use of a corporation as a mere instrumentality for a single venture, use of a corporation as a subterfuge for illegal transactions, identical officers, and employment of the same attorneys. Id. at 838–840.

397.   An inequitable result arises when a parent corporation uses its subsidiary to engage in "conduct amounting to bad faith" and then seeks to "hide behind [the] corporate veil" of its subsidiary. *Id.* at 842.

### v.   *Vicarious Liability*

398.   For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the TCPA,* 10 FCC Rcd 12391, 12397 (¶ 13) (August 7, 1995).

399.  In 2008, the FCC likewise held that a company on whose behalf a telephone call is made bears the responsibility for any violations. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 23 FCC Rcd. 559, 564 (January 4, 2008)*.*

400.  In 2013, the FCC instructed that Defendants may not avoid liability by outsourcing their telemarketing to third parties. *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd 6574, 6588 ¶37 (2013).

401.  The FCC stated that corporations are "vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *Id.* at 6574. This includes principles of formal agency, apparent authority, and ratification. *Id.* at 6584.

402.  Federal common law agency principles are based off of the Restatement (Third) of Agency. *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1072-73 (9th Cir. 2019).

403.  An agent has actual authority when "the agent reasonably believes... that the principal wishes the agent so to act." Restatement (Third) of Agency § 2.01 (2006).

404.  An agent has apparent authority when "a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." Restatement (Third) of Agency § 2.03 (2006).

405.  If there is no agency relationship, ratification can create one. Ratification can happen in one of two ways: (i) When there is an "externally observable indication" that a principal has "[actual] knowledge of material facts" regarding a third party's acts, and accepts the benefits of—and consents to—said acts; or (ii) When a principal is "willful[ly] ignoran[t]" of the material facts of a third party's acts. *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1073-74 (9th Cir. 2019).

### vi.    *Standing Under the TCPA*

406.  The TCPA provides a private right of action to any "person or entity" who receives autodialed, artificial, or prerecorded calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

407. The TCPA provides a private right of action to residential telephone subscribers who are registered on the Registry and who receive more than one telephone solicitation "within any 12-month period by or on behalf of the same entity." 47 U.S.C. § 227(c)(5); *see also* 47 U.S.C. § 227(c)(1)-(3), 47 C.F.R. 64.1200(c).

408. The TCPA provides a private right of action to residential telephone subscribers who receive more than one telemarketing call "within any 12-month period by or on behalf of the same entity" that has not instituted procedures that meet the minimum standards for telemarketing. 47 U.S.C. § 227(c)(5); *see also* 47 U.S.C. § 227(c)(1)(A), 47 C.F.R. 64.1200(d).

409. In an action under 227(b), a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d 1265 (11th Cir. 2014).

410. A plaintiff alleging a violation under the TCPA "need not allege any additional harm beyond the one Congress has identified." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)).

411. The receipt of a telemarketing or unsolicited call "demonstrates more than a bare violation and satisfies the concrete-injury requirement for standing." *Leyse v. Lifetime Entm't Servs., LLC*, Nos. 16-1133-cv, 16-1425-cv, 2017 U.S. App. LEXIS 2607 (2d Cir. 2017) (citing *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 725 F.3d 65, 105 (2d Cir. 2013) ("The injury-in-fact necessary for standing need not be large; an identifiable trifle will suffice."); *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 819-21 (8th Cir. 2015) (holding that receipt of two brief unsolicited robocalls as voicemail messages was sufficient to establish standing under TCPA).

412. Recovery under the TCPA is allowed for each breach of the subsections independently. "Congress evidenced its intent that a person be able to recover for the telemarketer's failure to institute the minimum procedures for maintaining a do-not-call list as well as the additional harm of the call being automated." *Charvat v. NMP, LLC*, 656 F.3d 440,

448 (6th Cir. 2011). Thus, "a person may recover statutory damages of $1500 for a willful or knowing violation of the automated-call requirements, § 227(b)(3), and $1500 for a willful or knowing violation of the do-not-call-list requirements, § 227(c)(5)—even if both violations occurred in the same telephone call." *Id*. at 449.

413.   Congress made clear that the TCPA was meant to protect both consumers and businesses. Congress enumerated 15 findings when passing the TCPA, four of which explicitly reference businesses and Congress's intent to protect them:

i.   "The use of the telephone to market goods and services to the home ***and other businesses*** is now pervasive due to the increased use of cost-effective telemarketing techniques." Congressional Statement of Findings, § 2, Pub.L. 102-243.(emphasis added).

ii.   "Over 30,000 businesses actively telemarket goods and services ***to business*** and residential customers." *Id*. (emphasis added).

iii.   "***Businesses also have complained*** to the Congress and the Federal Communications Commission that automated or prerecorded telephone calls are a nuisance, are an invasion of privacy, and interfere with interstate commerce. *Id*. (emphasis added).

iv.   "The Federal Communications Commission should consider adopting reasonable restrictions on automated or prerecorded calls ***to businesses*** as well as to the home, consistent with the constitutional protections of free speech." *Id*. (emphasis added)

414.   The regulations for the National Do Not Call Registry, found in 47 C.F.R. 64.1200(c), and the regulations for company-specific Internal Do Not Call lists, found in 47 C.F.R. 64.1200(d), apply to "wireless telephone numbers to the extent described in the [FCC] Commission's Report and Order, CG Docket No. 02-278, FCC 03-153." 47 C.F.R. 64.1200(e).

