UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM CAIN ET AL, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>PORCH.COM INC., et al.,<br><br>   Defendants. | Case No. 20-cv-00697-BLF<br><br>**ORDER GRANTING UNOPPOSED MOTION TO STAY DISCOVERY THROUGH FEBRUARY 4, 2021**<br><br>[Re: ECF 88] |

Before the Court is Defendants' motion to temporarily stay discovery. *See* Mot, ECF 88. Because Plaintiffs did not respond, this motion is unopposed. The Court GRANTS Defendants' motion and will stay discovery through February 4, 2021, the date Defendants' motion to dismiss will be heard.

Defendants ask for a stay because they have a pending motion for transfer before the Judicial Panel on Multidistrict Litigation ("MDL Panel"). Mot. 1. Defendants ask that the stay be continued either until the MDL Panel decision or this Court rules on its pending motion to dismiss, which is set to be heard on February 4, 2021. *Id.* Defendants seek to avoid duplicative or unnecessary discovery and argue that a stay would not prejudice Plaintiffs, avoid hardship to Defendants, and serve judicial economy. *Id.*

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. No. American Co.*, 299 U.S. 248, 254 (1936)). This power is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. "In considering whether a stay is appropriate, the Court weighs three factors: [1] the possible damage which may result from the granting of a stay, [2] the hardship or

inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014) (internal quotation marks and citation omitted) (brackets in original). These factors are drawn from the Supreme Court's decision in *Landis v. North American Co.*, 299 U.S. 248 (1936). *Id.*

While filing a motion before the MDL Panel alone does not result in an automatic stay of proceedings in this Court, courts in this district do frequently grant stays pending a decision by the MDL Panel. *See, e.g.*, *Johnson v. Monterey Fish Co., Inc.*, No. 18-CV-01985-BLF, 2018 WL 2387849, at *1 (N.D. Cal. May 25, 2018). The Court finds that Defendants here have satisfied the *Landis* factors. First, Plaintiffs, who chose not to oppose this motion, will not suffer any prejudice from a stay of a duration of less than two months. Second, the Court does find that Defendants would be forced to engage in duplicative discovery practice if this case were to proceed without a stay while the MDL Panel's decision is pending. And finally, a stay would promote judicial economy and conserve the Court's resources. "[I]t appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Monterey Fish Co.*, 2018 WL 2387849, at *2 (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360–62 (C.D. Cal. 1997)).

For the foregoing reasons, Defendants' motion to stay is GRANTED, and discovery shall be STAYED through February 4, 2021.

**IT IS SO ORDERED.**

Dated: November 20, 2020

_____
BETH LABSON FREEMAN
United States District Judge