415.   In the Report and Order cited in the C.F.R. above, the FCC concluded "that the national database should allow for the registration of wireless telephone numbers, and that such

1    action will better further the objectives of the TCPA and the Do-Not-Call Act." *2003 FCC*

2    *Order*, 18 FCC Rcd. 14014 at ¶ 33.

3        416.    In 2005, the Direct Marketing Association ("DMA") asked the FCC to reconsider

4    and make a ruling that "[i]f the caller is calling [a residential line] for a business purpose, and

5    understands that the number dialed is used for business purposes, the caller should not have to

6    scrub the number against the national DNC list." *Petition for Reconsideration* at 10, last

7    accessed 9/10/2020 at https://ecfsapi.fcc.gov/file/6514782187.pdf. The DMA gave examples of

8    individuals fitting this description that the DMA wanted permission to contact, from "the

9    American farmer [who] has a 'residential' listing, but uses that phone number both for personal

10   use and for business purposes" to the self-employed consultant, freelance photographer, or web

11   designer.  *Id.* at 9-10.

12       417.    The FCC declared "[w]e disagree with the DMA that the rules should be revised to

13   expressly exempt calls to business numbers." *Rules & Regulations Implementing the Telephone*

14   *Consumer Protection Act of 1991*, 20 FCC Rcd. 3788, 3793 (2005) (hereinafter "2005 FCC

15   Order"). "We also decline to exempt from the do-not-call rules those calls made to 'home-based

16   businesses.'" *Id.* In other words, ***telemarketing calls to home-based businesses are prohibited***.

17   Mixed business and personal use of a residential number, particularly numbers used in

18   connection with a home-based business, does not remove an individual's standing to bring

19   claims for TCPA violations. The FCC has stated that residential telephone subscribers who also

20   use their phone number for business purposes **are protected** on the Do Not Call Registry.

21

22                               **VI.   First Cause of Action:**

23                               **Illegal Use of an ATDs**

24       418.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as

25   though fully stated herein.

26       419.   The Defendants' use of an ATDS to contact Plaintiffs constitutes a violation of 47

27   U.S.C. § 227(b).

420.  As a result of Defendants' negligent violations of 47 U.S.C. § 227(b), Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation,  pursuant to 47 U.S.C. § 227(b)(3)(B).

421.  As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiffs are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

422.  Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## VII. Second Cause of Action:

## Failure to Maintain and Follow Internal Do Not Call Procedures

423.  Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

424.  Defendants' contact of Plaintiffs' cellular phone numbers without instituting and following procedures that meet the minimum standards for telemarketing established in and promulgated by 47 C.F.R. §64.1200(d) constitutes a separate violation of 47 U.S.C. § 227(c).

425.  As a result of Defendants' negligent violations of the internal do not call requirements of 47 C.F.R. §64.1200(d), Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every violation,  pursuant to 47 U.S.C. § 227(c)(5)(B).

426.  As a result of Defendants' knowing and/or willful violations of the internal do not call requirements of 47 C.F.R. §64.1200(d), Plaintiffs are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B) and 47 U.S.C. § 227(c)(5)(C).

427.  Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**VIII. Third Cause of Action:**

**Illegal Solicitation of Persons on the National Do Not Call Registry**

428.  Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

429.  Defendants' contact of Plaintiffs' cellular phone numbers on the National Do Not Call Registry constitutes a violation of 47 U.S.C. § 227(c) and 47 C.F.R. §64.1200(c).

430.  As a result of Defendants' negligent violations of 47 U.S.C. § 227(c), Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every violation,  pursuant to 47 U.S.C. § 227(c)(5)(B).

431.  As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiffs are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B) and 47 U.S.C. § 227(c)(5)(C).

432.  Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**IX.  Relief Requested**

433.  WHEREFORE, Plaintiffs respectfully request the Court grant Plaintiffs the following relief against Defendants:

434.  Plaintiffs seek an amount to be determined at trial that is not less than $53,094,000 as a result of at least 35,396 violations of 47 U.S.C. § 227(b).

435.  Plaintiffs also seek an amount to be determined at trial that is not less than $53,094,000 as a result of at least 35,396 violations of 47 U.S.C. § 227(c).

436.  Plaintiffs seek costs pursuant to 28 U.S.C. § 1920.

437.  Plaintiffs seek judgment interest pursuant to 28 U.S.C. § 1961.

438.  Plaintiffs seek injunctive relief prohibiting such conduct in the future.

439.  Plaintiffs seek any other relief the Court may deem just and proper.

1

2                                      **IX.   Jury Demand**

3          440.  Plaintiffs request a trial by jury of all claims that can be so tried.

4

5

6   Date: 9/10/2020                           Respectfully submitted,

7                                             **LawHQ, LLC**

8
                                             /s/ *Rebecca Evans*
9                                             Rebecca Evans

10
                                             /s/ *Nicole Lewis*
11                                            Nicole Lewis

12                                            Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27